IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | No. 00-697C |
| v. | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY

Pursuant to RCFC 56, defendant, the United States, respectfully submits this response to plaintiff's proposed findings of uncontroverted fact.

GENERAL OBJECTIONS

Rule 56(h)(1) contemplates that a party's proposed findings of uncontroverted fact shall "set[] forth all of the material facts upon which the party bases its motion and as to which the party believes there is no genuine dispute." RCFC 56(h)(1). Plaintiff has submitted proposed findings that include argument pertaining to matters of law. To the extent that plaintiff's proposed findings advance legal arguments or are conclusions of law, we object to such proposed "findings" upon the ground that they are outside the scope of RCFC 56(h)(1) and (2). RCFC 56(h)(2) does not require the Government to respond to plaintiff's legal arguments in response to plaintiff's proposed findings of fact. To the extent that we provide a specific response to matters of law raised in plaintiff's proposed findings, we do so for the convenience of the Court, without waiving our general objection.

SPECIFIC RESPONSES

1. On June 16, 1983, WE entered into U.S. Department of Energy Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste No. CR01-83NE44425 (the "Standard Contract"). WE Complaint ¶ 9.

RESPONSE: Defendant agrees with this proposed finding to the extent that it is supported by the cited contract, which is the best evidence of its contents; defendant otherwise disagrees with this proposed finding.

2. In exchange for WE's payment of fees into the Nuclear Waste Fund, DOE promised to begin removal of WE's spent nuclear fuel ("SNF") no later than January 31, 1998. Standard Contract, Art. II. Generally, DOE was "under a statutory 'obligation... reciprocal to the utilities' obligation to pay, to start disposing of the SNF no later than January 31, 1998.'" Northern States Power Co. v. United States, 224 F.3d 1361, 1366 (Fed. Cir. 2000) (quoting Indiana Mich. Power Co. v. United States, 88 F.3d 1272, 1277 (D.C. Cir. 1996)).

RESPONSE: Defendant agrees with the first sentence of this proposed finding to the extent that it is supported by the cited contract, which is the best evidence of its contents; defendant otherwise disagrees with the first sentence of this proposed finding. Defendant objects to the second sentence of this proposed finding of fact because the allegations contained in the second sentence are conclusions of law and legal argument as to which, pursuant to RCFC 56(h)(1) and 56(h)(2), no response is required.

3. "[T]he [Nuclear Waste Policy Act] directs DOE to undertake the duty to begin taking the SNF by January 31, 1998, whether or not it has a repository or interim storage facility." Northern States Power Co. v. Dep't of Energy, 128 F.3d 754, 760 (D.C. Cir. 1997).

The duty to begin taking SNF by January 31, 1998 was "without qualification or condition." Indiana Mich., 88 F.3d at 1276.

RESPONSE: Defendant objects to this proposed finding of fact because the allegations contained in the proposed finding are conclusions of law and legal argument as to which, pursuant to RCFC 56(h)(1) and 56(h)(2), no response is required, and specifically avers that DOE's obligations to take SNF from any particular contract holder was conditioned on the contract holder's payment of fees.

4. On May 3, 1995, DOE formally admitted that it would be unable to begin to dispose of SNF until 2010. Final Interpretation, 60 Fed. Reg. 21,793,21,794 (May 3, 1995).

RESPONSE: Defendant objects to this proposed finding of fact because the allegations contained in the proposed finding are conclusions of law and legal argument as to which, pursuant to RCFC 56(h)(1) and 56(h)(2), no response is required. Without waiving this objection, defendant disagrees with the proposed finding because plaintiff has incorrectly paraphrased from the Federal Register notice cited. Defendant avers that the two sentences that plaintiff cites read in their entirety as follows:

> Although the [Nuclear Waste Policy Act] originally envisioned that a geologic repository would be in operation, and DOE would be prepared to begin acceptance of SNF by January 31, 1998, it since has become apparent that neither a repository nor an interim storage facility constructed under the Act will be available by 1998. DOE currently projects that the earliest possible date for acceptance of waste for disposal at a repository is 2010.

60 Fed. Reg. 21,793, 21,794 (May 3, 1995). Defendant further avers, however, that, under the current statutory requirements of the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270, the Department of Energy cannot begin SNF acceptance until a Federal facility is operational.

However, the possibility exists that, for example, the Department of Energy could receive congressional direction or that other events, including congressional action, could occur which would allow the Department to begin spent nuclear fuel and/or high-level radioactive waste acceptance earlier than 2010. Absent congressional action that would allow the Department of Energy to make alternative arrangements regarding SNF disposal and/or storage, DOE does not anticipate that it can begin SNF acceptance until 2010.

5. DOE subsequently admitted that it "did not begin accepting SNF and/or HLW under the Standard Contract by January 31, 1998." Defendant's Proposed Findings of Uncontroverted Fact Regarding the Rate of Spent Nuclear Fuel Acceptance ("Defendant's Rate Motion PFUF"), ¶ 132.

RESPONSE: Agreed.

6. DOE's failure by January 31, 1998 to begin accepting, transporting, and disposing of WE's SNF constitutes a breach of contract. Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1343 (Fed. Cir. 2000). "The breach involved all the utilities that had signed the contract - the entire nuclear electric industry." Id. at 1342.

RESPONSE: Defendant objects to this proposed finding of fact because the allegations contained in the proposed finding are conclusions of law and legal argument as to which, pursuant to RCFC 56(h)(1) and 56(h)(2), no response is required.

7. On November 16, 2,000, WE filed a Complaint alleging that the Government breached the Standard Contract, and further alleged that:

> As a direct consequence of DOE's breach of contractual obligations, WE has been and will be forced to incur substantial additional costs. For example, WE has had to construct and maintain a dry storage SNF facility known as the Independent

> Spent Fuel Storage Installation ("ISFSI"). Construction of the ISFSI required substantial evaluation by WE, including preparation of an environmental analysis; efforts to seek approval of the Public Service Commission of Wisconsin; and efforts to seek the approval of the Nuclear Regulatory Commission for WE's use of storage casks at the ISFSI. WE has also had to spend substantial monies in developing and purchasing these casks. As of August, 2000, such costs exceeded $35 million dollars.

WE Complaint ¶ 17.

RESPONSE: Defendant agrees with this proposed finding to the extent that it is supported by the cited pleading, which is the best evidence of its contents; defendant otherwise disagrees with this proposed finding. Defendant specifically avers that it does not agree to the quoted allegations either because it lacks knowledge or information to form a belief as to the truth of the underlying facts or because the allegations constitute conclusions of law and legal argument as to which, pursuant to RCFC 56(h)(1) and 56(h)(2), no response is required.

8. WE also alleged that, as a direct and proximate result of DOE's partial material breach of the Standard Contract, WE

> has incurred and will incur damages in a substantial amount which, as noted, exceeded $35 million dollars by August, 2000. WE's damages continue to accrue. The rate at which WE's damages will continue to accrue is dependent upon when and on what schedule DOE finally performs its contractual obligation. WE reserves its rights to recover presently unascertainable damages that may be caused by DOE's future partial breaches of the Standard Contract.

Id., ¶ 21.

RESPONSE: Defendant agrees with this proposed finding to the extent that it is supported by the cited pleading, which is the best evidence of its contents; defendant otherwise disagrees with this proposed finding. Defendant specifically avers that it does not agree to the quoted allegations either because it lacks knowledge or information to form a belief as to the

truth of the underlying facts or because the allegations constitute conclusions of law and legal argument as to which, pursuant to RCFC 56(h)(1) and 56(h)(2), no response is required.

9. In response to this Court's Order requesting briefs as to whether an Order shall be issued establishing breach of contract liability in this matter, the Government "acknowledge[d] that DOE's inability to begin the services to be provided by the Standard Contract by January 31, 1988 constituted a partial breach of the Standard Contract." Defendant's Response to the Court's July 24, 2001 Order (Aug. 15,2001), at 3.

RESPONSE: Agreed.

10. As of April 26, 2004, WE had paid $194.8 million into the NWF under the Standard Contract payment provisions. See Attachment 1, Declaration of Paul R. Farron (Apr. 26, 2004) ¶ 3. The DOE has yet to remove any of WE's SNF under the Standard Contract. Id., ¶ 4.

RESPONSE: Defendant disagrees with the specific payment amount stated in the first sentence of this proposed finding because it differs from the DOE's records of the amount received as of the date stated. However, the difference is not material to the proposition stated. Therefore, defendant agrees with the first sentence of this proposed finding to the extent that it is supported by the parties' records of payment, which are the best evidence of the payments made by plaintiff under the contract. Defendant agrees with the second sentence of the proposed finding.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Kevin B. Crawford
KEVIN B. CRAWFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Phone: (202) 305-9640
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

June 4, 2004

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 4th day of June, 2004, a copy of this "DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kevin B. Crawford