# In the United States Court of Federal Claims

No. 00-697 C
(Filed October 8, 2004)

******************************
WISCONSIN ELECTRIC *
POWER COMPANY, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
******************************

## ORDER

Following the lifting of all stays of proceedings pending conclusion of the discovery relating to pending motions, and the completion of briefing on all pending matters, this Order addresses all unresolved dispositive motions.

### A. Plaintiff's Motion for Partial Summary Judgment on Liability and Defendant's Motion for Partial Summary Judgment Regarding the Rate of Spent Nuclear Fuel Acceptance

Plaintiff's complaint pleads that the Department of Energy ("DOE") has failed to dispose of Spent Nuclear Fuel ("SNF") held by Wisconsin Electric Power Company ("WE") as required by the Nuclear Waste Policy Act of 1982, as amended, 42 U.S.C. §§ 10101, *et seq.* and its June 16, 1983 contract, number DE-CR01-83NE44425, with DOE "for disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste."

Plaintiff now seeks a ruling establishing defendant's liability for partial breach of its contract with DOE. Following the rulings in *Northern States Power Co. v.*

*United States*, 224 F.3d 1361 (Fed. Cir. 2000) and *Maine Yankee Atomic Power Co. v. United States*, 225 F.3d 1336 (Fed. Cir. 2000), the issue of defendant's liability for partial breach of its contracts with nuclear utilities requiring DOE to dispose of SNF and/or High-Level Radioactive Waste ("HLW") is not in doubt. There is no dispute that the United States, operating through DOE, failed to meet the contractual requirement to begin disposal of the nuclear waste covered by the contracts by no later than January 31, 1998.

Defendant, in effect, concedes it is liable for breach of contract to the extent of the nuclear waste for which WE received DOE approval of a delivery commitment schedule ("DCS"). However, defendant objects to a liability determination grounded on DOE's failure to dispose of any remaining SNF and/or HLW held by WE. Defendant seeks partial summary judgment regarding the rate of SNF acceptance to establish this limitation as to recoverable damages. Plaintiff objects to this asserted limitation on the damages it seeks.

Consistent with the rulings in *Commonwealth Edison Co. v. United States*, 56 Fed. Cl. 652 (2003) and *Indiana Michigan Power Co. v. United States*, 57 Fed. Cl. 88 (2003), it is concluded that the extent of defendant's liability for breach of Contract DE-CR01-83NE44425, by reason of DOE's failure to begin disposal of SNF and/or HLW as provided therein, can not be resolved or limited by means of the motions at issue. Rather, liability for damages can only be resolved after trial proceedings and in the context of the specific amounts to be claimed by WE. That is, assuming that the cost of constructing and operating an Independent Spent Fuel Shortage Installation ("ISFSI") is one item claimed as damages for DOE's failure timely to commence disposal activity, among the issues, beyond the cost itself, which will need to be resolved are: the capacity of WE's Spent Fuel Pool; the rate of discharge into the pool; the quantity of SNF that would have been required to be removed from the pool to obviate any need for ISFSI construction; the time period(s) within which it would be necessary for DOE to dispose of some quantity of WE's nuclear waste to obviate any need for an ISFSI; the relationship or lack of relationship of ISFSI construction to DOE's failure to commence disposal activity; the amount, or range of amounts, of SNF and/or HLW for DOE disposal the parties to Contract DE-CR01-83NE44425 reasonably contemplated or relied upon for relevant planning during any specific time period(s).

At this stage in the proceedings it is not at all clear that a determination of any specific overall annual rate of acceptance for SNF and/or HLW from all utilities will be required in order to resolve the question of defendant's liability for specific damage items claimed by plaintiff. Obtaining disclosure of these specific damage items and calculations is an initial step in the resolution process. In this regard the same approach, as previously adopted in the Order, filed June 26, 2003, in *Yankee Atomic Electric Co. v. United States*, No. 98-126 C and the Order, filed April 7, 2004, in *Southern Nuclear Operating Company v. United States*, No. 98-614 C, is adopted here. That is, the ruling on the rate of acceptance issue in *Commonwealth Edison Co., supra*, is adopted, with the exception that the possibility is reserved of employing the "call" authority (28 U.S.C. § 2507(a)) to obtain a comprehensive multi-year SNF acceptance schedule on terms set by the court, in the unlikely event this would be required in order to resolve damage issues.

Accordingly, plaintiff's motion for partial summary judgment on liability shall be granted, but the issue of liability for any specific item(s) of damages claimed remains open for resolution on the basis of further evidentiary proceedings.

### B. <u>Defendant's Motion for Partial Summary Judgment Regarding Plaintiff's Greater Than Class C Radioactive Waste Arguments</u>

Defendant seeks a ruling that Greater than Class C Waste ("GTCC") is not covered by Contract DE-CR01-83NE44425, in that it is not SNF or HLW. Defendant argues that DOE has no contractual obligation to dispose of WE's GTCC. Defendant does concede that it has a statutory obligation to assume responsibility for the disposal of GTCC pursuant to the Low-Level Radioactive Waste Policy Amendments Act of 1985 ("LLRWPA"), 42 U.S.C. §§ 2021b-2021i. However, this Act provides no time limits with respect to DOE's obligation to dispose of GTCC.

Low-level radioactive waste is classified as GTCC if it exceeds the Class C concentration limits for certain radioactive nuclides. This waste comes primarily from metal components in the reactor that absorb neutrons during the reactor's operation and become irradiated.

Plaintiff argues that GTCC is covered by Contract DE-CR01-83NE44425 in that it falls within the contractual definition of "high-level radioactive waste" which includes

any highly radioactive material that the Nuclear Regulatory Commission determines by rule requires permanent isolation.

Plaintiff's Complaint makes no reference to GTCC waste. The Complaint addresses only DOE's failure to dispose of WE's SNF. It is not clear that plaintiff is asserting any claim based on GTCC waste. If no GTCC waste is involved in plaintiff's claim, consistent with the April 7, 2004 Order entered in *Southern Nuclear Operating Co.*, No. 98-614 C, the matter is not ripe for a judicial decision. If plaintiff amends its Complaint to include GTCC, then consistent with the June 26, 2003 Order issued in *Yankee Atomic*, No. 98-126 C, material facts concerning DOE's GTCC policy and NRC's actions are in dispute so that further evidentiary proceedings are required. Defendant's motion shall be denied.

### C. Defendant's Motion to Dismiss Count Three of Plaintiff's Complaint

In count three of plaintiff's Complaint, DOE's failure to dispose of WE's SNF is alleged to effect "a taking by DOE of WE's property interests for a public purpose, which requires DOE to pay WE just compensation for that property under the Takings Clause of the Fifth Amendment to the U.S. Constitution."

Defendant's motion seeks a determination that plaintiff's "taking" count cannot survive a ruling that defendant is liable for breach of contract. While plaintiff argues that its taking count is based on restrictions on its Point Beach real estate, it is clear that these asserted restrictions stem from the failure of DOE to dispose of SNF and/or HLW as required by contract. Accordingly the Circuit Court's decision in *Castle v. United States*, 301 F.3d 1328 (Fed. Cir. 2002) precludes the existence of a viable taking claim when the rights involved are enforceable through a contract remedy.

Should, however, plaintiff's claim involve nuclear waste, such as GTCC, which defendant asserts is not covered by Contract DE-CR01-83NE44425, but which is the responsibility of DOE for disposal, then the continued presence of GTCC on WE's real estate, with resulting restriction as to use of the property, could raise a takings issue. *See Cienega Gardens v. United States*, 331 F.3d 1319 (Fed. Cir. 2003).

Thus, defendant's motion shall be partially granted in that plaintiff's count three shall be dismissed to the extent the taking alleged is premised on the failure of DOE

to remove SNF and/or HLW covered by Contract DE-CR01-83NE44425, and shall, otherwise, be denied.

Accordingly, it is **ORDERED**:

(1) Plaintiff's motion for Partial Summary Judgment on Liability, filed April 28, 2004, shall be **GRANTED** to the extent that DOE's failure timely to begin disposal activity with respect to WE's SNF and/or HLW covered by Contract DE-CR01-83NE44425 shall constitute a partial breach of this contract;

(2) Defendant's Motion for Partial Summary Judgment Regarding the Rate of Spent Nuclear Fuel Acceptance, filed December 3, 2001, shall be **DENIED**;

(3) Defendant's Motion for Partial Summary Judgment Regarding Plaintiff's Greater Than Class C Radioactive Waste Arguments, filed November 28, 2001, shall be **DENIED**;

(4) Defendant's Motion to Dismiss Count Three of Plaintiff's Complaint is **GRANTED** to the extent that plaintiff's count three shall be **DISMISSED** to the extent the taking alleged is premised on the failure of DOE to dispose of SNF and/or HLW covered by Contract DE-CR01-83NE44425, and, otherwise shall be **DENIED**;

(5) The Motions to Strike, filed by defendant on June 18, 2003 and by plaintiff on February 18, 2004, shall be **GRANTED**.[1/]

s/ James F. Merow
James F. Merow
Senior Judge

[1/] The Motion for Leave to File Surreply, filed July 23, 2003, shall be **DENIED as MOOT,** whereas the motion, filed February 18, 2004, for leave to file plaintiff's opposition shall be **GRANTED**.