IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY, Plaintiff, | ) | |
| v. | ) | No. 00-697C (Senior Judge Merow) |
| UNITED STATES, Defendant. | ) | |

DEFENDANT'S PROPOSED PRE-TRIAL SCHEDULE

Pursuant to the Court's October 8, 2004 order, defendant respectfully files its proposed pre-trial schedule and requests that it be adopted by the Court. The parties have conferred about the pre-trial schedule, but were unable to agree upon the dates for the activities to be undertaken because of disagreements regarding how to incorporate the requirements for an audit set forth in the Court's November 8, 2002 order, and regarding the commencement date of pre-trial activities. Defendant opposes the dates for the pre-trial submissions and trial proposed by plaintiff, Wisconsin Electric Power Company ("WEPCO"), and proposes the following pre-trial schedule:

| | |
|---|---|
| July 12, 2005 | Exchange of initial disclosures, including plaintiff's expert disclosures and reports and para. (a) and (b) materials, and commencement of fact and expert discovery. |
| January 20, 2006 | Government's response to plaintiff's damages disclosures, including expert disclosures and reports and para. (c) materials. |
| March 17, 2006 | Completion of discovery. |

| | |
|---|---|
| April 14, 2006 | Exchange of Appendix A, ¶¶ 13(a) and (b) information. |
| May 12, 2006 | Plaintiff's Appendix A, ¶ 14(a) submission. |
| June 16, 2006 | Government's Appendix A, ¶ 14(b) submission. |
| July 14, 2006 | Pretrial conference. |
| August 1, 2006 | Trial. |

Based upon discussions with counsel for WEPCO, the difference between the parties' positions regarding the schedule the Court should adopt centers around the timing of expert discovery in conjunction with the audit activities required by the Court's November 8, 2002 order. WEPCO believes that the Court's order allows for audit activities and other fact discovery to be conducted and essentially completed prior to WEPCO's submission of expert reports and the parties conducting expert discovery. Because the disputed issues in this case involve the determination of causation as well as quantum of damages, the Government believes that any requirement to engage in and complete audit activities before WEPCO has provided a detailed and definitive statement of its damages claims, through the submission of expert reports describing any opinions upon which plaintiff's damages claims are based, would be highly inefficient and wasteful. The discovery conducted in other spent fuel cases, including Yankee Atomic Electric Company v. United States, No. 98-129C, has revealed that the plaintiff's

presentation of the "schedules and summaries" of its damages is informed to a large degree by assumptions based upon the opinions of its expert witnesses. Submission of expert reports outlining those opinions at the same time as damage claim materials will allow the Government auditors and experts better to formulate the conclusions necessary to their evaluation of the damage claim, and better to assist Government counsel in preparing for and conducting both the fact and expert discovery necessary for preparation of the Government's initial disclosures and the responsive statement required under paragraph (c) of the order.

Therefore, defendant proposes that both fact and expert discovery commence when plaintiff provides the Government with its disclosure of expert testimony pursuant to RCFC 26(a)(2), its RCFC 26(a)(1) initial disclosures, and the factual materials required under paragraphs (a) and (b) of the Court's November 8, 2002 order. The Government would then provide plaintiff with its disclosure of expert testimony pursuant to RCFC 26(a)(2) when it provides the plaintiff with its RCFC 26(a)(1) initial disclosures and the responsive statement required under paragraph (c) of the Court's November 8, 2002 order. Fact and expert discovery would then continue for a period to allow the plaintiff to conduct its discovery of the Government's experts, and the Government to address any remaining discovery it may need to conduct. The parties are in agreement as to the sequence of pretrial

activities following the close of fact and expert discovery.

The other area of disagreement relates to the commencement date of pre-trial activities, and the eventual trial date. In addition to his present work in assisting with the post-trial filings in the Yankee cases, counsel for the Government is presently involved with discovery in TVA V. United States, Fed. Cl. No. 01-249C. That case is set for trial beginning on June 20, 2005. The pre-trial schedule proposed by the Government would become active a little less than a month later, on July 12, 2005. This schedule will allow counsel for the Government to fulfill his obligations in preparing for trial in the TVA case and to provide assistance on the various other spent fuel cases set for trial beginning in March, 2005, and then to devote a larger degree of attention to the commencement of discovery in this case. In addition, trials in other spent nuclear fuel cases are already scheduled for March 21, 2005, June 20, 2005, August 29, 2005, and January 23, 2006, with another tentatively scheduled for March 2006. The pre-trial schedule originally proposed by WEPCO provided for trial to commence on March 14, 2006. Although the schedule proposed by the Government provides for pre-trial activities to commence six months later, the changes to the fact and expert discovery proposed by the Government results in the trial commencement date only being pushed back a total of four-and-one-half months to August 1,

2006, and will not interfere with other spent nuclear fuel trials that are already scheduled.

Accordingly, the Government requests that its proposed pre-trial schedule be adopted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Kevin B. Crawford
KEVIN B. CRAWFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Phone: (202) 305-9640
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

November 12, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 12th day of November, 2004, a copy of foregoing "DEFENDANT'S PROPOSED PRE-TRIAL SCHEDULE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kevin B. Crawford