IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WISCONSIN ELECTRIC POWER COMPANY,

Plaintiff,

v.

UNITED STATES,

Defendant.

No. 00-697C

Senior Judge Merow

**PLAINTIFF'S PROPOSED PRETRIAL SCHEDULE**

On October 8, 2004, this Court ordered Plaintiff Wisconsin Electric Power Company ("WE") and the Government to confer regarding a schedule for pretrial submissions and to submit, on or before November 12, 2004, their proposed pretrial schedule(s) and trial date.[1] As detailed in the Court's November 8, 2002 Order, the Court's goal was the creation of a schedule that includes the submission, audit examination, and exchanges of items and figures from books and records, as detailed in the Court's Order dated November 8, 2002, to allow the verification of the items and figures and to obviate the need to introduce supporting material and resulting testimony at trial.

WE developed and provided to the Government a schedule with initial disclosures and fact discovery commencing in January 2005 and a trial date of March 2006. The Government did not agree to WE's proposed schedule. Accordingly, WE respectfully submits this status report setting forth WE's proposed pretrial schedule and trial date.

[1] Such proposed schedules supercede those proposed in the Joint Status Report filed by the parties on January 10, 2003, which were rendered obsolete by the Stay entered on April 16, 2003.

By entering partial summary judgment for WE on liability and denying the Government's motion for partial summary judgment on the acceptance rate, the Court has narrowed the issues for trial in this case to the quantum of damages suffered by WE as a result of the Government's partial breach of contract. Consistent with the Court's November 8, 2002 Order, both fact discovery and the separate audit process should now commence simultaneously.

WE has carefully crafted a schedule to minimize potential conflicts with WE's plant operations and other matters. As the Court directed in another spent nuclear fuel case, WE should initiate the audit process "by providing defendant's counsel at the beginning of fact discovery, with a schedule(s) of the items and figures from plaintiff's records which are to be utilized to support its claimed damages" that may be supplemented consistent with fully accomplishing the verification process during the pretrial period. Southern Nuclear Operating Company, et al, No. 98-614C (Fed. Cl. June 21, 2004).

WE participated in joint coordinated discovery with the other, early-filed, utility company plaintiffs on the so-called "acceptance rate" issues. During those proceedings, the Government and the plaintiff utilities, including WE, responded to each others' interrogatories and exchanged documents. Along with other plaintiff utilities, WE took several depositions of Government witnesses, although some discovery on schedule issues may still be required in this case to determine the Government's specific positions relative to the acceptance rate as it pertains to WE's damages and to update previously provided discovery. WE's participation in this process has resulted in significant exchanges of information on the "acceptance rate" issues, but WE must now be afforded the opportunity to prove its specific and unique damages.[2]

---

[2] The Government chose not to take depositions of the plaintiff utilities relative to the acceptance rate issue during those proceedings, but did conduct substantial document discovery.

WE provided its proposed pretrial schedule to the Government on October 22, 2004 and subsequently contacted Government counsel to try to develop a mutually acceptable schedule. The Government indicated that it does not agree to WE's proposed pretrial schedule and has suggested a schedule that postpones both pretrial and trial proceedings approximately six months beyond the dates proposed by WE.

WE's case should not, as the Government suggested to WE, be delayed further. Substantial time has passed since WE filed its complaint in this case nearly four years ago on November 16, 2000. Since that time, two persons with knowledge of facts relating to WE's case have died. Other knowledgeable persons are elderly. WE's case should move forward without delay to develop the evidentiary record and to avoid the additional expense that may arise from further delay in this matter.

The Government also proposed that WE should be required to disclose its expert witness report prior to the Government's response to WE's disclosure of its damages schedules and that fact and expert witness discovery should run simultaneously. The Government's proposition is inconsistent with the process described in the Court's November 8, 2002 Order. It also would not serve to identify the issues in dispute, and therefore narrow the scope of discovery, before expert witness discovery commences. For these reasons, WE and the Government could not reach agreement on a proposed schedule.

Accordingly, WE respectfully proposes the following sequence and schedule for pretrial and trial proceedings in this case.

1. WE's responses to the Government's interrogatories and requests for production of documents filed in the coordinated discovery proceedings satisfy its obligations under RCFC 26 with regard to acceptance rate issues.

2. <u>January 14, 2005</u>

   Fact Discovery shall commence. WE also shall disclose its damages schedules pursuant the Court's November 8, 2002 Order.

3. April 15, 2005

Government's response to WE's damages disclosures, containing the information required by paragraph (c) of the November 8, 2002 Order.

4. June 15, 2005

Fact Discovery is completed.

5. July 15, 2005

WE Expert Reports are due.

6. August 15, 2005

Government Expert Reports are due.

7. October 14, 2005

Completion of Expert Discovery.

8. November 15, 2005

Exchange of Appendix A, ¶¶ 13(a) and (b) information.

9. December 30, 2005

WE's Appendix A, ¶ 14(a) submission.

10 January 30, 2006

Government's Appendix A, ¶ 14(b) submission.

11. February 28, 2006

Pretrial Conference.

12. March 14, 2006

Trial. Estimated trial period required – two to three weeks.

For the foregoing reasons, WE respectfully requests that the Court enter WE's proposed pretrial and trial schedule.

Dated: November 12, 2004

Respectfully submitted,

s/Richard W. Oehler by s/Donald J. Carney

Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, Washington 98101-3099
(206) 583-8419

Attorneys for Plaintiff
WISCONSIN ELECTRIC POWER COMPANY

Of Counsel:

Martin P. Willard
Donald J. Carney
Perkins Coie LLP
607 Fourteenth Street, N.W.
Washington, D.C. 20005
(202) 434-1635

**Certificate of Filing**

I hereby certify that on this 12th day of November, 2004, a copy of the foregoing "Plaintiff's Proposed Pretrial Schedule" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Donald J. Carney
Donald J. Carney