# In the United States Court of Federal Claims

No. 00-697 C
(Filed November 24, 2004)

******************************
WISCONSIN ELECTRIC *
POWER COMPANY, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
******************************

**ORDER**

The proposed pretrial schedules submitted by the parties have been considered and the differences noted. One difference involves expert discovery in relation to any opinions which may form the basis for, or computation of, specific damage amounts claimed by plaintiff.

Based on past experience it is assumed that the development and presentation of damage evidence requires the services of experts. These can be employees or officers of the plaintiff or outside experts such as accountants, economists or experts in various other fields. For example, were estimated insurance costs to be claimed, the underlying support might involve expert opinion obtained from an insurance broker. The damage schedules to be provided are to include references to source material required for verification activity. If the source includes expert opinion, this opinion must be disclosed. This is not intended to require complete "expert reports" from persons, not intended to be called as witnesses, as a part of fact discovery. Of course, such reports may be submitted. However, to follow the insurance cost example, in any event, a broker's opinion, on which an insurance cost claim is based, would be disclosed as comprising a part of the source supporting the scheduled cost item. Defendant may determine to interview or depose the broker as a part of its

verification activity. The same approach would apply to "in-house" experts whose opinions provide source support for damage items.

Obviating unnecessary time and expense devoted to pretrial activity benefits all concerned, and the cooperation of the parties in damage schedule presentation and verification activity during pretrial will produce substantial benefits in this respect. During verification activity, questions will undoubtedly arise which can best be resolved by informal communications between the parties. This approach is encouraged. However, any impasse which requires court participation for resolution should be promptly presented, by telephone conference call, requested status conference, or otherwise, so that pretrial proceedings can efficiently proceed to a conclusion.

Accordingly, consistent with the above discussion and the parties' helpful reports, it is **ORDERED** that the following schedule shall govern pretrial proceedings in this litigation:

(1) <u>February 14, 2005</u>

(a) Completion of initial disclosures.
(b) Commencement of fact discovery.
(c) Disclosure of plaintiff's damage schedules, including source support items.
(d) Commencement of defendant's verification activity upon receipt of plaintiff's damage schedules.

(2) <u>August 15, 2005</u>

(a) Defendant's submissions responding to plaintiff's damage schedules.

(3) <u>October 17, 2005</u>

(a) Completion of fact discovery.

(4) <u>November 14, 2005</u>

(a) Plaintiff's expert reports, including the information specified in RCFC 26, with the reports prepared in a format which will enable their use as direct testimony should it be determined to so proceed with any or all expert witnesses.

(5) December 15, 2005

(a) Defendant's expert reports, including the information specified in RCFC 26, with the reports prepared in a format which will enable their use as direct testimony should it be determined to so proceed with any or all expert witnesses.

(6) February 15, 2006

(a) Completion of expert discovery.

(7) March 15, 2006

Exchange of Appendix A, ¶¶ 13(a) and (b) information.

(8) April 14, 2006

(a) Plaintiff's Appendix A, ¶ 14(a) submission.

(9) May 12, 2006

(a) Defendant's Appendix A, ¶ 14(b) submission.

(10) June 16, 2006

(a) Pretrial conference – time to be set by further order.

(11) July 14, 2006

(a) Trial to commence – time and duration to be set by further order.

s/ James F. Merow

James F. Merow
Senior Judge