IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WISCONSIN ELECTRIC POWER COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 00-697C

(Senior Judge Merow)

Filed electronically: Feb. 22, 2005

**WISCONSIN ELECTRIC POWER COMPANY'S MOTION FOR AN ORDER REGARDING SUBSEQUENT DAMAGES ACTIONS AND REQUEST FOR EXPEDITED CONSIDERATION**

Wisconsin Electric Power Company ("WE") respectfully moves this Court for an Order reserving WE's right to bring subsequent actions for certain future damages caused by the Department of Energy's ("DOE") failure to commence disposal of Spent Nuclear Fuel ("SNF") before 2010. In particular, WE seeks an Order that will permit it to recoup in this action all damages incurred through December 31, 2015 attributable to DOE's partial breach of contract arising from its admitted failure to commence SNF acceptance prior to 2010. Further, WE seeks an Order that will allow WE, pursuant to Section 26 of the Restatement of Judgments, to reserve for a later-filed action its right to recover: (a) future damages that WE incurs subsequent to December 31, 2015 as a result of the partial breach of contract caused by DOE's failure to commence SNF acceptance prior to 2010; and (b) future damages that WE will incur as a result of any additional partial breaches of contract resulting from DOE's failure to commence SNF acceptance by 2010 or thereafter. WE also requests that the Court expedite its consideration of this Motion, holding a telephonic hearing if necessary, so that the parties may avoid unnecessary discovery if WE's request regarding reservation of certain future damages is granted.

## I. BACKGROUND

WE seeks to recover damages resulting from DOE's breach of its unconditional obligation pursuant to the Standard Contract and the Nuclear Waste Policy Act ("NWPA"), 42 U.S.C. §§ 10101, et seq., to commence SNF acceptance by January 31, 1998. This Court previously concluded that the Government will not begin performance as required under the Standard Contracts until at least 2010. See Yankee Atomic Elec. Co. v. United States, No. 98-126C, 2004 WL 1535688, at *1, n.2 (Fed. Cl. June 28, 2004) ("Here breach is established and defendant admits it will not commence performance until 2010."). Such nonperformance through December 31, 2009 constitutes a partial breach of each of the Standard Contracts, including WE's contract. See Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1342 (Fed. Cir. 2000) ("The breach involved all the utilities that had signed the contract--the entire nuclear electric industry.") In this action, WE is currently seeking to recover both its past and future damages flowing from DOE's failure to comply with its contractual obligations prior to 2010.

WE executed the Standard Contract in 1983. Beginning in the late 1980s, it became apparent that DOE likely would not be able to begin SNF disposal by the January 31, 1998 deadline mandated by the NWPA and the Standard Contract. Accordingly, WE commenced efforts to mitigate the damages that it would suffer as a result of DOE's anticipated breach of contract. Since 1988, WE has incurred damages arising from DOE's partial breach of the Standard Contract, and will be forced to continue to incur subsequent damages resulting from DOE's partial breach of contract well into the future.

In accordance with this Court's Orders of November 8, 2002, October 8, 2004, and November 24, 2004, on February 14, 2005, WE served Plaintiff's Supplemental Disclosures and Damages Schedules ("Disclosures") on the Government pursuant to Rule 26(a)(1)(C) of the Court of Federal Claims Rules ("RCFC"). WE's Disclosures include WE's costs through September 30, 2004. As explained in the Disclosures, WE's damages from DOE's partial

breach of contract consist of the costs of developing alternative on-site storage space (including the design, construction, operation and maintenance of an Independent Spent Fuel Storage Installation ("ISFSI")), cask purchases, WE's pursuit of alternative storage facilities (such as the Private Fuel Storage Initiative), and other costs flowing from DOE's past and anticipated failure to dispose of SNF beginning on January 31, 1998, and continuing through at least (by the Government's own admission) December 31, 2009. WE's Disclosures are supported by existing business records such as accounting reports, invoices, purchase orders and checks.

WE's February 14, 2005 Disclosures presently do not include costs that will arise from any partial breach of contract that would result in the event that DOE continues to fail to comply with its contractual obligations after December 31, 2009. Nor do WE's Disclosures presently include any damages caused by DOE's partial breach of contract through December 31, 2009 that WE will incur subsequent to December 31, 2015.

## II. ARGUMENT

### A. WE Is Entitled to Prove and Recover All Damages Resulting from Defendant's Partial Breach of Contract

As this Court has held, WE is entitled to recover all proven damages resulting from the Government's partial breach of contract, including past and future damages caused by the partial breach. See Yankee, 2004 WL 1535688, at * 2 (Fed. Cl. June 28, 2004) ("given defendant's admission that performance will not commence until 2010, there is no risk of windfall [normally associated with future damages]; there is no possibility that Government performance will ameliorate or eliminate expenditures caused by defendant's failure to take actions necessary to commence performance in 1998 and perform through 2010."); Southern Nuclear Operating Co. et al v. United States, No. 98-614C, (Fed. Cl. Dec. 20, 2004) (order stating that "evidence as to claimed damage items occurring prior to January 31, 1998 will not be excluded . . . [and] given DOE's repeated past representations . . . the current litigation

involves damages asserted to be incurred as a result of the breach of contract represented by DOE's performance delay until 2010.").

In other SNF cases, including Yankee and Southern, the Government sought to limit damages recoverable to those damages incurred between the initial date of the partial breach (January 31, 1998) and the date of trial. For the reasons articulated in this Court's June 28, 2004 in Yankee and its December 20, 2004 decision in Southern, respectively, the Government's arguments are totally misplaced. Yankee at *2-3; Southern at *2. Under well-established law, followed by both the Federal Circuit and this Court, WE is entitled – like the other utilities – to fully recover those damages that restore WE to the position it would have occupied but for DOE's partial breach of contract, regardless of when those damages were incurred. "The most basic principle of contract remedies is that damages should put the plaintiffs 'in as good a position pecuniarily as [they] would have been in if the contract had been completely performed.'" Home Sav. of America, F.S.B. v. United States, 57 Fed. Cl. 694, 723 n.47 (Ct. Cl. 2003) (citing J.D. Hedin Constr. Co. v. United States, 197 Ct. Cl. 782, 803 (1972), cert. denied, 375 U.S. 954 (1963)). Accord Yankee at *3 and *7 ("Contract damages are 'to place the injured party in as good a position as he or she would have been had the breaching party fully performed.'") (citing Hughes Communications Galaxy, Inc. v. United States, 271 F.3d 1060, 1066 (Fed. Cir. 2002)).

Therefore, based on the orders of this Court recognizing the Government's "repeated past representations" that the Government's partial breach of contract extends until at least December 31, 2009, WE may now recover all damages that are proven to flow from the Government's failure to perform through at least that date. Southern at *2; Yankee at *2. Consistent with DOE's representation[1] and with this Court's prior decisions in Yankee and

[1] The DOE has stated in a published report its commitment to commence SNF acceptance from nuclear plants in 2010 and to do so at a rate ramping-up to 3000 MTU per year. See DOE Annual Priority Ranking & Annual Capacity Report at 2 (July 2004).

Southern, WE intends to prove in this action all of its past and future damages flowing from the Government's partial breach of contract through December 31, 2009, except to the extent that this Court now reserves WE's ability to claim future damages suffered after December 31, 2015, as requested in Section B, below.

**B. WE is Entitled to an Order Reserving its Right to Recover Certain Future Damages Flowing from the Government's Partial Breach of Contract in a Subsequent Action**

As the Court is aware, DOE's partial breach of contract through at least 2010 has repercussions that reach well into the future. In the instant action, WE is entitled to recover all damages that flow from the partial breach of contract. See Yankee at *2; Southern at *2. However, WE believes that discovery and trial in this case will be more efficient if the Court defers its decision as to a portion of WE's future damages. Specifically, WE seeks deferral as to the amount of future damages incurred by WE subsequent to December 31, 2015 because of DOE's breach of contract for failure to commence SNF acceptance prior to 2010. Further, WE seeks to preserve its entitlement to future damages incurred as a result of any additional partial or total breaches of contract resulting from a Government failure to commence SNF acceptance in 2010 or thereafter.

Ample authority supports this Court's ability to enter an Order preserving WE's right to pursue a second action to recover damages relating to a partial breach of contract that was at issue in a prior litigation. For example, the Restatement (Second) of Judgments provides:

> § 26. Exceptions to the General Rule Concerning Splitting
>
> (1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:
>
> *   *   *
>
> (b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action.

Restatement (Second) Judgments § 26. See also Tennessee Valley Authority v. United States, 60 Fed. Cl. 665, 679 (Fed. Cl. 2004) (ordering that "TVA shall retain the right to bring subsequent actions for damages it sustains after the period encompassed by [the] trial."). Thus, notwithstanding the general rule against claim splitting, this Court is clearly authorized to reserve certain of WE's future damages claims. Id. at 677-79. Thus, WE requests that this Court reserve the portion of WE's future damages claims that constitute damages flowing from the Government's partial breach of contract through 2010, but that WE will incur subsequent to December 31, 2015. The 2015 end-date captures the majority of WE's damages arising from the Government's 2010 breach while deferring other, subsequent damages.

For partial breaches through December 31, 2009, WE primarily seeks to establish damages relating to its establishment and maintenance of alternative SNF storage capacity, and its pursuit of alternate storage sites. By December 31, 2015, WE anticipates completing its purchases of storage casks and the loading of casks into the ISFSI. Further incurrence of damages after 2015 will principally relate to the transfer of SNF to DOE, the operation and maintenance of the ISFSI, the loading of casks to the ISFSI for decommissioning purposes, the decommissioning of WE's ISFSI, and the delayed decommissioning of portions of the facility.

Although the post-2015 damages are capable of proof now, the requested Order would streamline discovery and the trial in the present action. Moreover, it would allow WE to pursue post-2015 damages in a subsequent case closer in time to the date when the damages are actually incurred. In particular, the extent of the decommissioning costs that WE will incur post-2015 are dependent upon when DOE commences performance under the Standard Contract. These damages will be more readily established once the Government

actually commences performance.[2] For these reasons, the Court should expressly reserve WE's right to maintain a second action as set forth above to recover certain future damages arising from the Government's partial breach of contract for failure to commence SNF acceptance.

**C. Expedited Review of this Motion Is Appropriate To Gain the Full Benefit of the Order Requested and To Limit Unnecessary Discovery**

Fact discovery has commenced and will continue until October 17, 2005. Expert discovery on damages is scheduled for completion in February 2006, with trial scheduled to begin on July 14, 2006. The manner in which the Court resolves this Motion will impact the scope of the required discovery in this action.[3] Thus, the parties will benefit from knowing the Court's position on the future damages issues presented here as soon as possible. Accordingly, WE respectfully requests that the Court expedite its consideration of this Motion.

## III. CONCLUSION

For the reasons set forth above, WE respectfully requests that this Court enter an Order declaring that WE shall retain the right to bring subsequent actions for: (a) future damages that WE incurs subsequent to December 31, 2015 as a result of the partial breach of contract caused by the Government's failure to commence SNF acceptance prior to 2010; and (b) future damages that WE will incur as a result of any additional partial breaches of

---

[2] WE further requests that this Court retain jurisdiction to hear claims for such future damages that flow from the Government's partial breach of contract through December 31, 2009, but that are incurred subsequent to December 31, 2015, and that the Court toll the statute of limitations on reserved claims related to the Government's partial breach of contract through December 31, 2009 until such time. Cf. Tenn. Valley Authority at 678, n.17 (reserving whether to retain jurisdiction to hear similar claims). WE also requests an Order that tolls the statute of limitations for any additional claims that WE should decide to pursue in the event that the Government fails to commence SNF acceptance in 2010 or thereafter.

[3] If the Court denies this Motion, WE intends to support its entitlement to all of its future damages flowing from the Government's partial breach of contract in the present proceeding.

contract arising from the Government's failure to commence SNF acceptance in 2010 or thereafter. WE also respectfully requests that the Court afford this Motion expedited consideration.

Dated: February 22, 2005

Respectfully submitted,

s/Richard W. Oehler by s/Donald J. Carney
Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, Washington 98101-3099
(206) 583-8419

Attorneys for Plaintiff
WISCONSIN ELECTRIC POWER COMPANY

Of Counsel:

Martin P. Willard
Donald J. Carney
Perkins Coie LLP
607 Fourteenth Street, N.W.
Washington, D.C. 20005
(202) 434-1635

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that, on February 22, 2005, I caused a copy of the foregoing "Wisconsin Electric Power Company's Motion for an Order Regarding Subsequent Damages Actions and Request for Expedited Consideration" to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Donald J. Carney
Donald J. Carney