# In the United States Court of Federal Claims

No. 00-697 C
(Filed August 30, 2005)

*******************************

| | |
|---|---|
| WISCONSIN ELECTRIC | * |
| POWER COMPANY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

*******************************

## ORDER

This matter comes before the court on the motion filed by plaintiff for an "Order Regarding Subsequent Damages" and defendant's cross-motion for "Summary Judgment Regarding Pre-Breach and Future Damages."

Plaintiff's motion seeks an order permitting it to recoup, in this action, all damages incurred through December 31, 2015, attributable to the Department of Energy's ("DOE") partial breach of contract arising from its failure to commence spent nuclear fuel ("SNF") acceptance prior to 2010.  Pursuant to Section 26 of the Restatement of Judgments, plaintiff also requests that the order reserve, for a later-filed action, its damages incurred subsequent to December 31, 2015, stemming from the initial DOE contract breach and any additional contract breach(es).[1]

---

[1] While it is asserted that the initial breach of contract occurred by January 31, 1998, *Maine Yankee Atomic Power Co. v. United States*, 225 F.3d 1336, 1342 (Fed. Cir. 2000), this does not foreclose the possibility that DOE partially breached the contract at a date prior thereto.  *See Tennessee Valley Authority v. United States*, 60 Fed. Cl. 665, 674-75 (2004).

Defendant's cross-motion seeks a ruling dismissing those damages, claimed by plaintiff, incurred prior to DOE's breach of contract and damages incurred subsequent to the filing of the complaint in this action on November 16, 2000.

Consistent with the prior rulings in *Yankee Atomic Elec. Co. v. United States*, No. 98-126 C, 2004 WL 1535688 (Fed. Cl. June 28, 2004) and *Southern Nuclear Operating Co., et al. v. United States*, No. 98-614 C. (Fed. Cl. Dec. 20, 2004), evidence as to damages incurred prior to January 31, 1998 or thereafter, attributable under applicable legal standards, to DOE's failure to commence timely performance of its SNF or high-level radioactive waste ("HLW") contract obligations, will not be precluded from the evidence admissible at the trial of the this action.   Because defendant, somewhat before 1998, stated its inability to accept SNF/HLW prior to 2010 (e.g., 60 Fed. Reg. 21,793,21794 (May 3, 1995)) this date has been used as the cut-off for damage accrual relating to DOE's delay in the *Yankee* and *Southern* cases now pending.   Were there to be claims for any DOE delay beyond 2010, these claims would be the subject of a further separate action.   At the time these cases were filed, the 2010 date was DOE's intended and contemplated date to end its delay and to begin performance, although this represented a 12-year hiatus from the 1998 date it contracted to meet.

The briefing submitted by the parties has been carefully examined, but it is concluded that no valid basis has been shown to justify a departure from the damage path set forth in the prior *Yankee* and *Southern* rulings.   In the instant case neither party has repudiated the contract at issue.   Given the statutory and regulatory obligations regarding possession and disposal of SNF and HLW, it is doubtful that the contract could be repudiated.   The task at hand is to determine plaintiff's damages that have resulted from DOE's delay of contract performance. *See Ross Engineering Co., Inc. v. United States,* 92 Ct. Cl. 253 (1941); *Luria Bros. & Co. v. United States*, 177 Ct. Cl. 676, 396 F.2d 701 (1966).   Tied to this task is plaintiff's obligation to take reasonable action to mitigate its damages when DOE's intention to delay performance became evident. *Tennessee Valley Authority v. United States*, 60 Fed. Cl. 665, 674 (2004); *Air Et Chaleur, S.A. v. Janeway*, 757 F.2d 489, 494 (2d. Cir. 1985); Restatement (Second) of Contracts § 350 cmts. b and g.

Accordingly, it is **ORDERED**:

(1) That this matter shall proceed to trial with evidence as to damages accrued prior to 1998 and subsequent thereto until 2010 to be admissible in evidence under applicable legal standards;

(2) Defendant's cross-motion, filed April 11, 2005 shall be **DENIED**;

(3) Plaintiff's motion, filed February 22, 2005, is **GRANTED** in that this action shall be limited to evidence of damages accrued through December 31, 2010, and any impact therefrom through December 31, 2015, with any post 2015 impact and additional claim(s) for breach(es) of contract, should DOE not commence performance by the end of 2010, to be reserved for assertion as a separate cause of action at that time.


s/ James F. Merow
James F. Merow
Senior Judge