**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WISCONSIN ELECTRIC POWER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 00-697C<br><br>(Senior Judge Merow)<br><br>Filed electronically: Sept. 25, 2005 |

**WISCONSIN ELECTRIC POWER COMPANY'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR AN EXTENSION OF TIME**

If the Court should grant the Government's requested four-week extension until October 21, 2005 to answer Wisconsin Electric Power Company's (WE's) third set of interrogatories, WE will be materially prejudiced. Fact discovery in this action closes on November 4, 2005. The Government's requested extension would deny WE the ability to conduct any follow-up discovery with regard to the Government's responses prior to the close of fact discovery. Moreover, the Government has not shown adequate reasons for its requested enlargement. In addition, the Government waited until September 22 (i.e., one day before its discovery responses were due) to even inform WE that it would not answer WE's interrogatories in a timely manner. Accordingly, WE respectfully requests that the Court grant the Government only a seven-day enlargement until September 30, 2005 to respond to WE's discovery and deny any further extension.

WE needs the Government's timely responses to its interrogatories to understand more fully the Government's position in this case and to focus additional discovery that WE anticipates taking regarding several issues. These issues include the Department of Energy's ("DOE's") plans to remove spent nuclear fuel ("SNF") from WE's Point Beach Nuclear

Plant; the types of casks that DOE will use to accept WE's SNF, and the specific times in 1998 and thereafter that DOE would have arrived to take SNF from WE's Plant.

Further, the Government's claimed reasons for the proposed four week extension are extremely weak. The Government first contends that its personnel have been too busy writing briefs in two other SNF cases. The Government fails to demonstrate that this briefing has been an unusual burden not faced by other counsel. More significantly, the Government's claim that it has been too busy to prepare responses to WE's discovery is disproven by the fact that, during this same period, the Government has been conducting substantial discovery from WE. Faced with the Government's extensive discovery and audit requests, WE has timely responded to the Government’s second set of document requests, resulting in the production of tens of thousands of pages of documents. WE also has promptly responded to Government requests for damages schedules and expert report materials in electronic format. In addition, WE has responded to multiple Government queries regarding WE records and has produced numerous, additional documents in response to Government audit requests. Thus, it is clear that the Government has had the time to work on its affirmative discovery, but seeks to ignore preparing timely responses to WE's discovery.

The Government's second claim is that it cannot timely answer WE's interrogatories because Assistant Director Harold Lester is in China. This Government contention strains credulity. Mr. Lester is not counsel of record in this proceeding and Government counsel of record, Kevin Crawford, has worked on the SNF cases for the past five years. In addition, there is no indication that U.S. Department of Energy counsel are not available as well as Commercial Litigation Branch Director David Cohen and the many other DOJ attorney involved in the SNF litigation. The Government cannot reasonably contend that it is unable to respond to WE's discovery in Mr. Lester's absence.

In sum, the Government has provided no reasonable justification for its lengthy enlargement request. WE's offer to extend the interrogatory response deadline for seven additional days was more than sufficient under these circumstances for the Government to prepare its response to WE's interrogatories.

For the reasons set forth above, WE respectfully requests that this Court deny the Government's Motion for an Extension of Time requesting four additional weeks to respond to WE’s interrogatories. Instead, the Court should grant the Government an enlargement of seven days, until September 30, 2005, and deny further extension.

Dated: September 25, 2005

Respectfully submitted,

s/Richard W. Oehler by s/Donald J. Carney
Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, Washington 98101-3099
(206) 583-8419

Of Counsel:

Donald J. Carney
Perkins Coie LLP
607 Fourteenth Street, N.W.
Washington, D.C. 20005
(202) 434-1635

Attorneys for Plaintiff
WISCONSIN ELECTRIC POWER COMPANY

## **CERTIFICATE OF SERVICE**

I certify under penalty of perjury that, on September 25, 2005, I caused a copy of the foregoing "Wisconsin Electric Power Company's Opposition to the Government's Motion for an Enlargement of Time" to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Donald J. Carney
Donald J. Carney