IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY, | ) | |
| Plaintiff, | ) | No. 00-697C |
| v. | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE
TO CONDUCT MORE THAN TEN DEPOSITIONS
AND MOTION FOR EXPEDITED CONSIDERATION

Pursuant to Rule 30(a)(2)(A) of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests leave to conduct more than ten fact witness depositions in the above-captioned case. Specifically, the Government requests that the Court permit the Government to depose at least 20 persons involved in the facts and circumstances underlying the $80.4 million claim at issue in this case. Prior to filing this motion, we attempted to resolve this matter with counsel for WEPCO, who indicated that, absent a court order, WEPCO will refuse to make more than ten fact witnesses available for deposition. App. 1-2.[1] Because fact discovery is currently scheduled to conclude on November 4, 2005, defendant respectfully requests expedited consideration of this motion.

[1] "App. ____" refers to the attached appendix.

BACKGROUND

In this case, plaintiff, Wisconsin Electric Power Company ("WEPCO"), seeks recovery of approximately $80.4 million in alleged incurred, past cost damages.[2] In response to the Court's initial November 24, 2004 pretrial order, WEPCO identified only a $42.4 million portion of this claim in its February 14, 2005 disclosures. Those disclosures provided only some 5,500 pages of hard copy audit support for the portion of the claim disclosed, and no information about the expert opinions upon which it relied to support that claim. WEPCO did not correct this omission until the very end of July of this year, when WEPCO completed its disclosures by producing the expert reports supporting its damages claim and another 44,000 pages of documents in response to the Government's discovery requests. Additionally, at that time, WEPCO increased its incurred, past cost damages claim to $80.4 million, by adding a claim for recovery of $38 million in interest.

Pursuant to the Court's November 24, 2004 pretrial order, WEPCO's February 14, 2005 disclosures were to be initial disclosures under RCFC 26(a)(1). Notwithstanding the requirements of that rule, WEPCO's disclosures failed to identify individuals likely to have discoverable information or documents upon which it intended to rely. Instead, WEPCO denominated its February 14, 2005 disclosures as "supplemental" and referred the Government to the persons and documents identified in its responses to discovery requests propounded during the coordinated discovery proceedings in these spent nuclear fuel cases. WEPCO identified ten

---

[2] WEPCO also seeks recovery of an additional $21.3 million in estimated, future costs damages. Because, based upon the holding in Indiana Michigan v. United States, No. 04-5122, 2005 WL 2173563 (Fed. Cir. Sept. 9, 2005), the efficacy of that claim in this case is doubtful, it has not been included in this discussion.

individuals in those discovery responses, one of whom is now employed by DOE and another of whom is now deceased. Additionally, in its February 14, 2005 disclosures, WEPCO identified three more knowledgeable present or former employees of WEPCO or NMC. Finally, at the beginning of this month, on September 2, 2005, WEPCO served supplemental answers to its coordinated discovery responses, identifying an additional five knowledgeable present or former employees of WEPCO or NMC. As a result of this limited and staggered disclosure of potential fact witnesses, WEPCO has identified a total of 16 present or former employees of WEPCO or NMC that it contends have knowledge about specific issues in this case. Almost a third of these have been identified in the last two months.

Based upon our review of the nearly fifty thousand pages of documents that WEPCO has produced in the last two months, we have identified a total of at least 20 present or former employees of WEPCO or NMC that we wish to depose. Those potential deponents are:

| | | | |
|---|---|---|---|
| 1. | Richard Abdoo | 11. | Mike Holzman |
| 2. | Glenn Adams | 12. | Gary Krieser |
| 3. | Kevin Anundson | 13. | Robert Link |
| 4. | Michael Baumann | 14. | C.S. McNeer |
| 5. | Jim Becka | 15. | Eric Meils |
| 6. | J.W. Boston | 16. | David K. Porter |
| 7. | R.W. Britt | 17. | Eric Schultz |
| 8. | Marlin Conry | 18. | Michael B. Sellman |
| 9. | Paul Farron | 19. | Howard Shimon |
| 10. | C.W. Fay | 20. | J.J. Zach[3] |

As noted above, WEPCO has flatly refused to agree to make any more than ten of these individuals available for deposition without the Government obtaining leave of Court, relying upon the limitation contained in RCFC 30(a)(2)(A).

---

[3] In addition to these 20 potential deponents, the Government may need to conduct additional depositions under RCFC 30(b)(6).

ARGUMENT

The current version of RCFC 30(a)(2)(A) requires a party wishing to conduct more than ten depositions to obtain leave of court before doing so. RCFC 30(a)(2)(A) (Rev. May1, 2002). That rule further provides that the Court shall grant the leave requested "to the extent consistent with the principles stated in RCFC 26(b)(2)." Id. By reference to the principles set forth in RCFC 26(b)(2), the Court should allow the discovery requested unless it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

RCFC 26(b)(2).

The Government's request to conduct at least 20 fact witness depositions does not violate any of the principles set forth above. First, because the discovery at issue is the depositions of additional fact witnesses and the process of deposing fact witnesses is just now commencing, the information sought in the depositions of the additional witnesses is not unreasonably cumulative or duplicative. The Government's list of twenty potential deponents is based upon its receipt and review of the large number of documents produced to it by WEPCO over the past two months. Eleven of those deponents were identified by WEPCO in its disclosures and discovery responses. In order to properly prepare for trial, the Government ought to have the opportunity to depose

those people identified in the documents produced by WEPCO as well as those specifically identified by WEPCO in its disclosures and discovery responses. Likewise, to the extent that these fact witnesses are unable to provide answers to questions raised by the documents and damages claim support produced, the number of these fact witnesses should not operate to limit the Government's ability to also conduct depositions under RCFC 30(b)(6).

Second, and for many of the same reasons, the information sought in the depositions of the additional witnesses could not have been obtained through other discovery in the case. These depositions are based upon facts adduced in disclosures and discovery responses that have continued up through the last two months, and which are continuing at the present time. As previously mentioned, almost a third of the fact witnesses identified by WEPCO have been identified in the last two months.

Third, the burden upon WEPCO of allowing these additional depositions does not outweigh the benefit to the Government's trial preparation in a case involving a claim for $80.4 million in damages, particularly when it is one of several spent nuclear fuel cases all involving equally large claims against the Government. Additionally, the amount of depositions the Government contemplates conducting in this case is consistent with the number conducted in other spent nuclear fuel cases. In each of those cases, the Government has conducted over ten fact witness depositions. For instance, the Government took 23 fact witness depositions in Sacramento Municipal Utility District v. United States, No. 98-488C, 20 fact witness depositions in Tennessee Valley Authority v. United States, No. 01-249C, and 45 fact witness depositions in the consolidated cases of Yankee Atomic Electric Company v. United States, No. 98-126C,

Maine Yankee Atomic Power Company v. United States, No. 98-474C, and Connecticut Yankee Atomic Power Company v. United States, No. 98-154C.

As a result of subsequent communications with WEPCO's counsel, we have scheduled the first six depositions during the time period from October 6, 2005 through October 14, 2005. We have requested expedited consideration of this motion because the additional depositions requested will need to be scheduled during the three-week period beginning on October 17, 2005.

CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court enter an order allowing the Government to conduct more than ten depositions in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Kevin B. Crawford
KEVIN B. CRAWFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-9640
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Attorney

RUSSELL A. SHULTIS
SONIA M. ORFIELD
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

October 3, 2005

CERTIFICATE OF FILING

I hereby certify that, on October 3, 2005, a copy of foregoing "DEFENDANT'S MOTION FOR LEAVE TO CONDUCT MORE THAN TEN DEPOSITIONS AND MOTION FOR EXPEDITED CONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kevin B. Crawford

# APPENDIX

Perkins Coie

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

Richard W. Oehler
PHONE: 206.359.8419
FAX: 206.359.9419
EMAIL: roehler@perkinscoie.com

**BY FACSIMILE AND FIRST CLASS MAIL**

September 23, 2005

Mr. Kevin B. Crawford
Trial Attorney
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530

**Re: Wisconsin Electric Power Co. v. United States, No. 00-697C**

Dear Mr. Crawford:

We were shocked when the Government informed us that the Government wants to depose 20 individuals in this case prior to the close of discovery on November 4, 2005. We had no idea, and the Government provided no notice, that it intended to attempt to take this many depositions in so short a time.

Moreover, the Court issued the pretrial schedule in this case in November 2004. Wisconsin Electric ("WE") then provided its Rule 26 disclosures in February 2005. The Government has provided no explanation whatsoever for its delay in waiting until near the end of the discovery period to surprise WE with a request to depose 20 individuals.

Further, we believe that the Government would need to obtain leave of court to take more than ten depositions in this action. The current Rule 30(a)(2)(A)(2002) requires a party to obtain leave of the Court if it proposes more than ten depositions. While this action was filed in 2000, Rule 86 states that the current rules, including Rule 30(a)(2)(A), apply to all cases pending on May 1, 2002 unless application of the



[28795-0001/SL052660.141]

Mr. Kevin B. Crawford
September 23, 2005
Page 2

revised rules (1) would not be feasible or (2) would work injustice. Neither circumstance applies here.

Therefore, WE requests that the Government submit a revised deponent list and identify the ten individuals that the Government wishes to depose.

Very truly yours,

Richard W. Oehler

RWO:pmr

cc: Catherine Phillips
Donald J. Carney