IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | No. 00-697C |
| v. | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR RECONSIDERATION
OF THE COURT'S AUGUST 30, 2005 ORDER
IN LIGHT OF SUBSEQUENT BINDING PRECEDENT
AND MOTION FOR EXPEDITED CONSIDERATION

Pursuant to Rule 59(a)(1) of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests this Court to reconsider the ruling contained in its August 30, 2005 order permitting plaintiff to present evidence at trial regarding damages that it either has incurred or expects to incur from prior to January 31, 1998 through December 31, 2015, and that are attributable to the Government's partial breach of contract arising from its failure to commence acceptance of spent nuclear fuel prior to 2010. Wisconsin Electric Power Co. v. United States, No. 00-697C (Fed. Cl. August 30, 2005) ("August 30, 2005 order"). Because of the effect that the relief requested will have on the scope of the continuing fact discovery, defendant respectfully requests expedited consideration of this motion.

The Court's August 30, 2005 order was issued prior to the decision of the United States Court of Appeals for the Federal Circuit in Indiana Michigan v. United States, No. 04-5122, 2005 WL 2173563 (Fed. Cir. Sept. 9, 2005). In that case, the Federal Circuit held that a utility's recovery of pre-breach damages in a partial breach action under the Standard Contract shall be limited to those mitigation costs incurred after May 25, 1994, the date that DOE published its

Notice of Inquiry in the Federal Register announcing its inability to begin timely spent nuclear fuel acceptance.[1] 2005 WL 2173563 at *8-9. The Federal Circuit further held that, in a partial breach action under the Standard Contract, a utility is precluded from recovery of any future damages that it expects to incur from the date of suit forward. 2005 WL 2173563 at *10-11 (partial breach damages "limited to those costs incurred prior to the date of suit).

This Court issued a prior ruling similar to the August 30, 2005 order in Southern Nuclear Operating Co., et al. v. United States, No. 98-614C (Fed. Cl. December 20, 2004), and modified that ruling in an order entered as a result of a pretrial conference conducted after the Indiana Michigan decision. Southern Nuclear Operating Co., et al. v. United States, No. 98-614C (Fed. Cl. September 16, 2005). In focusing upon the issue of the presentation of evidence as to future damages, the Court's September 16, 2005 order in Southern Nuclear follows the Indiana Michigan holding by precluding the utility in that case from presenting evidence relating to future damages. App. at 1-2.[2] Specifically, the Court's September 16, 2005 order in Southern Nuclear precluded the plaintiff in that case from presenting evidence relating to any damages incurred after December 31, 2004. Id. Although the Court permitted the plaintiff in Southern Nuclear to present evidence of costs incurred after the date plaintiff filed its cause of action, the Court acknowledged that it was only deviating from the rule established in Indiana Michigan because of the advanced stage of pretrial preparations in Southern Nuclear. Here, unlike Southern Nuclear, where the trial is but weeks away, there is nearly a year before trial. Thus, an application of the rule set forth in Indiana Michigan would not prejudice the parties. However,

[1] The Federal Circuit also held that a utility's recovery of these pre-breach mitigation costs is limited to only those costs that it could prove were caused by DOE's delay in spent nuclear fuel acceptance.

[2] "App. ____" refers to the attached appendix.

because it will provide a benefit to the Government by reducing the scope of damages that need to be investigated during the depositions that will be conducted during the period between October 6, 2005 and November 4, 2005, we request expedited consideration of this motion.

CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court enter an order precluding plaintiff from claiming damages before May 25, 1994, or after November 16, 2000, the date that plaintiff filed its complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Kevin B. Crawford
KEVIN B. CRAWFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-9640
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Attorney

RUSSELL A. SHULTIS
SONIA M. ORFIELD
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

October 3, 2005

CERTIFICATE OF FILING

I hereby certify that, on October 3, 2005, a copy of foregoing "DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 30, 2005 ORDER IN LIGHT OF SUBSEQUENT BINDING PRECEDENT AND MOTION FOR EXPEDITED CONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kevin B. Crawford