# In the United States Court of Federal Claims

No. 00-697 C
(Filed October 11, 2005)

*******************************
WISCONSIN ELECTRIC *
POWER COMPANY, *
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
Defendant. *
*******************************

**ORDER**

Pending before the court is Defendant's Motion for Enlargement of Time, filed September 23, 2005 and Plaintiff's Opposition, filed September 25, 2005.

Defendant seeks an enlargement to October 21, 2005, within which to serve its answers and objections to plaintiff's third set of interrogatories.

Plaintiff opposes the time sought noting its need for the information to understand the government's case and to focus additional discovery that plaintiff anticipates taking.

It appears that, in general, the parties are moving forward with the necessary trial preparation in a cooperative manner. The Federal Circuit's recent decision in *Indiana Michigan v. United States*, 422 F.3d 1369 (Fed. Cir. 2005) has, however, prompted a motion for reconsideration of the August 30, 2005 Order with respect to the scope of the damage evidence to be introduced in this matter. The reconsideration motion seeks expedited consideration because of potential impact on the scope of continuing fact discovery. Fact discovery is presently scheduled to conclude on November 4, 2005.

Also pending is defendant's motion, filed October 3, 2005, for leave to conduct twenty depositions, and plaintiff's opposition thereto, filed October 10, 2005,

# In the United States Court of Federal Claims

No. 00-697 C
(Filed October 11, 2005)

********************************
WISCONSIN ELECTRIC *
POWER COMPANY, *
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
Defendant. *
********************************

**ORDER**

Pending before the court is Defendant's Motion for Enlargement of Time, filed September 23, 2005 and Plaintiff's Opposition, filed September 25, 2005.

Defendant seeks an enlargement to October 21, 2005, within which to serve its answers and objections to plaintiff's third set of interrogatories.

Plaintiff opposes the time sought noting its need for the information to understand the government's case and to focus additional discovery that plaintiff anticipates taking.

It appears that, in general, the parties are moving forward with the necessary trial preparation in a cooperative manner. The Federal Circuit's recent decision in *Indiana Michigan v. United States*, 422 F.3d 1369 (Fed. Cir. 2005) has, however, prompted a motion for reconsideration of the August 30, 2005 Order with respect to the scope of the damage evidence to be introduced in this matter. The reconsideration motion seeks expedited consideration because of potential impact on the scope of continuing fact discovery. Fact discovery is presently scheduled to conclude on November 4, 2005.

Also pending is defendant's motion, filed October 3, 2005, for leave to conduct twenty depositions, and plaintiff's opposition thereto, filed October 10, 2005,

indicating that, at most, fifteen depositions can be accomplished by November 4, 2005.

The parties do not wish to adjust the pretrial schedule in any manner which would postpone the contemplated July, 2006 trial date. As it appears that any impact of the cited *Indiana Michigan* decision would be to reduce admissible damage evidence, from the period now contemplated, not add new evidence, the present trial schedule should remain feasible. However, pretrial preparation may require adjustments to reflect the presentations required after any reconsideration of the August 30, 2005 Order.

In this circumstance, some relaxation in the November 4, 2005 date may be needed. In a case of this magnitude, the parties must have adequate discovery.

Accordingly, it is **ORDERED**:

(1) Defendant's motion, filed September 23, 2004, for an enlargement of time is **GRANTED**;

(2) Defendant's Motion for Leave to Conduct More Than Ten Depositions is **GRANTED**;

(3) Counsel shall confer and by telephone conference call[1/] or status report indicate, on or before October 21, 2005, the extent, if any, the November 4, 2005 deadline, and any other interim deadline, should be relaxed so that the fact discovery contemplated can be feasibly accomplished.

s/ James F. Merow
James F. Merow
Senior Judge

[1/] Arrangements for a conference call can be made by contacting Ms. Linda Eddins at 202-357-6613.

indicating that, at most, fifteen depositions can be accomplished by November 4, 2005.

The parties do not wish to adjust the pretrial schedule in any manner which would postpone the contemplated July, 2006 trial date. As it appears that any impact of the cited *Indiana Michigan* decision would be to reduce admissible damage evidence, from the period now contemplated, not add new evidence, the present trial schedule should remain feasible. However, pretrial preparation may require adjustments to reflect the presentations required after any reconsideration of the August 30, 2005 Order.

In this circumstance, some relaxation in the November 4, 2005 date may be needed. In a case of this magnitude, the parties must have adequate discovery.

Accordingly, it is **ORDERED**:

(1) Defendant's motion, filed September 23, 2004, for an enlargement of time is **GRANTED**;

(2) Defendant's Motion for Leave to Conduct More Than Ten Depositions is **GRANTED**;

(3) Counsel shall confer and by telephone conference call[1/] or status report indicate, on or before October 21, 2005, the extent, if any, the November 4, 2005 deadline, and any other interim deadline, should be relaxed so that the fact discovery contemplated can be feasibly accomplished.

s/ James F. Merow
James F. Merow
Senior Judge

[1/] Arrangements for a conference call can be made by contacting Ms. Linda Eddins at 202-357-6613.