# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WISCONSIN ELECTRIC POWER COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 00-697C

(Senior Judge Merow)

## WISCONSIN ELECTRIC POWER COMPANY'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 30, 2005 ORDER

During the October 25, 2005 conference call, the Court directed that Plaintiff Wisconsin Electric Power Company ("WE") file a response to the Government's Motion for Reconsideration. Accordingly, WE hereby responds to the Government's Motion For Reconsideration that asks the Court to reconsider its August 30, 2005 Order in light of the ruling of the U.S. Court of Appeals for the Federal Circuit in Indiana Michigan v. United States, 422 F.3d 1360 (Fed. Cir. 2005) ("Indiana Michigan").

## I. INTRODUCTION

Under the Standard Contract between WE and the U.S. Department of Energy ("DOE"), DOE was to begin acceptance of WE's spent nuclear fuel ("SNF") for disposal by January 31, 1998. DOE, however, did not commence SNF acceptance on that date and will not begin to accept SNF until 2010 at the earliest. WE has incurred and continues to incur significant costs and other damages as a result of DOE's partial material breach of its contractual obligations. Compl. at ¶¶ 1, 17, 21, 26.

The Court's August 30, 2005 Order allowed WE to present evidence of the damages that it incurred prior to January 31, 1998. In addition, it permitted WE to present evidence of

the damages that it will incur because of DOE's failure to perform acceptance of SNF through December 31, 2010, including any resulting impact through December 31, 2015. Finally, it reserved as a separate cause of action any post-2015 impact and additional claims for breach of contract should DOE not commence performance by 2010.

The Government's motion requests that the Court enter an order precluding WE from claiming damages prior to May 25, 1994 and after November 16, 2000, the date on which WE filed its Complaint in this action. WE respectfully submits that the Court should deny the Government's motion for the reasons set forth below. Instead, WE requests that the Court enter an Order, providing that WE can seek damages through December 31, 2005 in this proceeding and that WE may seek damages arising thereafter in future actions.

## II. ARGUMENT

### A. The Indiana Michigan Decision Does Not Preclude Pre-1994 Damages

The Government asserts that, in Indiana Michigan, the Federal Circuit held that a utility's recovery of pre-breach damages must be limited to damages incurred after publication of the May 25, 1994 Federal Register notice in which DOE unequivocally announced that it would not meet its contractual obligation to begin receiving SNF by January 31, 1998. Gov't Mot. at 1-2.

To the contrary, the Federal Circuit did not find that utilities are precluded from recovering pre-1994 damages. Rather, the court stated that it was "beyond debate" that Indiana Michigan's duty to mitigate had to have begun no later than May 25, 1994 when DOE unequivocally announced that it would not meet its contractual obligations beginning in 1998. Id. at 1375. The Federal Circuit quoted with approval Section 350, comment b of the Restatement (Second) of Contracts, which states that, once a party "has reason to know" that the other party's performance is not forthcoming, that party is expected to take appropriate steps to avoid loss. Id. Applying that standard, the court found that Indiana Michigan clearly

had reason to know that DOE would not meet its contractual obligations no later than May 25, 1994. Id.

The Federal Circuit then upheld Judge Hodges's decision that Indiana Michigan could not recover damages prior to May 1994 based upon the Federal Circuit's finding that Indiana Michigan's rerack schedule was "purely a business judgment" unrelated to DOE's breach of the Standard Contract and was not "affected by the 1987 and 1989 DOE announcements projecting delays." Id. at 1376. In doing so, the Federal Circuit left open the question whether other utilities, in their own unique circumstances, may be able to establish that they reasonably began mitigation efforts prior to 1994, such as in response to DOE's statements in 1987 and 1989 that it expected delays in the scheduled January 1998 commencement of spent fuel acceptance services. Id. WE believes strongly that it will be able to establish that it reasonably began mitigation efforts prior to 1994 and should be permitted to do so in this action.

### B. The Court Should Permit WE To Present Damages Evidence Through December 31, 2005

WE opposes the Government's attempt to limit damages to those incurred before November 16, 2000, the date that WE filed its complaint. Instead, the Court should permit WE to present evidence of the damages that it has incurred through December 31, 2005.

The Government argues that, in Indiana Michigan, the Federal Circuit held that, in a partial breach action, a utility should be denied recovery of any future damages incurred from the date of filing the "suit" forward. Gov't Mot. at 2. The Government reads the Federal Circuit's decision too expansively. The Federal Circuit's focus was on prohibiting the award of future damages. Indiana Michigan, 422 F.3d at 1376 ("Because of its highly speculative nature, a claimant may not recover, at the time of the first suit for partial breach, prospective damages for anticipated future nonperformance resulting from the same partial breach.").

While the Federal Circuit's decision bars recovery of future damages because they are arguably speculative, no such concern applies to past damages incurred by WE since the filing of the Complaint and through at least December 31, 2005. It is well settled that, if a "breach is partial only, the injured party may recover damages for non-performance [up to] the time of trial." Coughlin v. Blair, 41 Cal.2d 587, 598, 262 P.2d 305, 311 (1953). See also Indiana Michigan, 422 F.3d at 1376 (allowing recovery for post-breach damages as they are "incurred"). The instant case is currently scheduled for trial in July 2006. By that time, WE's damages incurred through 2005 will necessarily be past, not future, damages.

WE intends to move to amend its Complaint in early 2006 to expressly seek all damages incurred by WE through December 31, 2005. A motion to amend, in turn, triggers Rule 15 (Amended and Supplemental Pleadings). Rule 15(d) permits a party to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented" (such as the Complaint) in a supplemental pleading. The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims that arise after the initial pleadings are filed. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir. 1982) (applying identical Fed.R.Civ.Proc. 15(d)). Further, where an amended or supplemental pleading is based on later events relating to the same cause of action originally pleaded, it is an abuse of discretion to deny the amendment. Intrepid v. Pollock, 907 F.2d 1125, 1129 (Fed.Cir. 1990).

The Government mischaracterizes this Court's ruling in Southern Nuclear Operating Co., et al. v. United States, No. 98-614C (Fed. Cl. Sept. 16, 2005) ("Southern"). The Government erroneously asserts that the Court in Southern "acknowledged that it was . . . deviating" from a "date of suit" damages cut-off rule purportedly established in Indiana Michigan when the Court allowed evidence of damages incurred through 2004 in the Southern case. Gov't Mot. at 2. To the contrary, the Court's September 16, 2005 Order in

Southern stated that the "particular cut-off date(s) for recovery [that] may be sanctioned by Indiana Michigan await further exposition and determination." Southern Order at 2, n. 1. Moreover, as discussed above, allowing evidence of damages incurred prior to trial is consistent with the Indiana Michigan decision.

Once the Court has granted permission for WE to amend its complaint, WE then will serve the Government in early 2006 with an updated damages report by its expert, the Kenrich Group, addressing damages incurred through December 31, 2005. This will not prejudice the Government since expert discovery will not occur until 2006. Further, the Government has been on notice that WE is continuing to incur significant damages because WE's initial Complaint apprised the Government of this fact. Compl. at ¶¶ 1, 17, 21, 26.

In these circumstances, fairness and judicial efficiency favor, if not compel, presentation of evidence through December 31, 2005.

## III. CONCLUSION

For the foregoing reasons, WE respectfully requests that the Court deny the Government's Motion for Reconsideration. Instead, WE requests that the Court enter an Order providing that WE can seek damages through December 31, 2005 in this proceeding and that WE may seek damages arising thereafter in future actions.

Dated: November 7, 2005

Respectfully submitted,

s/Richard W. Oehler by s/Donald J. Carney
Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, Washington 98101-3099
(206) 583-8419

Attorneys for Plaintiff
WISCONSIN ELECTRIC POWER COMPANY

Of Counsel:

Donald J. Carney
Perkins Coie LLP
607 Fourteenth Street, N.W.
Washington, D.C. 20005
(202) 434-1635

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that, on November 7, 2005, I caused a copy of the foregoing "Wisconsin Electric Power Company's Opposition to the Government's Motion for Reconsideration of the Court's August 30, 2005 Order" to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

s/Donald J. Carney
Donald J. Carney