IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00-697C (Senior Judge Merow) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 30, 2005 ORDER

Defendant, the United States, submits this reply to plaintiff's opposition to defendant's motion for reconsideration of the Court's August 30, 2005 order regarding the scope of the forthcoming trial in the above-captioned case.

BACKGROUND

In our motion, we established that, pursuant to the holding of the United States Court of Appeals for the Federal Circuit in Indiana Michigan Power Co. v. United States, 422 F.3d 1360 (Fed. Cir. 2005), this Court should preclude plaintiff, Wisconsin Electric Power Co. ("Wisconsin Electric"), from presenting evidence of damages incurred before May 25, 1994 (the date that the Department of Energy ("DOE") published its notice of inquiry announcing its likely inability to begin timely acceptance of spent nuclear fuel ("SNF") under the Standard Contract) or after November 16, 2004, the date that plaintiff filed its complaint in this action. In response to our motion, Wisconsin Electric asserts that the decision in Indiana Michigan permits it to seek

damages in this matter both before May 25, 1994, and as late as the date of trial in this matter. Pl. Opp. 2-4.[1] As discussed in detail below, Wisconsin Electric's assertions are misplaced.

ARGUMENT

I. BOTH THE APPLICABLE STATUTE OF LIMITATIONS AND THE HOLDING IN INDIANA MICHIGAN PRECLUDE WISCONSIN ELECTRIC FROM RECOVERING COSTS INCURRED BEFORE MAY 25, 1994

In its opposition, Wisconsin Electric argues that the Indiana Michigan decision does not preclude pre-1994 damages because the Federal Circuit apparently was only addressing plaintiff Indiana Michigan's reason to know that DOE would not begin accepting SNF from utilities in 1998 under the Standard Contract, and not any "unique circumstances" surrounding Wisconsin Electric's knowledge of DOE's impending breach. Pl. Opp. 2-3. This argument fails for two reasons.

First, as a matter of law, Wisconsin Electric's claim for any damages incurred before November 16, 1994, is barred by the statute of limitations. As the Federal Circuit recognized in Indiana Michigan, it is well established under Federal law that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." Indiana Michigan, 422 F.3d at 1378. Wisconsin Electric filed this action on November 16, 2000. See Pl. Opp. 2. Accordingly, the statute of limitations bars this Court from awarding damages to Wisconsin Electric for damages

---

1 "Pl. Opp. __" refers to Wisconsin Electric's brief filed on November 7, 2005.

incurred more than six years prior to that date. This would obviously include any claims by Wisconsin Electric for alleged damages incurred prior to May 25, 1994.[2]

Second, regardless of the statute of limitations problem, and despite Wisconsin Electric's reference to its "unique circumstances," the Federal Circuit expressly held that the obligation of "the utilities" to begin mitigating their damages began with DOE's May 25, 1994 Notice of Inquiry. Indiana Michigan, at 1375 (emphasis added). Absent such a duty, the utilities could not recover. The Court did not limit that duty to Indiana Michigan. Accordingly, the Indiana Michigan decision dictates that damages in this matter are not recoverable for actions taken before May 25, 1994. By arguing that the Court must examine the "unique circumstances" of each utility, Wisconsin Electric ignores the nature of the Standard Contract between DOE and the contract holders. As the Federal Circuit recognized, the Standard Contract obligated DOE to begin performance generally on January 31, 1998, and thereafter to specific utilities based upon the age of each utility's spent nuclear fuel. Indiana Michigan, 422 F.3d at 1372. Because of the manner in which this contract was promulgated through notice and comment rule making, see 48 Fed. Reg. 5,458 (Feb. 4, 1983); 48 Fed. Reg. 16,590 (April 18, 1983), and because of the standardized nature of this contract, DOE's announcements regarding its program and the Standard Contract have been essentially standardized and uniform. Accordingly, the May 25, 1994, Notice of Inquiry was published in the Federal Register as an announcement to all contract

[2] Interestingly, Wisconsin Electric argues that it should be permitted to seek damages that it allegedly incurred as early as 1987 or 1989. Pl. Opp. 3. Damages from this time period are not only expressly barred by the statute of limitations because they are costs that Wisconsin Electric incurred as much as nine years before commencing this action, they are also barred because, as discussed below, they were incurred before the date upon which the Federal Circuit has held that the utilities' duty to mitigate arose.

holders, not just Indiana Michigan. See Indiana Michigan, 422 F.3d at 1372. Wisconsin Electric has not identified any special communications that it had with DOE that somehow gave rise to an earlier duty to mitigate. This is consistent with the determination of the Federal Circuit that the duty to mitigate arose for all utilities rather than based upon each utility's "unique circumstances." Accordingly, Wisconsin Electric has no grounds for claiming damages incurred prior to May 25, 1994.

II. ALTHOUGH FRCP 15(d) PERMITS WISCONSIN ELECTRIC TO SEEK LEAVE TO AMEND ITS COMPLAINT, THE INDIANA MICHIGAN DECISION REJECTS THE NOTION THAT A SNF PLAINTIFF MAY, AS OF RIGHT, PRESENT EVIDENCE OF DAMAGES UP TO THE TIME OF TRIAL

In its opposition, Wisconsin Electric argues that it should be permitted to present evidence of damages incurred through December 31, 2005. Pl. Opp. 3. As a basis for this assertion, Wisconsin Electric claims that: (1) the decision in Indiana Michigan permits utilities in SNF cases to seek damages up to the date of trial, and (2) Rule 15(d) of the Federal Rules of Civil Procedure ("FRCP") and the Rules of this Court ("RCFC") permit Wisconsin Electric to amend it complaint in this matter to include damages incurred after November 16, 2000. Pl. Opp. 3-5. Although we do not dispute that Wisconsin Electric make seek leave under RCFC 15(d)

to file a supplemental complaint, we believe that Wisconsin Electric errs in its suggestion that pursuant to the holding in Indiana Michigan, it may automatically seek damages up to the date of trial.

In support of its claim that it may recover damages up to the date of trial, Wisconsin Electric cites to the Federal Circuit's decision in Indiana Michigan and the holding of a

California state court in Coughlin v. Blair, 41 Cal. 2d 587, 598, 262 F.2d 305, 311 (1953). Pl. Opp. 4. Notwithstanding the juxtaposition of these two opinions in Wisconsin Electric's brief, the Federal Circuit never adopted the Coughlin California court's rule for damages in a partial breach case.[3] To the contrary, in the next few lines of its opinion following its identification of the Coughlin rule, the Federal Circuit discussed and clearly relied upon the position set forth in the section 26 of the Restatement (Second) of Judgments in defining the recoverability of future damages in a partial breach case, which limits damages in a partial breach case to those incurred prior to the date of the suit, defined in the restatement as the date upon which the plaintiff's complaint is filed. Indiana Michigan 422 F.3d at 1376-77. In short, Indiana Michigan does not stand for the proposition that Wisconsin Electric, or any other SNF plaintiff, may automatically seek damages up to the time of trial.[4]

As stated above, notwithstanding our disagreement with Wisconsin Electric regarding its right to seek damages up to the time of trial, we do not dispute that pursuant to RCFC 15(d) Wisconsin Electric may seek leave of this Court to amend its complaint. That does not mean that we would necessarily agree not to oppose such an amendment. We would need to examine factors before taking a position regarding Wisconsin Electric's request: factors such as the date upon which Wisconsin Electric would provide us with an updated claim, the amount of time

---

[3] Indeed, in referring to damages incurred "to the time of trial," the Federal Circuit was merely referencing the Coughlin decision because the trial court had relied upon that decision in finding that future damages in a partial breach case are not recoverable. Indiana Michigan, 422 F.3d at 1376.

[4] The issue of whether the Indiana Michigan decision permits SNF plaintiffs the right to assert claims up to the time of trial is currently the subject of a Petition for Panel Rehearing filed by Indiana Michigan on October 24, 2005.

available for fact and expert discovery upon that claim, the amount of time remaining before trial, and the relationship between the damages claimed in the first complaint and those in the amended complaint. These are the same factors that the Court considered prior to issuing its September 16, 2005 order regarding the scope of trial in Southern Nuclear, Operating Co., v. United States, No. 98-614C (Fed. Cl.). Given that Wisconsin Electric has not filed a motion for leave to submit a new complaint, Wisconsin Electric's request is still academic.[5]

## CONCLUSION

For the reasons stated above, and in our motion, the Court should limit the scope of damages presented in the forthcoming trial in the above-captioned matter to costs incurred after November 16, 1994. Further, absent Wisconsin Electric's filing of a motion for leave to amend its complaint, and the Court's granting of that motion, the Court should further limit the scope of trial to costs incurred before November 16, 2000, the date upon which Wisconsin Electric filed its complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

---

[5] In its opposition, Wisconsin Electric indicates that it plans to seek leave in early 2006, to amend its complaint and update its claim to include costs through December 31, 2005. Pl. Opp. 4. Wisconsin Electric asserts that the Government's interest's will not be prejudiced by a claim updated through December 31, 2005, because "expert discovery will not occur until 2006." Pl. Opp. 5. This assertion is premature. Until the Court has issued a revised pretrial order in this case, we do not know such critical facts as when fact and expert discovery will close. Further, we do not know when Wisconsin Electric would provide its updated claim to the Government. Accordingly, we do not currently know whether we will be prejudiced by a claim through December 31, 2005.

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Kevin B. Crawford by Alan J. Lo Re
KEVIN B. CRAWFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-9640
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Attorney

RUSSELL A. SHULTIS
SONIA M. ORFIELD
HEIDE L. HERRMANN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

November 21, 2005

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that, on November 21, 2005, a copy of this "DEFENDANT'S REPLY TO PLAINTIFF’S OPPOSITION DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT’S AUGUST 30, 2005 ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Alan J. Lo Re