**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WISCONSIN ELECTRIC POWER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 00-697C<br><br>(Senior Judge Merow) |

**WISCONSIN ELECTRIC POWER COMPANY'S MOTION**
**FOR LEAVE TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT**

Pursuant to Rules 15(a) and (d) of the Rules of the Court of Federal Claims ("RCFC"), plaintiff Wisconsin Electric Power Company ("WE") moves for leave to amend and supplement its Complaint. WE seeks the Court's permission to file the Amended and Supplemental Complaint (Attachment A to this motion) in order to specify its damages in greater detail and to update the damages that WE has incurred in the more than five years since WE filed its original Complaint.

**I. BACKGROUND**

On November 16, 2000, WE filed a Complaint alleging a continuing partial breach of contract arising from the Department of Energy's ("DOE's") failure to remove Spent Nuclear Fuel ("SNF") from WE's Point Beach Nuclear Plant as required by WE's Standard Contract with the DOE, as well as other claims. Compl. at 7-10. WE's Complaint alleged that its damages, estimated at $35 million by August 2000, "continue to accrue." Id. at ¶ 21. Further, WE reserved the right to recover presently unascertainable damages that may be caused by the DOE's future partial breaches of the Standard Contract. Id.

On February 22, 2005, shortly after discovery regarding WE's damages case began, WE filed a motion for an order regarding subsequent damages actions. WE asked the Court

to issue an order allowing WE to recoup all damages incurred through December 31, 2015 attributable to DOE's partial breach of contract through 2010. WE Mot. at 1. WE further asked the Court to allow WE, pursuant to Section 26 of the Restatement (Second) of Judgments, to reserve for a later-filed action its right to recover future damages. Id. at 5-8. The Government cross-moved, seeking to dismiss all the damages that WE had incurred subsequent to the filing of its Complaint.

On July 14, 2005, WE served on the Government its Kenrich Group damages expert report for the calculation of damages ("Damages Calculation Report"). The report divided damages into past and future damages, with past damages defined as those incurred through December 31, 2004. See Damages Calculation Report at 4.

In an August 30, 2005 Order, the Court ordered the matter to proceed to trial with evidence as to damages accrued prior to 1998 and subsequent thereto until 2010 and denied the Government's cross-motion. Additionally, the Court reserved as separate cause(s) of action (1) post-2015 impacts of pre-2010 breaches and (2) damages incurred as a result of post-2010 Government breach(es) of contract.

On October 3, 2005, the Government filed a motion for reconsideration of the Court's August 30, 2005 Order. The Government asked the Court to enter an order precluding WE from claiming damages after the date of WE's original Complaint based on the Federal Circuit's decision in Indiana Michigan v. United States, 422 F.3d 1369 (Fed. Cir. 2005). The Government did not challenge the Court's reservation of WE's future damages as separate causes of action.

On November 7, 2005, pursuant to the Court's request,[1] WE responded to the Government's motion for reconsideration. WE explained in its opposition that the

---

[1] During an October 25, 2005 conference call, WE informed the Court that it could not, under RCFC 59(b), oppose the Government's motion for reconsideration in the absence of a request from

Government misread the Indiana Michigan decision which focused on prohibiting the award of future damages, not those already incurred. WE Opp'n at 4-5. WE requested that the Court deny the Government's motion and, instead, enter an order providing that WE can seek damages through December 31, 2005 in this action and damages arising after that date in future actions. Id. at 5. WE also informed the Court that it intended to move for leave to amend its Complaint in early 2006 to expressly claim WE's damages incurred through December 31, 2005. Id. at 4.

In its November 21, 2005 Reply, the Government took the position that, the Indiana Michigan decision notwithstanding, it would evaluate WE's Amended and Supplemental Complaint based on a multi-factor test purportedly resulting from the Court's September 16, 2005 Order in Southern Nuclear Operating Co. v. United States, No. 98-614C (Fed. Cl. 2005).[2] The Government identified the following factors that it would examine before taking a position regarding whether WE should be granted leave to amend its complaint:

> the date upon which Wisconsin Electric would provide [the Government] with an updated claim, the amount of time available for fact and expert discovery upon that claim, the amount of time remaining before trial, and the relationship between the damages claimed in the first complaint and those in the amended complaint.

Gov't Reply at 5-6.

The parties' differing positions regarding the import of the Federal Circuit's Indiana Michigan decision did not impact the on-going audit verification process in this case. On November 14, 2005, the parties commenced a three-day audit meeting at WE's Milwaukee offices regarding WE's claimed damages. During the audit, Government counsel and

---

the Court to do so. The Court then requested that WE file a response to the Government's motion for reconsideration.

[2] That order only addressed the time period for which partial breach damage evidence would be offered in Southern. It did not address the standard under the RCFC for leave to amend or to supplement a complaint.

Government experts questioned knowledgeable current and former WE personnel regarding WE's claimed damages. In addition to its questions, the Government made more than two dozen requests for information covering policies, procedures, supporting documentation and other matters. During and after the meeting, WE responded to the Government's requests for information, serving its final responses on the Government on January 13, 2006.

On December 19, 2005, the parties jointly moved the Court to revise and extend the pretrial schedule in the case. On December 20, 2005, the Court issued an Order extending fact and expert discovery through March 3 and July 7, 2006, respectively, and moving the WE trial date to March 27, 2007.

## II. ARGUMENT

### A. WE Should Be Granted Leave to Amend Its Complaint Under Rule 15(a).

WE's motion for leave should be granted in the interests of justice and to facilitate the speedy and inexpensive determination of this action. See RCFC 1. Rule 15(a) states in pertinent part: "A party may amend the party's pleadings . . . by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The decision to grant leave to amend a Complaint is within the sound discretion of the trial court. Holland v. United States, 62 Fed. Cl. 395, 406 (2005). The broad policy of granting amendments freely is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations. Id.

The U.S. Supreme Court has identified the types of limited considerations that can justify denial of a motion for leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962) (mandate of freely allowing amendment under Rule 15(a) "is to be heeded").

No such considerations are present here. There has been no undue delay, bad faith or dilatory motive on the part of WE. There also has not been repeated failure to cure deficiencies by amendments previously allowed. WE's original Complaint sought both past and future damages. Further, WE's Amended and Supplemental Complaint sets forth the same causes of action contained in WE's original Complaint except that it adds a Count Four, Supplemental Pleading, that merely updates the damages. Thus, by this motion, WE merely seeks to affirm in greater detail the damages that WE has incurred and continues to incur arising from the Government's continuing partial breach of the Standard Contract. In addition, the expert report submitted by WE's damages experts also addressed both past and future costs. Once the Government raised a question regarding whether WE could recover past damages incurred since the filing of the Complaint based on the Federal Circuit's Indiana Michigan decision, WE moved promptly to file this motion.

There will be no "undue prejudice" to the Government based on the pleadings and proceedings to date. As discussed, from the beginning of this action, the Government has been on notice that WE's damages would continue to accumulate after the filing of its complaint. See Compl. ¶ 20. Moreover, from the start of discovery regarding WE's damages, the Government has been on notice of WE's intent to present damages evidence through 2010. See WE Mot. at 1.

**B. WE Should Be Allowed to Supplement Its Complaint Under Rule 15(d).**

Rule 15(d) permits a party to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims that arise after the initial pleadings are filed. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1057 (9th Cir. 1981) (applying parallel Fed. R. Civ. P. 15(d)). Further, it is an abuse of discretion to

deny an amendment when a supplemental complaint "relates to the same cause of action originally pleaded." Intrepid v. Pollock, 907 F.2d 1125, 1129 (Fed. Cir. 1990).

Rule 15(d) allows a plaintiff to supplement its complaint when there has been an increase in damages identified in the original complaint. J. F. Shea Co. v. United States, 4 Cl. Ct. 46, 54-55 (1983), aff'd, 754 F.2d 338 (Fed. Cir. 1985) ("it must be recognized that additional facts may be developed which could increase or decrease the amount of a claim"); see also St. Paul Fire & Marine Ins. Co. v. United States, 1994 WL 874400, at *15 (Fed. Cl.) (citing Shea and Rule 15(d), the Court stated: "[T]he rules of this court allow for amendments or supplemental pleadings that increase previously-categorized damages which have changed during the course of the litigation."). Indeed, an important purpose of supplemental pleading is to bring into the record new facts which will enlarge or change the kind of relief to which the plaintiff is entitled. Southern Pac. Co. v. Conway, 115 F.2d 746, 750 (9th Cir. 1940).

In the instant case, WE's proposed Amended and Supplemental Complaint alleges further damages incurred after the filing of the original Complaint, resulting from the Government's same continuing partial breach of the Standard Contract. In its original Complaint, WE alleged the following:

> As a direct and proximate result of DOE's partial material breach of the Standard Contract, WE has incurred and will incur damages in a substantial amount which, as noted, exceeded $35 million dollars by August, 2000. WE's damages continue to accrue. The rate at which WE's damages will continue to accrue is dependent upon when and on what schedule DOE finally performs its contractual obligation. WE reserves its rights to recover presently unascertainable damages that may be caused by DOE's future partial breaches of the Standard Contract.

Compl. ¶ 21. The damages that WE incurred prior to filing its Complaint included, among other things, the cost to construct and maintain a dry storage facility and to develop and

purchase casks for use at that facility. Id. ¶ 17. WE had paid $168 million into the Nuclear Waste Fund at that time. Id. ¶ 10.

In its proposed Amended and Supplemental Complaint, WE alleges that it continues to pay fees – now exceeding $207 million – to DOE under the Standard Contract. Amended and Supplemental Compl. ¶ 34 (Attachment A). WE further alleges the following:

> From November 2000 and continuing through December 2005, as a direct and proximate result of the Government's continuing partial breach of WE's Standard Contract and continuing taking of WE's property without just compensation, WE has incurred substantial damages. The amount of damages suffered by WE during this period exceeds $26 million (present dollars as of March 27, 2007), the exact amount to be determined at trial. These costs related to the following transactions, occurrences, or events, among others: fabrication oversight, purchase, and delivery of dry storage containers; loading and handling of dry storage containers; operation and maintenance of WE's ISFSI; and spent fuel management activities to address the long-term disposal of spent fuel.

Id. ¶ 36.

In sum, the allegations of the proposed Amended and Supplemental Complaint all concern damages resulting from DOE's same and continuing breach of the Standard Contract. WE's Amended and Supplemental Complaint merely describes in greater detail the damages previously alleged and updates the same damages that WE has incurred since WE filed its original Complaint in 2000. In the period from November 2000 through December 2005, WE has incurred approximately $26 million (present dollars as of March 27, 2007) in additional damages attributable to the Government's continued failure to perform under the Standard Contract. The Amended and Supplemental Complaint is permitted under Rule 15(d) because it is "part of the same claim arising out of the government's acts." Intrepid, 907 F.2d at 1129-30. Accordingly, the Court should grant WE's motion for leave to file its Amended and Supplemental Complaint.

**C. WE Should Be Allowed to Amend Its Complaint to Facilitate the Efficient Determination of This Case.**

WE has previously explained that allowing evidence of damages incurred prior to trial is consistent with the Indiana Michigan decision. See WE Opp'n at 4-5. Consequently, WE believes that it is not required to file an amended complaint in order to claim damages after the date of the filing of its original Complaint through 2005. Nevertheless, WE takes this action to file an amended Complaint in an abundance of caution and to facilitate an efficient determination of this action for the following reasons.

First, circumstances favor an update of WE's Complaint now. The Court recently entered a pretrial schedule, extending the discovery period and time until trial. Moreover, the recent completion of calendar year 2005 permits WE to serve an updated damages submission upon the Government, providing the past costs that WE incurred during 2005. In addition to the 2005 costs, WE also will provide to the Government an identification of a few additional costs that were incurred in 2001-2004. These costs are cask loading labor costs. All of these costs are the same type of costs as those previously claimed by WE. WE will serve supplemental disclosures for its updated damages, including accounting summaries and supporting data, on the Government this week. The combined total of WE's updated damages is only approximately $3 million.

Second, the Government will not be prejudiced by the granting of this motion to permit WE to update its damages claim. WE furnished the Government with WE's damages through December 31, 2004 last year in its Damages Calculations Report. WE's updated damages are the same type of damages that WE has previously claimed and provided to the Government. Indeed, the Government is quite familiar with the costs at issue. The Government has had ample time to – and in fact has – explored these cost issues during damages discovery, including the three-day audit that occurred in November 2005. Under

the applicable Rule 15 standard, WE's motion should be granted so that the damage totals may be updated through 2005.

Moreover, all of the factors that the Government has asserted should be examined to determine whether WE should be able to amend and supplement its Complaint favor granting WE's motion. See Gov't Reply at 5-6. The Government is addressing all the costs at issue during ongoing discovery. Further, expert discovery does not begin for several months and trial is more than a year away. The costs that WE will update directly relate to those covered by WE's original Complaint. Therefore, WE should be permitted to supplement its pleading to allow these damages to be resolved in this proceeding.

Third, WE should be allowed to amend its Complaint because it would avoid needless uncertainty. WE's Damages Calculation Report covered "past" damages through December 31, 2004, and WE will shortly supplement this information through 2005. The Government has taken extensive discovery regarding damages incurred from the filing of the initial Complaint in November 2000 through the present. Yet, unless WE is allowed to amend its Complaint, the Government may later question WE's ability to claim post-November 2000 damages based on the "time of suit" rule that the Government asserts was established in the Indiana Michigan decision. The Court should grant WE's motion to preclude such potentially distracting and unnecessary disputes.

## III. CONCLUSION

For the foregoing reasons, WE respectfully requests that the Court grant WE's Motion for Leave to File an Amended and Supplemental Complaint Under Rules 15(a) and 15(d), and allow WE to file its Amended and Supplemental Complaint (see Attachment A).[3]

Dated: February 6, 2006

Respectfully submitted,

s/Richard W. Oehler by s/Donald J. Carney
Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8419

Attorneys for Plaintiff
WISCONSIN ELECTRIC POWER COMPANY

Of Counsel:

Donald J. Carney
Perkins Coie LLP
607 Fourteenth Street, N.W.
Washington, D.C. 20005-2011
(202) 434-1675

[3] WE has already requested that the Court reserve for future actions WE's ability to seek damages arising after December 31, 2005. WE Opp. to Gov't Motion for Reconsideration at 5 (Nov. 7, 2005). Therefore, WE does not need to address that request in this motion.

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that, on February 6, 2006, I caused a copy of the foregoing "Wisconsin Electric Power Company's Motion for Leave to File an Amended and Supplemental Complaint" to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Donald J. Carney
Donald J. Carney