IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00-697C |
| | ) | (Senior Judge Merow) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS AMENDED AND SUPPLEMENTAL COMPLAINT

Defendant, the United States, respectfully responds to the motion for leave to file its amended and supplemental complaint filed by plaintiff, Wisconsin Electric Power Company ("WEPCO"), on February 6, 2006.

SUMMARY OF THE ARGUMENT

We do not oppose WEPCO's motion for leave to amend and supplement its complaint or WEPCO's proposal that any trial on damages, when scheduled, include consideration of damages allegedly incurred by WEPCO through December 31, 2005. However, the leave requested should be conditioned on allowing the Government an enlargement of the presently-scheduled discovery deadline through and until May 7, 2006, to allow for an appropriate investigation of the claimed damages.

ARGUMENT

In its motion, WEPCO reiterates its assertion that "allowing evidence of damages incurred prior to trial" is consistent with the holding in Indiana Michigan Power Co. v. United

States, 422 F.3d 1360 (Fed. Cir. 2005). Pl. Mot. at 11.[1] Based upon this contention, WEPCO states that it believes that it is not required to file a supplemental pleading in order to claim damages it alleges to have incurred after the date of the filing of its complaint, but does so "only in an abundance of caution" and to facilitate an efficient determination of this action." Id. As previously explained in our reply relating to our motion for reconsideration of this Court's August 20, 2005 order, the United States Court of Appeals for the Federal Circuit in Indiana Michigan, although acknowledging the "time of trial" scope of damages rule espoused by the California state court in Coughlin v. Blair, 41 Cal. 2d 587, 598, 262 F.2d 305, 311 (1953), found that the "initiation of suit" rule set forth in Restatement (Second) of Judgments § 26(1)(e) was applicable to the spent nuclear fuel partial breach cases. Def. Reply at 4-5[2]; see Indiana Michigan, 422 F.3d at 1376-77. That ruling clearly prohibits the recovery of the post-complaint damages that WEPCO claims it is entitled to prove and recover at trial.

However, in Indiana Michigan, the Federal Circuit did not discuss the use of supplemental pleadings pursuant to Rule 15 of the Rules of the Court of Federal Claims ("RCFC") to expand the scope of the relief requested in a damages claim. On that issue, we have followed a consistent practice of not opposing such supplementation provided it does not work to the Government's prejudice. We followed that practice in this case when, in the previously-mentioned reply, we stated that, before we would agree not to oppose a supplementation request, we would need to examine factors such as: the date upon which Wisconsin Electric would

---

[1] "Pl. Mot." refers to Wisconsin Electric Power Company's Motion for Leave to File An Amended and Supplemental Complaint, dated February 6, 2006.

[2] "Def. Reply" refers to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Reconsideration of the Court's August 30, 2005 Order, dated November 21, 2005.

provide us with an updated claim; the amount of time available for fact and expert discovery upon that claim; the amount of time remaining before trial; and the relationship between the damages claimed in the first complaint and those in the amended complaint.[3] Def. Reply at 5-6.

This Court has the discretion to condition its grant of leave to allow a party's supplementation of its pleadings upon "such terms as are just." RCFC 15(d).[4] Indeed, for this reason, supplementation of pleadings, unlike amendment, is never available as a matter of course and always requires leave of court. Compare RCFC 15(a) with RCFC 15(d); 6A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 1504, at 186-89. (2d ed. 1990).

By its motion, WEPCO seeks leave to amend and supplement its complaint to include claims for damages incurred through December 31, 2005. In the motion, WEPCO characterizes the pleading it wishes to file as one that "merely describes in greater detail the damages

---

[3] In our motion for reconsideration of this Court's August 20, 2005 order and our reply, we also rely upon the holding in Indiana Michigan as the basis for our request that any recovery of pre-breach damages by WEPCO should be limited to those mitigation costs incurred after May 25, 1994, the date that DOE published its Notice of Inquiry regarding its potential inability to begin timely spent nuclear fuel acceptance, that are proven to have been caused by DOE's delay. Defendant's Motion for Reconsideration of the Court's August 30, 2005 Order in Light of Binding Precedent and Motion for Expedited Consideration, dated October 3, 2005, at 1-2; Def. Reply at 2-4. Although the scope of WEPCO's request for relief is not directly at issue in WEPCO's motion for leave, the Government's conditional non-opposition to that motion should not be viewed as a waiver of its opposition to WEPCO's claim for recovery of certain costs that it alleges to have incurred prior to May 25, 1994.

[4] In its motion, WEPCO asserts that "it is an abuse of discretion to deny an amendment when a supplemental complaint 'relates to the same cause of action originally pleaded,'" citing Intrepid v. Pollock, 907 F.2d 1125 (Fed. Cir. 1990). Pl. Mot. at 5-6. WEPCO has overstated the holding of that case. In Intrepid, the Federal Circuit plainly recognized that, in evaluating motions to amend or supplement under Rule 15, the trial court must make a "discretionary decision, in the sense that the court weigh[ ] considerations such as undue delay, prejudice to the opposing party and the like." Intrepid, 907 F.2d at 1129. WEPCO's suggestion that a plaintiff essentially has a right to amend or supplement, regardless of its timing or prejudice to the other side, conflicts with Intrepid.

previously alleged and updates the same damages that [WEPCO] has incurred since [WEPCO] filed its original Complaint in 2000." However, WEPCO then fails to describe in any great detail the specific nature of the new damage claims it wishes to present.

WEPCO makes reference to the fact that the claim presented in its original complaint "exceeded $35 million dollars (sic) by August, 2000." It also mentions that one purpose of the new pleading will be to supplement that claim by adding approximately $26 million in claimed costs allegedly incurred during "the period from November 2000 through December 2005." What the motion fails to mention is that the amendment to include the claimed costs allegedly incurred during the period from August 2000 until November 2000 involves a $34 million increase of the original $35 million claim to a total amended claim in excess of $69 million. It is difficult to know upon what costs the original $35 million claim amount was based because the past damages cost claim materials that WEPCO first provided in February 2005 do not tie to that specific amount. Likewise, our task is further complicated by the fact that we have not yet been provided with an updated report by WEPCO's damages expert, the Kenrich Group. However, our review of the Kenrich Group Damages Calculation Report provided by WEPCO on July 14, 2005, and the more recent materials provided by WEPCO in support of its amended claim, indicate that almost all of the $34 million increase in the pre-complaint claim is likely the result of the inclusion of an interest claim based upon a weighted cost-of-capital calculation. That review also indicates that a portion of the supplemental claim of approximately $26 million for the period from November 2000 through December 31, 2005, is attributable to these same interest costs and may total closer to $27.7 million. Notwithstanding any accounting differences, however, the principal issue is that the restated pleading will increase the damage claim stated in

WEPCO's original complaint by more than $60 million to a total damages claim of over $95 million, and that much of the support for that claim has only been the subject of discovery since it was provided in July of 2005.

WEPCO makes the point in its motion that "only approximately $3 million" of its approximately $26 million supplemental claim consists of an actual update of its costs. That is still a sizeable sum, and the Government did not receive the support for that until February 10, 2006. While it is true that the Government was able to ask certain of the fact witnesses it had not yet deposed about these damages, it was unable to complete some of those depositions. Because of this and other problems preventing it from completing its investigation of the basis of WEPCO's damages claim, the Government has moved for an enlargement of the presently-scheduled discovery deadline through and until May 7, 2006, one week prior to the date that its experts reports are due. In that motion, the Government has explained that it also needs to ensure that it is granted the following additional relief:

1. The ability to complete the depositions of Jim Becka, Eric Meils, and Ione Straub.
2. The ability to reopen the depositions of Paul Farron, Gary Krieser, Michael Baumann, and David Weaver, if only for the limited purpose of re-examining them regarding their knowledge of the facts relating to their involvement in the preparation of the damages claim and the information that they provided to the experts relating to that issue.
3. The ability to conduct Rule 30(b)(6) depositions of the persons with the most knowledge as to:

a. the basis and preparation of the damages claim and the information that was provided to the experts relating to that issue;

b. the amount of costs that WEPCO would have incurred to pursue those fuel management strategies testified to by Bill Hennessy that WEPCO would have used to increase the amount of space available for storage in the spent fuel pool if DOE had begun acceptance in 1998 by reducing the amount of spent fuel discharged prior to DOE's first scheduled acceptance, including change of fuel cycle length, fuel enrichment, or core design;

c. the claimed damages costs relating to a High Level Waste group belonging to Nuclear Management Company, LLC, the company that currently operates WEPCO's Point Beach Nuclear Plant; and

d. the component of the weighted cost-of-capital calculation relating to the financing of WEPCO's fuel expense through the financing entity know as the Wisconsin Electric Fuel Trust or "WEFT."

4. Additional time to review the results of WEPCO's prior discovery responses and determine if we need to resolve any disputes over the responsiveness of those responses, including the ability to file motions to compel under appropriate circumstances.

Additionally, the Government needs to ensure that it is granted the following relief:

5. The ability to complete its continuing audit of the damages claim materials provided to it as of July 14, 2005, and the updated claim of approximately $3 million provided to it on February 10, 2006.

Unless the Government is granted the requested enlargement and additional relief described above, it will be unable to complete a proper investigation of WEPCO's damages claim as required by this Court's pretrial orders. See Wisconsin Electric Power Co. v. United States, No. 00-697C (Fed. Cl. November 8, 2005) at 2, ¶ (b) and (c). This is a reasonable condition to place

upon the grant of leave for WEPCO to amend and supplement its complaint for the sole purpose of restating its damages to recover an amount in excess of $95 million.

CONCLUSION

For the foregoing reasons, defendant does not oppose WEPCO's motion to amend and supplement its complaint, provided that any order granting such leave also grant defendant's requested enlargement of the presently-scheduled discovery deadline through and until May 7, 2006, and the additional relief specifically described and enumerated above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Kevin B. Crawford
KEVIN B. CRAWFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-9640
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

RUSSELL A. SHULTIS
SONIA M. ORFIELD
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

March 10, 2006

CERTIFICATE OF FILING

I hereby certify that, on March 10, 2006, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS AMENDED AND SUPPLEMENTAL COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kevin B. Crawford