# In the United States Court of Federal Claims

No. 00-697 C
(Filed April 6, 2006)

******************************
WISCONSIN ELECTRIC *
POWER COMPANY, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
******************************

**ORDER**

There is pending before the court defendant's motions for reconsideration of the court's August 30, 2005 Order and for an enlargement of time of sixty-three days, to and including May 5, 2006, within which to complete fact discovery. Also pending is plaintiff's motion for leave to file an amended and supplemental complaint to detail the damages that plaintiff has incurred since the filing of its complaint in 2000 through December of 2005.

Following the decision in *Indiana Michigan v. United States*, 422 F.3d 1369 (Fed. Cir. 2005), it was clear that the August 30, 2005 ruling in the instant case required reconsideration. Accordingly, upon reconsideration it is now concluded that proceedings in the instant case must be confined to damages actually incurred by plaintiff with so-called "future damages" relegated to a future action(s) to be filed after such damages are "incurred."

Plaintiff's motion to file an amended and supplemental complaint which incorporates damages alleged to have been incurred through December of 2005 is not opposed by defendant, providing certain additional discovery is provided. Defendant's motion for a time enlargement addresses the discovery asserted to be required.

Plaintiff does not oppose additional fact discovery by defendant, limited to the completion of the unfinished depositions of Jim Becka, Eric Meils and Ione Straub. However, defendant also seeks leave to reopen the depositions of Michael Baumann, David Weaver, Paul Farron, and Gary Krieser, to obtain either information these persons were instructed by counsel not to provide on asserted privilege grounds, or to clarify prior answers which may have been the result of confusion. Defendant also seeks to take RCFC 30(b)(6) depositions on plaintiff's nuclear fuel management strategies, on the financing of plaintiff's nuclear fuel expenses by way of the Wisconsin Electric Fuel Trust ("WEFT"), and possibly on damage costs relating to the High-Level Waste group belonging to Nuclear Management Company, LLC, the company that currently operates plaintiff's Point Beach Nuclear Plant.

Plaintiff opposes defendant's additional fact discovery, beyond the completion of the three unfinished depositions, and asserts that it is unnecessary and, in large measure should be addressed in forthcoming expert discovery. Plaintiff also asserts that the discovery would require substantial additional time to accomplish at this point in pretrial activity and may require adjustment of the established pretrial schedule. Defendant responds that the discovery sought will consume a short period of time and an adjustment of the current schedule is not contemplated.

With respect to the request to reopen four depositions, it is concluded that the instructions by counsel to the deponents not to answer were in error. There is no viable privilege involved in providing testimony as to the information these persons provided to the experts who formulated the damage claim(s) plaintiff is asserting in this matter. *Pacific Gas & Elec. Co. v. United States*, No. 04-74 C, 2006 WL 220114, at *34 (Fed. Cl. Jan. 25, 2006). With respect to the depositions of Paul Farron and Gary Krieser, the subsequent deposition testimony of Ione Straub, concerning the extent of their knowledge as to accounting and costs, indicates that their prior deposition answers indicating lack of knowledge may have been the product of confusion. Accordingly, an opportunity to obtain clarifications in this regard is appropriate.

With respect to the RCFC 30(b)(6) depositions concerning fuel management strategies, if plaintiff proposes to present trial testimony as to a strategy(ies) which would increase spent fuel pool space by reducing spent fuel discharge, a witness to provide information as to any corporate knowledge of the cost impact of the strategy(ies) proposed would be an appropriate subject for defendant to explore.

A RCFC 30(b)(6) deposition on WEFT financing would be in order, to the extent the information sought relates to plaintiff's $38 million cost claim for interest.

The need for a RCFC 30(b)(6) deposition concerning the High-Level Waste Group depends upon the completion of Mr. Becka's deposition.

Accordingly, it is **ORDERED** that:

(1) Upon reconsideration, the trial perimeter set forth in the Order, filed August 30, 2005 shall be **VACATED** and, instead, trial proceedings in this matter shall be confined to damages incurred by plaintiff through December 2005, with any future damages to be addressed in a subsequent action(s) to be filed after such damages have been incurred;

(2) Plaintiff's motion, filed February 6, 2006, to file an Amended and Supplemental Complaint is **GRANTED** and the Amended and Supplemental Complaint attached as Attachment A to plaintiff's motion, shall now be filed electronically by plaintiff with defendant's response to be filed in accordance with RCFC 15(a);

(3) Defendant's motion for an enlargement of time, filed March 3, 2006, shall be **GRANTED** with the Becka, Meils and Straub depositions to be time-limited as agreed and the remaining depositions to be each completed in a seven-hour day or less, with the option of counsel by agreement to extend the durations and to substitute RCFC 30(b)(6) depositions for any of those named above.

s/ James F. Merow
James F. Merow
Senior Judge