IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00-0697C |
| | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO AMENDED AND SUPPLEMENTAL COMPLAINT

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. The allegations contained in paragraph 4 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. Admits the allegations contained in the first sentence of paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 5. The allegations contained in the second sentence of paragraph 5 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. Admits the allegation contained in the first sentence of paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 6. The allegations contained in the second sentence of paragraph 6 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. Admits the allegations contained in paragraph 7 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegation contained in the first sentence of paragraph 8, but avers that DOE did not develop the Standard Contract alone and that the nuclear utility industry also developed many of the terms in the Standard Contract. Admits the allegations contained in the second and third sentences of paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 8.

9. Admits the allegation contained in the first sentence of paragraph 9 that plaintiff entered into a Standard Contract with DOE on June 16, 1983; otherwise denies the allegations contained in the first sentence of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegation contained in the second sentence of paragraph 9. Admits the allegations contained in the third, fourth and fifth sentences of paragraph 9 to the extent supported by the contract cited, which is the best evidence of its

contents; otherwise denies the allegations contained in the third, fourth and fifth sentences of paragraph 9.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10. Admits the allegations contained in the second sentence of paragraph 10.

11. Admits the allegations contained in the first sentence of paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 11. Denies the allegations contained in the second sentence of paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the portion of the Federal Register cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the petition for review and court decision cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the notice referenced, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. The allegations contained in paragraph 15 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted

to the extent supported by the petition for review and court decision cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 that the Department of Energy has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") under the standard contract published at 10 C.F.R. § 961.11 and that DOE has stated that it currently anticipates it will not be able to begin SNF disposal until some time after 2010; the remaining allegations contained in paragraph 16 are plaintiff’s characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Defendant's responses to paragraphs 1 through 17 of the complaint are incorporated by reference.

19. The allegations contained in paragraph 19 constitute conclusions of law and plaintiff’s characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 constitute conclusions of law and plaintiff’s characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute conclusions of law and plaintiff’s characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. Defendant's responses to paragraphs 1 through 21 of the complaint are incorporated by reference.

23. Admits the allegations contained in the first sentence of paragraph 23 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 23. The allegations contained in the second sentence of paragraph 23 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; defendant avers that the Department of Energy has not accepted any commercial spent nuclear fuel and/or high-level radioactive waste under the auspices of the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270.

26. The allegations contained in paragraph 26 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

27. Defendant's responses to paragraphs 1 through 26 of the complaint are incorporated by reference.

28. The allegations contained in paragraph 28 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33. Defendant's responses to paragraphs 1 through 32 of the complaint are incorporated by reference.

34. Admits the allegation contained in the first sentence of paragraph 34. Denies the allegations contained in the second sentence of paragraph 34 and avers that plaintiff's net payments to the Nuclear Waste Fund as of December 31, 2005 have totaled no more than $205,636,418.

35. The allegations contained in paragraph 35 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 37, or to any relief whatsoever.

39. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

40. To the extent plaintiff seeks damages incurred before November 16, 1994, plaintiff's claim is barred by the applicable statute of limitations.

41. Plaintiff should be denied recovery of any and all costs incurred as a result of its failure properly to mitigate its damages.

42. To the extent that the contract was not definitized through the submission and acceptance of delivery commitment schedules, the contract is too indefinite to enforce.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Kevin B. Crawford
KEVIN B. CRAWFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-9640
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

RUSSELL A. SHULTIS
SONIA M. ORFIELD
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

April 20, 2006

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 20th of April, 2006, a copy of this "DEFENDANT'S ANSWER TO AMENDED AND SUPPLEMENTAL COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Heide L. Herrmann