IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY, Plaintiff, | ) | |
| v. | ) | No. 00-697C (Senior Judge Merow) |
| UNITED STATES, Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR ENTRY OF ORDER REGARDING PROPRIETARY DOCUMENTS AND SECURITY MATERIALS

Defendant, the United States, respectfully submits this unopposed motion and proposed order seeking special protection regarding proprietary documents developed and created by Holtec International, Inc. ("Holtec") and to secured information in documents provided by the Nuclear Regulatory Commission ("NRC"). Counsel for the Government has spoken with counsel for the plaintiff, Wisconsin Electric Power Company ("WEPCO"), and WEPCO's counsel has represented that it does not oppose this motion.

The Government and WEPCO have previously sought to have the protective order modified in this case to address certain proprietary materials that WEPCO is producing. Pursuant to a joint stipulation, the Court granted a request for special protection for Holtec's computer software rack price estimating software on May 31, 2006. On June 5, 2006, WEPCO filed an unopposed motion requesting the Court to vacate the May 31, 2006 order and issue a new order protecting additional Holtec proprietary information, including: (1) the computer software rack price estimating program; (2) a computer software rack weight estimating program; and (3) a generic wet storage specification (collectively, "Proprietary Documents"). That motion is currently pending before the Court.

Pursuant to WEPCO's discovery requests, the Government has sought to gather information that is in the custody of the NRC. Some of the documents requested by WEPCO are contained in a database that the NRC keeps from public view for national security or other reasons. Consequently, the parties have agreed that certain materials that the NRC has informed us must not be made available to the public at large and over which it needs to maintain control and accountability (hereafter referred to as "Security Materials") may be released only upon the limited distribution to designated individuals in accordance with a modified protective order in this case. This modification would also limit distribution of the particular documents designated as Security Materials to those involved in this particular case, restricting the general right under the existing protective order to share documents in spent nuclear fuel cases. Because the Security Materials that the NRC has currently designated for production are related to WEPCO's Point Beach nuclear reactor, they do not appear relevant to other spent fuel cases pending in this Court.

Accordingly, the Government requests that the Court vacate the order issued on May 31 2006. Pursuant to paragraph 7 of the Protective Order entered in this case on May 9, 2002, the Government requests and that the following protection with respect to the Proprietary Documents and to Security Materials: Any expert or consultant that views or uses the Proprietary Documents or Security Materials must execute an appropriate acknowledgment on one of the forms attached (Attachments 1 and 2), affirming that:

a. the expert or consultant will use the Proprietary Documents and/or Security Materials solely for consideration in connection with the instant action (*Wisconsin Electric Power Company v. United States,* 00-697C);

b. the expert or consultant will not disclose the Proprietary Documents and/or Security Materials to any third party or make any other use of the

Proprietary Documents and/or Security Materials, including any commercial use; and

c. upon final resolution of the action *Wisconsin Electric Power Company v. United States*, 00-697C, the Proprietary Documents must be provided back to plaintiff, Wisconsin Electric Power Company, for return to Holtec; the Security Materials must be provided back to the Government; the Proprietary Documents must be removed from the computers and from any other data recording devices used by the Government and its expert or consultants; the Security Materials must be removed from the computers and from any other data recording devices used by the WEPCO and its expert or consultants.

The parties will provide copies of each of the executed acknowledgments to opposing counsel within ten days of execution.

A proposed order is attached as part of this motion. (Attachment 3).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Kevin B. Crawford
KEVIN B. CRAWFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Phone: (202) 305-9640
Fax: (202) 307-2503
Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

June 9, 2006

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on June 9, 2006 a copy of this "DEFENDANT'S UNOPPOSED MOTION FOR ENTRY OF ORDER REGARDING PROPRIETARY DOCUMENTS AND SECURED MATERIALS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kevin B. Crawford