# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WISCONSIN ELECTRIC POWER COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 00-697C

Senior Judge Merow

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

Plaintiff, Wisconsin Electric Power Company ("WE"), opposes the Government's June 26, 2006 motion for an enlargement of time. WE will be materially prejudiced if the Government is allowed to yet again delay service of its expert submissions. The Government now seeks to push this deadline back until the eve of the Fourth of July holiday weekend. This will impair WE's ability to prepare for the deposition of Government expert Mr. Cliff Hamal, scheduled for July 12-14. Moreover, the cumulative effect of the Government's enlargement request jeopardizes the parties' ability to maintain the current, carefully-planned pretrial schedule. Therefore, WE respectfully requests that the Court deny the Government's motion. If the Court should decide to grant some schedule relief to the Government, WE respectfully requests that the deadline for the Government's expert submissions not be extended beyond Thursday, June 29, 2006.

The Government has already had ample extensions within which to compile its expert reports and discovery responses. The Government received WE's initial expert damages report almost a year ago, in July 2005. In addition, the Government has already been granted

extensions totaling 45 days within which to serve its expert reports and extensions totaling 25 days for its expert discovery responses. See Wisconsin Electric Power Co. v. United States, No. 00-697 (Fed. Cl. Apr. 7, 2006) (order granting enlargement for service of plaintiff's and defendant's expert reports); and Wisconsin Electric Power Co. v. United States, No. 00-697 (Fed. Cl. June 7, 2006) (order granting enlargement for service of defendant's expert reports, damages responses and discovery responses). Clearly, the Government has been afforded more than ample time to prepare these submissions and the Government has not provided adequate justification for this latest, last-minute extension request. For example, no sound reason has been offered for why DOE personnel could not have reviewed the Government's expert reports by June 26 given that the stated reason for the delay, the Pacific Gas & Electric trial, ended on June 15.

WE necessarily relied on the Government's commitment to the June 26, 2006 expert report submission deadline in scheduling its planned expert discovery. When the Government indicated that one of its proffered experts, Mr. Hamal, would be on an extended overseas vacation for much of August, WE accommodated Mr. Hamal's schedule by agreeing to depose him on July 12-14 prior to WE counsel's vacation.

During the recent discussions regarding the scheduling of the Hamal deposition, Government provided no indication that it would not meet the June 26, 2006 commitment. Only when prompted by WE counsel's telephone call last Friday (the last business day prior to the expert report deadline) to arrange for the June 26 service of the Government's report did the Government then disclose that its reports would not be served until Friday, June 30. WE counsel then asked whether WE could possibly receive the report of Mr. Hamal prior to

June 30 given the July 12-14 scheduled date for the Hamal deposition. Government counsel refused any such accommodation.

The Government's proposed extension also will prejudice WE's overall preparation for expert discovery. Receipt of the Government expert submission by June 26 would have enabled WE counsel and its experts some time to review and to discuss the Government's reports prior to the beginning of vacations in July. The Government's requested extension now may require WE to seek an extension of the August 18 expert discovery deadline. This, in turn, places in jeopardy the schedule for remaining pretrial activities.

For the foregoing reasons, we respectfully request that the Court deny the Government's requested enlargement. If the Court should grant some schedule relief to the Government, WE respectfully requests that the deadline for Government expert submissions not be extended beyond Thursday, June 29, 2006.

Dated: June 26, 2006

s/Richard W. Oehler by s/Emily C.C. Poulin
Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, Washington 98101-3099
Tel.: 206-583-8419
Fax: 206-583-8500
roehler@perkinscoie.com

*Attorney of Record for Plaintiff Wisconsin Electric Power Company*

Of Counsel:
Donald J. Carney
Perkins Coie LLP
607 Fourteenth St., NW
Washington, D.C. 20005
Tel.: 202-434-1675
Fax: 202-434-1690
dcarney@perkinscoie.com

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that, on June 26, 2006, I caused a copy of the foregoing "Plaintiff's Opposition to Defendant's Motion for an Enlargement of Time" to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Emily C.C. Poulin
Emily C.C. Poulin