IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00-697C (Senior Judge Merow) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STAY PROCEEDINGS

Pursuant to Rule 7(b)(1) of the Rules of the United States Court of Federal Claims, defendant, the United States, moves the Court to stay all proceedings in this matter pending the outcomes of the appeals of (1) Pacific Gas & Electric Co. v. United States, No. 07-5046 (Fed. Cir. docketed Jan. 24, 2007); (2) Yankee Atomic Electric Co. v. United States, 73 Fed. Cl. 249 (2006), No. 07-5025-5031 (Fed. Cir. docketed Dec. 7, 2006), and its two companion cases; (3) Sacramento Municipal Utility District v. United States, No. 98-488C 2006 WL 3490940 (Fed. Cl. Dec. 1, 2006) (appeal filed Feb. 2, 2007); and (4) Nebraska Public Power District v. United States, No. M-843 (Fed. Cir. docketed Jan. 8, 2007).

The Government seeks a stay for two reasons. First, the Government believes a stay is in the best interests of the parties, and also will serve the interests of judicial economy, during the pendency of six appeals currently before the United States Court of Appeals for the Federal Circuit. Five of these appeals, PG&E, SMUD, and the three Yankee Atomic appeals, are the

result of trials held in other spent nuclear fuel cases filed in this Court. These earlier trials addressed various issues that will also be addressed in the instant case and the resolution of these issues on appeal could significantly narrow the scope of the trial in this matter.[1] For instance, plaintiff has made the Government's performance obligation under the Standard Contract a key issue in this case. Plaintiff has argued that the Department of Energy ("DOE") would have accepted fuel "at a rate sufficient to eliminate the need for [WEPCO] to construct additional storage at Point Beach after January 31, 1998 and to reduce the amount of SNF that had build up at Point Beach." See Wisconsin Electric Power Company's Memorandum of Contentions of Fact and Law ("Pl.'s Br.") at 8-10. Thus, it contends that it would not have built a dry storage facility ("ISFSI") had DOE performed, but would have simply acquired a temporary rack in order to offload a full core during the 1996-1998 period. Pl.'s Br. at 22-25. The Government contends, to the contrary, that DOE was not obligated to accept spent nuclear fuel at any rate greater than that set forth in DOE's 1995 ACR. Therefore, for plaintiff to satisfy its burden of proof on causation, the Court must decide this issue in plaintiff's favor. As plaintiff acknowledges, in PG&E, this Court accepted the Government's theory regarding the rate. Pl.'s

---

[1] In addition to these cases, this Court has heard very similar issues addressed in Southern Nuclear Operating Company v. United States, No. 98-614C (Fed. Cl. filed July 29, 1998).

Br. at 24 n.16. If that decision should be upheld on appeal, the need for much of the parties' anticipated testimony, and for lengthy designations of deposition material, could be eliminated.

The other matter before the Federal Circuit, with critical importance for this case, is the interlocutory appeal of Nebraska Public Power District v. United States, 73 Fed. Cl. 650 (2006), certified for interlocutory review, No. 01-116C, 2006 WL 3754809 (Fed. Cl. Dec. 19, 2006). In that case, this Court found that a continuing writ of mandamus that the United States Court of Appeals for the District of Columbia Circuit issued, which prevents the Government from raising certain arguments relating to the "Unavoidable Delays" clause in the Standard Contract at issue here, is void ab initio and may be collaterally attacked in this Court. Id. It determined that the writ exceeded the jurisdiction of the D.C. Circuit and is not supported by the necessary waiver of sovereign immunity. Id. If the Federal Circuit were to affirm this decision, it would significantly alter the Government's presentation of its case at trial.

The Government also seeks to stay this case because the Government has recently learned that the lead attorney on the case, Mr. Crawford, will be leaving our office prior to trial to take a position in Houston, Texas. Although a few other attorneys have performed limited duties in assisting in the development of portions of this case, Mr. Crawford has conducted

the majority of the work on the case to date, and his involvement would have been essential to the Government's ability to prepare for trial, as currently scheduled. For instance, the Government has taken 36 depositions in this case totaling 52 days of testimony. Of these depositions, Mr. Crawford has taken 20 of the depositions, totaling 33 days of testimony. Thus, the other attorneys will be at a considerable disadvantage in preparing to examine numerous witnesses whose testimony at this point is only familiar to Mr. Crawford, and in gaining an understanding of the entirety of the case.

For all of the foregoing reasons, the Government requests that the Court stay proceedings in this matter.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Kevin B. Crawford
KEVIN B. CRAWFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Phone: (202) 305-9640
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SONIA M. ORFIELD
RUSSELL A. SHULTIS
MARIAN E. SULLIVAN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

February 5, 2007

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on February 5, 2007 a copy of this "DEFENDANT'S MOTION TO STAY PROCEEDINGS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sonia M. Orfield