Perkins Coie

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

Richard W. Oehler
PHONE: (206) 359-8419
FAX: (206) 359-9419
EMAIL: ROehler@perkinscoie.com

February 1, 2007

**BY FACSIMILE & U.S. MAIL**

Kevin B. Crawford
Marian Sullivan
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530

**Re: Wisconsin Electric v. United States, No. 00-697C**

Dear Counsel:

On behalf of Wisconsin Electric ("WE"), we are writing to raise for discussion with the Government several proposals to streamline the upcoming trial and to ease the burden of this proceeding on testifying witnesses. Based on the parties' Appendix A, Paragraph 15(a) witness lists, nearly fifty witnesses may be called to testify at trial. The majority of those witnesses do not reside in the Washington, D.C. area. Our hope is that, through these proposals, the parties can efficiently manage the presentation of testimonial evidence and reduce the number of witnesses or otherwise make trial more efficient.

First, WE proposes that witnesses in this case, subject to a few potential exceptions, be called to testify only once during the trial. The party calling the witness would conduct its direct examination and then the opposing party also would conduct its cross examination and any direct examination that it wishes to conduct at that time. Any follow-up questioning would also occur during the witness's one time on the stand. WE favors this approach so that the many fact witnesses who have to travel to Washington, DC for the trial do not have to make more than one trip.


ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES
MENLO PARK · OLYMPIA · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.
Perkins Coie LLP and Affiliates

WE is aware of one exception to this approach. Our present intention is to call a WE witness to testify twice on direct examination. The first appearance would be to orient the Court to the Point Beach Nuclear Plant ("PBNP"), its operation and spent nuclear fuel ("SNF") facilities. We would then later call this witness regarding the other subjects for which the witness was identified. Another exception, of course, would be witnesses called for rebuttal or surrebuttal.

Second, WE proposes that the parties consider whether they can reduce the number of witnesses that they expect to present through direct testimony at trial. WE is reviewing its list to determine whether WE can present its case through fewer witnesses. WE respectfully requests that the Government also revisit its witness list to determine if it can also delete any witnesses.

Third, as you know, this is Judge Merow's third SNF trial. Thus, he has already heard substantial evidence regarding the acceptance rate issue. WE is interested in discussing with the Government a substantial reduction or possible elimination of trial testimony regarding this issue at trial. For example, the parties potentially could agree upon stipulations of fact. Another possibility would be greater use of prior deposition and trial testimony.

Fourth, on a related point, WE has proposed to present the testimony of a number of DOE officials by prior trial and deposition testimony. WE is interested in whether the Government is intending to object to this approach and, if so, if the Government is willing to revisit its intention.

Fifth, WE is interested in learning about the Government's current expectation regarding the length of this trial. The parties previously jointly estimated that this trial would last three weeks. See Joint Motion to Revise the Court's Pretrial Scheduling Order (Dec. 19, 2005). WE is concerned, however, that the number of issues and volume of evidence in this trial may exceed the three week estimate. This may be the case even if the parties drop some witnesses as discussed above. We would like to know the Government's views regarding the anticipated duration of trial in this case and whether we should inform the Court now regarding a revision in the estimated duration of trial. WE also would like to know if the trial requires more than three weeks whether that would present an issue for the schedule of Government counsel.

Finally, we are interested in any proposals that the Government may have regarding potential methods to streamline trial in this matter.

We are available to discuss these issues in a conference call. We would suggest that you email us with several proposed times and consider that I am located in the western time zone.

Very truly yours,

Richard W. Oehler

Richard W. Oehler

cc: Catherine Phillips
Donald J. Carney