No. 00-697C
(Senior Judge Merow)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WISCONSIN ELECTRIC POWER COMPANY,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

# DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

HAROLD D. LESTER, JR.
Assistant Director

KEVIN B. CRAWFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-9640
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue S.W.
Washington, D.C. 20585

MARIAN E. SULLIVAN
RUSSELL A. SHULTIS
SONIA M. ORFIELD
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

February 9, 2007

TABLE OF CONTENTS

PAGE

DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2) . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . 2

DISCUSSION . . . . . . . . . . 3

I. WEPCO'S DESIGNATIONS SHOULD BE STRICKEN BECAUSE THEY SHOULD NOT BE ADMITTED INTO THE RECORD OF THIS CASE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(D) WITHOUT THIS COURT'S DETERMINATION THAT THEY, IN FACT, CONSTITUTE ADMISSIONS . . . . . . . . . . 3

II. WEPCO HAS FAILED TO ESTABLISH AN INDEPENDENT BASIS FOR THE ADMISSION OF THE DESIGNATED TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2) . . . . . . . . . . 5

A. WEPCO Has Identified No Basis Upon Which To Avoid Its Burden Of Establishing The Admissibility Of Each Of Its Proposed Designations . . . . . . . . . . 5

B. WEPCO Cannot Introduce Testimony From Individuals Who Were Not Employees Of The Federal Government At The Time Of Their Designated Testimony . . . . . . . . . . 7

C. WEPCO Cannot Introduce Testimony From Individuals Who Were Never Employed By The Federal Government . . . . . . . . . . 8

III. WEPCO HAS NOT MADE THE PROPER SHOWING AS TO WHY DESIGNATED TESTIMONY SHOULD BE ALLOWED TO BURDEN THE RECORD . . . . . . . . . . 9

A. WEPCO Has Failed To Establish Good Cause For Using Deposition Designations *In Lieu* Of Live Testimony At Trial . . . . . . . . . . 9

B. When There Has Been No Showing Of Unavailability, There Is A Strong Preference For Live Testimony . . . . . . . . . . 12

TABLE OF CONTENTS (cont'd)

IV. TO THE EXTENT THAT WITNESSES DISCUSS EXHIBITS IN THEIR DESIGNATED TESTIMONY, NSP'S DESIGNATIONS CONFLICT WITH NSP'S OBLIGATION TO ESTABLISH PROPER FOUNDATION FOR THE ADMISSION OF EXHIBITS . . . . . . . . . . . . . . . . . 16

V. ALTHOUGH MR. MORGAN'S PRIOR TESTIMONY CANNOT BE ADMITTED PURSUANT TO FRE 801(d)(2)(D), THE COURT SHOULD PERMIT BOTH PARTIES TO RELY UPON HIS PAST TESTIMONY PURSUANT TO RCFC 32(a) . . . . . . . . . . . . . . . . . . . . . . . . . . 17

VI. NOTWITHSTANDING NSP'S FAILURE TO DEMONSTRATE THE ADMISSIBILITY OF DEPOSITION TESTIMONY IN THIS CASE, THE GOVERNMENT SUBMITS ITS OBJECTIONS AND COUNTER-DESIGNATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

TABLE OF AUTHORITIES

CASES PAGE(S)

Aliotta v. National R.R. Passenger Corp.,
315 F.3d 756 (3d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

American Eagle Insurance Co. v. Thompson,
85 F.3d 327 (8th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

American Steel Works v. Hurley Construction Co.,
46 F.R.D. 465 (D. Minn. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Angelo v. Armstrong World Industrial,
11 F.3d 957 (10th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Banks v. Yokemick,
144 F. Supp. 2d 272 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Carden v. Westinghouse Electric Co.,
850 F.2d 996 (8th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Delaware v. Van Arsdall,
475 U.S. 673 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Evans v. Port Authority of New York & New Jersey,
192 F. Supp. 2d 247 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Globe Savings Bank v. United States,
61 Fed. Cl. 91 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 15

Grimna v. Makousky,
76 F.3d 151 (7th Cir. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Harris v. Itzhaki,
183 F.3d 1043 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Kolb v. County of Suffolk,
109 F.R.D. 125 (E.D.N.Y. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12, 13

Long Island Savings Bank v. United States,
63 Fed. Cl. 157 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 7, 8

TABLE OF AUTHORITIES (cont'd)

Pacific Gas & Electric Co. v. United States,
73 U.S. 333 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Renda Marine, Inc. v. United States,
66 Fed. Cl. 639 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Robertson v. National R.R. Passenger Corp.,
No. 98-1397, 1999 WL 280407 (E.D. La. May 3, 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 8

Sacramento Municipal Utility Dist. v. United States,
No. 98-488C (Fed. Cl. March 16, 2005) (unpublished) . . . . . . . . . . . . . . . . . . . . . . . . . 11

Sea-Land Serv., Inc. v. Lozen Int'l, Inc.,
285 F.3d 808 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

Selby v. Pepsico, Inc.,
784 F. Supp. 750 (N.D. Cal. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Shapiro, Lifschitz, & Schram, P.C. v. Hazard,
90 F. Supp. 2d 15 (D.D.C. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v. Blum,
62 F.3d 63 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

United States v. Holmes,
44 F.3d 1150 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

United States v. International Business Machines Corp.,
90 F.R.D. 377 (S.D.N.Y. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Mathis,
559 F.2d 294 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Yankee Atomic Electric Co. v. United States,
No. 98-126C, 2004 WL 2450874 (Fed. Cl. Sept. 17, 2004) . . . . . . . . . . . . . . . . . . . . . . . 9

Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc.,
216 F.R.D. 521 (D. Utah 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Young v. James Green Management, Inc.,
327 F.3d 616 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

TABLE OF AUTHORITIES (cont'd)

MISCELLANEOUS PAGE(S)

Fed. R. Evid. 801(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Fed. R. Evid. 804(b)(1), Advisory Committee Notes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142 (2d ed. 1994) . 14

# INDEX TO ATTACHMENT AND APPENDIX

ATTACHMENT A:

Defendant's Objections To Designations Of Wisconsin Electric Power Company, And Defendant's Counter-Designations

APPENDIX:


Document — Page

Transcript of Deposition Testimony of Edward Benz, *Yankee Atomic v. United States*, May 14, 2002 . . . . . 1

Transcript of Deposition Testimony of Billy Cole, Coordinated Discovery Proceedings, March 12-13, 2002 . . . . . 4

Transcript of Deposition Testimony of Daniel Dreyfus, *Yankee Atomic*, May 15, 2002 . . . . . 18

Transcript of Deposition Testimony of Michael Lawrence, Coordinated Discovery Proceedings, May 20, 2002 . . . . . 21

Transcript of Deposition Testimony of Patrick McDuffie, Coordinated Discovery Proceedings, March 18, 2002 . . . . . 35

Transcript of Deposition Testimony of Robert Morgan, Coordinated Discovery Proceedings, March 21, 2002 . . . . . 40

Transcript of Deposition Testimony of Ben Rusche, *Yankee Atomic*, May 16, 2002 . . . . . 49

Transcript of Deposition Testimony of Lake Barrett, Coordinated Discovery Proceedings, April 22, 2002 . . . . . 53

Transcript of Deposition Testimony of Alan Brownstein, Coordinated Discovery Proceedings, April 9, 2002 . . . . . 60

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00-697C |
| | ) | (Senior Judge Merow) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

Defendant respectfully requests that the Court strike "Plaintiff's Deposition And Trial Testimony Designations," that plaintiff, Wisconsin Electric Power Company ("WEPCO"), filed on December 18, 2006. Although WEPCO "seeks to have this admissible evidence admitted in advance of trial," WEPCO has failed to establish any foundation for the designated testimony or to establish that the designated testimony constitutes "admissions" of the United States. Further, WEPCO cannot establish that the designations of several individuals constitute "admissions" because the individuals were not employed by the United States at the time of their testimony. To the extent that the Court does not strike those designations from the record of this case, defendant alternatively requests that the Court require that the testimony which WEPCO seeks to designate be read into the record at trial, after the Court has ruled upon the Government's objections to any testimony, and that the Government be allowed to read into the record any counter-designations that it believes are necessary to complete the record.

SUMMARY OF ARGUMENT

WEPCO has proffered extensive deposition and previous trial testimony of 19 past and present Government employees or contractor employees, consisting of almost an additional 2300 pages, for the Court to consider as substantive evidence.[1] Rather than filing a motion seeking to have this Court review the proposed designations to determine whether they, as WEPCO claims, all properly constitute "admissions" by the United States pursuant to Federal Rule of Evidence ("FRE") 801(d)(2), WEPCO has merely filed them with the Court through a "notice," apparently simply including them in the record of this case under an assumption that WEPCO is entitled to have them all used as "admissions" without any Court review.

Contrary to WEPCO's apparent belief, it is the Court, not WEPCO, that must determine whether the proposed designations properly constitute "admissions" of the United States. Because WEPCO did not file a motion seeking the Court's review of these designations, but, instead, merely included them in the record of this case as predetermined "admissions," we respectfully request that the Court strike WEPCO "notice" from the case. Even if the Court considered WEPCO's "notice" to constitute a motion to deem the designated testimony as admissions of the Government, WEPCO has failed to make the required showing under FRE 801(d)(2) that the testimony which it has designated may properly be considered to be the

[1] WEPCO seeks to introduce by designation the deposition and trial testimony of Lake Barrett, Edward Benz, Alan Brownstein, Billy Cole, Tammy Croote, Daniel Dreyfus, Susan Klein, Christopher Kouts, Michael Lawrence, Patrick McDuffie, Ronald Milner, Robert Morgan, Thomas Pollog, Peter Rabideau, Robert Rosselli, Ben Rusche, Nancy Slater (Thompson), Victor Trebules, and David Zabransky. On its exhibit list, WEPCO has identified Mr. Zabransky as a witness whom it "expects to present" and the remaining individuals as "current/former DOE and contractor personnel that WEPCO expects to present by deposition or trial testimony." Messrs. Kouts, Pollog, Rabideau, and Zabransky and Ms. Croote are on the Government's witness list, and the Government currently plans to call these witnesses at trial.

admission of a party opponent, and it has ignored or failed to identify numerous objections to the testimony upon which the Court must rule before the testimony could be admitted into the record of this case. WEPCO also has not overcome the preference for live testimony and met its burden to show cause as to why these designations should be allowed. Because the designated testimony is irrelevant, incomplete, or subject to extensive objections, WEPCO should not be allowed to burden the record with its admission. To the extent that the Court allows WEPCO's designations to become part of the record, in whole or in part, we respectfully request that the Court require that the designations be read into the record, after the Court has ruled upon the objections that are contained in the testimony that WEPCO has designated, pursuant to RCFC 32(b), and consider the deposition testimony that the Government has counter-designated, pursuant to FRE 106 and RCFC 32(a)(4). The list of these objections and counter-designations, for the individuals not expected to testify, are found in Attachment A to this response.[2]

## DISCUSSION

### I. WEPCO'S DESIGNATIONS SHOULD BE STRICKEN BECAUSE THEY SHOULD NOT BE ADMITTED INTO THE RECORD OF THIS CASE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(D) WITHOUT THIS COURT'S DETERMINATION THAT THEY, IN FACT, CONSTITUTE ADMISSIONS

In the "notice" of deposition and trial testimony designations that it filed on December 18, 2006, WEPCO states that "RCFC Appendix A, ¶ 15(b) provides that a party is required to

[2] As we demonstrate below, WEPCO should not be allowed to burden the record with deposition and prior trial testimony of those individuals expected to testify at trial. The Government has not provided objections for the designated testimony of those individuals that the Government expects to testify at trial (Messrs. Kouts, Pollog, Rabideau, and Zabransky and Ms. Croote). If the Court denies the Government's motion to strike on this basis, we respectfully request that the Court allow us to file objections and counter-designations for the designated testimony for those individuals at a later date to be determined after trial.

file a motion for leave to present deposition testimony as substantive evidence only if that testimony is not otherwise admissible under Fed. R. Evid. 801(d).'" WEPCO Notice, at 1 (Dec. 18, 2006) (italics in original) (quoting RCFC App. A ¶ 15(b)). Claiming that all of its proposed designations constitute "admissions" by the United States pursuant to FRE 801(d)(2), WEPCO then filed a "notice" of its designations, without any motion requesting that the Court determine whether the proposed designations actually constitute "admissions" under the identified Federal Rule of Evidence. The lack of a motion seeking the Court's review and admission of these proposed designations, as opposed to WEPCO's mere admission of the designations into the record of this case without any Court review and approval, is inappropriate.

To be admissible pursuant to Rule 801(d)(2)(D), a party must establish that the testimony meets three requirements: (1) that the statement is made by the party that offered it; (2) that the statement concerns matters within the scope of the "agency or employment"; and (3) that the statement was made during the existence of the relationship. Long Island Savings Bank v. United States, 63 Fed. Cl. 157, 164-65 (2004); Globe Savings Bank v. United States, 61 Fed. Cl. 91, 97 (2004); Aliotta v. National R.R. Passenger Corp., 315 F.3d 756, 761 (3d Cir. 2003). Although a party certainly must identify the specific testimony that it wants to designate for inclusion in the trial record, "the burden of establishing admissibility, of course, is with the proponent of the evidence." Evans v. Port Auth. of N.Y. & N.J., 192 F. Supp. 2d 247, 263 n.121 (S.D.N.Y. 2002). The Court is the ultimate decision-maker regarding these two factors. See Long Island, 63 Fed. Cl. at 164; Globe, 61 Fed. Cl. at 97; Aliotta, 315 F.3d at 761. Specifically, it is the burden of "the proffering party to lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's employment," Sea-Land Serv., Inc.

v. Lozen Int'l, Inc., 285 F.3d 808, 821 (9th Cir. 2001) (quoting Harris v. Itzhaki, 183 F.3d 1043, 1054 (9th Cir. 1999)), and constitutes an admission. "When a court is evaluating whether such a foundation has been established, '[t]he contents of the statement shall be considered but are not alone sufficient to establish . . . the agency or employment relationship and scope thereof.'" Id. (quoting Fed. R. Evid. 801(d)(2)).

Because WEPCO appears to attempt to remove from the Court's purview any review of its proposed admissions, the Court should strike WEPCO's "notice" of designations. To the extent that the Court considers WEPCO's "notice" as a motion to deem the proposed testimony designations as admission of the United States pursuant to FRE 801(d)(2), we have attached to this motion a list of objections to those designations, including WEPCO's failure to identify any testimony that would establish any foundation for the proposed "admissions." Below, we further discuss specific objections to the proposed designations, to the extent that the Court considers WEPCO's "notice" as a motion to deem testimony as admissions.

## II. WEPCO HAS FAILED TO ESTABLISH AN INDEPENDENT BASIS FOR THE ADMISSION OF THE DESIGNATED TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)

### A. WEPCO Has Identified No Basis Upon Which To Avoid Its Burden Of Establishing The Admissibility Of Each Of Its Proposed Designations

In its "notice," WEPCO asserts that it need not comply with the requirements of RCFC 32(a) in submitting its testimony designations because all of the designated testimony is admissible as an admission of a party opponent, pursuant to FRE 801(d)(2). WEPCO relies upon the Court's decision in Globe Savings Bank v. United States, 61 Fed. Cl. 91 (2004), in which the Court held that a party need not show cause for the admission of deposition testimony, pursuant to RCFC 32(a), if the Federal Rules of Evidence, in particular the rule concerning admissions of

a party opponent in FRE 801(d), provide an independent basis for the admission of the deposition testimony. Id. at 95 (2004);[3] see Long Island Savings Bank v. United States, 63 Fed. Cl. 157, 163 (2004). However, consistent with other court decisions, the Court in Globe and Long Island required a showing that the testimony that the plaintiffs sought to designate in each case properly met the requirements of FRE 801(d)(2) as an admission of a party opponent. See Sea-Land, 285 F.3d at 821; Carden v. Westinghouse Elec. Co., 850 F.2d 996, 1002 (8th Cir. 1998); Selby v. Pepsico, Inc., 784 F. Supp. 750, 757 (N.D. Cal. 1991). WEPCO has made no attempt to meet these requirements for much of the testimony that it has designated.

Rule 801(d)(2) provides, in pertinent part, as follows:

> Admission by a party-opponent. The statement is offered against a party and is . . .(D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, . . .

Fed. R. Evid. 801(d)(2). In Globe and Long Island, the Court conducted an analysis of the testimony designated to ensure that it met the requirements of the rule. Globe, 61 Fed. Cl. at 96-97; Long Island, 63 Fed. Cl. at 164-65. Specifically, the Court required the plaintiffs to establish that: (1) the statements were made by the party, the United States, against whom the statements

---

[3] The factual difference between the instant case and Globe provides a proper basis for limiting the application of the analysis in Globe. The plaintiff in Globe was successful in offering into evidence portions of the deposition testimony of a single individual as the admission of a party opponent. Globe, 61 Fed. Cl. at 95. However, in this case, WEPCO seeks to admit the deposition and trial testimony of 19 individuals as substantive evidence. Other courts have recognized that deposition testimony conceded to be an admission under FRE 801(d)(2)(D) should not be used in place of the deponent's live trial testimony when the deponent is readily available to testify at trial. Kolb v. County of Suffolk, 109 F.R.D. 125, 127 (E.D.N.Y. 1985). WEPCO's wholesale designation of deposition testimony, rather than providing proper trial testimony, amounts to a "trial by deposition," which is disfavored in the Federal courts. Id.

were being offered; (2) the subject matter of the testimony designated matched the "subject matter of the employee's job description;" and (3) all of the individuals for whom testimony was designated were employees of the United States Government at the time of their depositions. Id. (citations omitted). For example, with respect to Susan Klein, WEPCO only has designated Ms. Klein's testimony that her position was as a "senior policy advisor" to Mr. Lake Barrett, Deputy Director, OCRWM, and that she had held that position since 1997. See Klein Deposition, Apr. 24, 2002, 11:10-12:15. WEPCO provides no further testimony regarding the scope of Ms. Klein's responsibilities. WEPCO has failed to provide the Court with the evidence necessary to make similar determinations regarding the extensive deposition testimony that it seeks to designate as admissions of a party opponent.

### B. WEPCO Cannot Introduce Testimony From Individuals Who Were Not Employees Of The Federal Government At The Time Of Their Designated Testimony

WEPCO cannot seek to admit the testimony of Daniel Dreyfus, Michael Lawrence, Robert Morgan, or Ben Rusche pursuant to FRE 801(d)(2). Although all four of these individuals had once been employed by the Federal Government, none were Federal employees at the time of their depositions or trial testimony. App. 20, 22, 41, 50.[4] To fall within the parameters of FRE 801(d)(2)(D), the individual making the statements at issue must have been an employee or agent of the party opponent when the statement constituting the alleged admission was made. See, e.g., Young v. James Green Mgt., Inc., 327 F.3d 616, 622-23 (7th Cir. 2003) (statements made by former employees of party, who were not employed by party at time of statement, cannot be party admissions under FRE 801(d)(2)(D)); Shapiro, Lifschitz, &

[4] "App. __" refers to the appendix to this motion.

Schram, P.C. v. Hazard, 90 F. Supp. 2d 15, 18 n.3 (D.D.C. 2000) ("affidavit does not qualify under the party admission exception in Fed. R. Evid. 801(d)(2)(D) because O'Riordan is a former employee"); Robertson v. National R.R. Passenger Corp., No. 98-1397, 1999 WL 280407, at *1 (E.D. La. May 3, 1999) ("statement issued by a former employee after the employment ceases, is inadmissible under Rule 801(d)(2)(D)"). Indeed, WEPCO has not attempted to make any showing under RCFC 32(a) that would permit the introduction of this testimony as evidence in this case. See Long Island, 63 Fed. Cl. at 165 (Court analyzed admission of deposition testimony pursuant to RCFC 32(a) because individual was not an employee of the Federal Government at the time of his deposition). In any event, there is no basis for the admission of any of the designations from Messrs. Dreyfus, Lawrence, Morgan, and Rusche.[5]

### C. WEPCO Cannot Introduce Testimony From Individuals Who Were Never Employed By The Government

WEPCO also seeks to designate the testimony of Messrs. Benz, Cole, and McDuffie, none of whom were ever employed by the Federal Government. Instead, Mr. Benz was employed by a contractor to DOE at the time of his deposition and Messrs. Cole and McDuffie had retired from their employment by contractors at the time of their depositions. App. 2, 14, 36. WEPCO has submitted no evidence that these individuals were "agents" of the United States and that their statements should somehow be attributed as "admissions" of the United States. See American Eagle Ins. Co. v. Thompson, 85 F.3d 327, 333 (8th Cir. 1996) (proffering party has

[5] Perhaps recognizing that it cannot establish the necessary basis for the admission of these individuals' testimony pursuant to FRE 801(d)(2)(D), WEPCO has identified these individuals on its witness list.

burden of "establishing the necessary agency relationship" under FRE 801(d)(2)(D)). Accordingly, the prior testimony of Messrs. Benz, Cole, and McDuffie similarly cannot be designated as an "admission" by the United States under FRE 801(d)(2)(D).

In response to the Government's motion to strike, WEPCO may cite this Court's decision in Yankee Atomic Electric Co. v. United States, No. 98-126C, concerning the admission of documents prepared by contractors for the Office of Civilian Radioactive Waste Management over the Government's objection that these documents constitute hearsay. Yankee Atomic Electric Co. v. United States, No. 98-126C, 2004 WL 2450874, at *11 (Fed. Cl. Sept. 17, 2004). Although the Court, in that order, examined the nature of the relationship between the Office of Civilian Radioactive Waste Management ("OCRWM") and its contractors to determine whether FRE 801(d)(2) was a possible avenue for the admission of these documents, the Court ultimately did not rule upon that issue, instead deferring consideration until post-trial briefing. Id. Moreover, a finding that reports prepared at the request of DOE and with DOE's review constitute "admissions" pursuant to FRE 801(d)(2) cannot be expanded to allow the admission of statements of an individual contractor or former contractor employee who has been required to testify pursuant to subpoena for which the agency has not authorized the statements.

## III. WEPCO HAS NOT MADE THE PROPER SHOWING AS TO WHY DESIGNATED TESTIMONY SHOULD BE ALLOWED TO BURDEN THE RECORD

### A. WEPCO Has Failed To Establish Good Cause For Using Deposition Designations *In Lieu* Of Live Testimony At Trial

WEPCO has sought the admission of the testimony of 19 individuals from 63 days of deposition or trial, consisting of approximately 2300 additional transcript pages for the Court to

consider.[6] WEPCO has made no effort to show that any of the witnesses whose deposition testimony it has designated are unavailable to testify at trial. Moreover, the testimony is irrelevant, incomplete, and replete with objections, all of which need to be ruled upon before the Court considers its substance. Because WEPCO has failed to meet its burden to show why this testimony should be admitted, the Court should exclude it from the record.

Pursuant to paragraph 15(b) of Appendix A of the Court's rules, WEPCO must show "good cause" for using designated deposition and trial testimony, "other than as provided by [FRE] 801(d)." See RCFC, App. A, ¶ 15(b) ("Any party intending to present substantive evidence by way of deposition testimony . . . *shall show cause* why the deposition testimony should be admitted") (emphasis added)); see also Angelo v. Armstrong World Industrial, 11 F.3d 957, 963 (10th Cir. 1993) (proponent of using deposition testimony at trial bears the burden of proving that it is admissible in lieu of live testimony under Rule 32 of the Federal Rules of Civil Procedure). Although paragraph 15(b) of Appendix A itself does not expressly require that a party "show cause" in a written motion regarding the admission of FRE 801(d) evidence, it is clear that this Court has a preference for live testimony and that, even though FRE 801(d) evidence may be presented at trial and supported orally, the party seeking to introduce duplicative, cumulative, and unnecessary evidence must properly support that request.

In its "notice" of the designations, WEPCO asserts only that its designations are proper because they will "streamline the parties' trial preparation and reduce trial time and cost." WEPCO Notice, at 1 (Dec. 18, 2006). However, this reason does not amount to sufficient

---

[6] This number of pages almost equals the size of the transcript of the trial proceedings in Southern Nuclear Operating Co. v. United States, No. 98-614C (Fed. Cl.), which totaled approximately 2400 pages.

"cause" to permit WEPCO to justify the designation of a substantial amount of testimony that will likely double the amount of testimony that the Court will be required to sift through in reaching its decision in this matter. Although WEPCO claims in its notice that it seeks to "reduce" its trial time by avoiding calling live witnesses, it is actually attempting to supplement its designated trial time. Further, particularly to the extent that the Government will have to address some of the out-of-context designated statements in these deposition designations with live witnesses, WEPCO's use of designations prejudices the Government by increasing the amount of live testimony that the Government will have to present.

Significantly, WEPCO has designated testimony of three individuals – Messrs. Kouts, Pollog, and Zabransky – whom the Government expects to call in its case-in-chief. WEPCO also has designated the testimony of an individual -- Mr. Zabransky – whom WEPCO has indicated it "will" call. If these individuals testify, as expected, WEPCO will have burdened the record with additional testimony that could have been elicited during cross-examination. See Renda Marine, Inc. v. United States, 66 Fed. Cl. 639, 645 (2005) (citing United States v. Int'l Bus. Machs. Corp., 90 F.R.D. 377, 382 (S.D.N.Y. 1981)) (disregarding designated deposition testimony of witnesses who testified at trial); Sacramento Municipal Utility Dist. v. United States, No. 98-488C, order, at 2 (Fed. Cl. March 16, 2005) (unpublished) (denying motion to designate prior testimony of witnesses who were to testify at trial). While we believe that WEPCO should not be allowed to designate testimony from witnesses who will testify at trial, to the extent that the

Court allows it, we ask that WEPCO be barred from cross-examining these witnesses upon the topics that are the subject of WEPCO's designations.[7]

B. When There Has Been No Showing Of Unavailability, There Is A Strong Preference For Live Testimony

WEPCO proffers no evidence, and makes no suggestion, that any of the 19 witnesses whose deposition and trial testimony that it has designated have been or are unavailable to testify at the trial in this case. The Government is prepared to assist in making all former and current Government witnesses who appear upon WEPCO's proposed designation list available for trial, but, to date, we have received no inquiries from counsel for WEPCO regarding the availability of these individuals for trial. Even deposition testimony conceded to be an admission under FRE 801(d)(2)(D) should not be used in place of the deponent's live trial testimony when the deponent is readily available to testify at trial. Kolb, 109 F.R.D. at 127. WEPCO should be required to present its case through live testimony at trial and should not be permitted to avoid this obligation by forcing the Court and the Government to read and analyze hundreds of pages of proposed testimony in addition to the evidence that WEPCO presents at trial.

[7] Because of WEPCO's designations, this Court must review voluminous snippets of substantive testimony, replete with objections, as well as counter-designations, themselves replete with objections, and rule upon all objections, in order to admit the testimony into evidence. RCFC 32(d)(3)(A) ("Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if present at that time"). By submitting volumes of deposition testimony, WEPCO not only attempts to supplement its trial time, but also will significantly increase the Government's out-of-trial work.

WEPCO's failure to make a showing of unavailability flies in the face of established precedent. The preference for live testimony, when available, has been well-established by the courts:

> In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court-declarant. See McCormick Evidence 2d § 244. The jury's observation of the demeanor of the witness and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference even though the out-of-court statement had been given under oath.

United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977); see Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand") (quoting from Judge Learned Hand in Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person"). Live testimony is necessary to provide this Court with an opportunity to evaluate the witnesses' demeanor during the discussion of events in which the witnesses were involved. Clearly, the reading of a deposition transcript does not serve as an adequate alternative to evaluation of the witness' testimony in person. See American Steel Works v. Hurley Construction Co., 46 F.R.D. 465, 470 (D. Minn. 1969) ("[t]he taking of a deposition is not equivalent to having 'live' testimony"); see also Grimna v. Makousky, 76 F.3d 151, 153 (7th Cir. 1966) ("strong preference of Anglo-American courts for live testimony"); Kolb, 109 F.R.D. at 127 ("when depositions are submitted in place of live testimony, the trial judge is denied the opportunity to question the witness . . . [c]learly,

testimony by deposition is less desirable than oral testimony and should be used as a substitute only under very limited circumstances.”). The preference for live testimony is recognized in Rule 32 itself, which provides that the Court may allow deposition testimony to be introduced unless it finds “it is not in the interests of justice, *with due regard to the importance of presenting the testimony of witnesses orally in open court* . . .” RCFC 32(a)(3)(E)(ii) (emphasis added).

The inquiry on the admissibility of deposition and trial transcripts under RCFC 32 is further informed by this “long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person.” 8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142, at 158 (2d ed. 1994) (discussing FRCP 32); see Fed. R. Evid. 804(b)(1), Advisory Committee Notes (1972) (“testimony given on the stand in person is preferred over hearsay,” such as a witness’ former testimony, and “tradition, founded in experience, uniformly favors the production of the witness if he is available” because the “opportunity to observe demeanor is what in a large measure confers depth and meaning upon oath and cross-examination”). WEPCO’s introduction into evidence of deposition and trial testimony designations deprives the Court of the opportunity to see witnesses respond to questions, explain their testimony, as well as respond to any questions asked by the Court. Because this Court possesses national jurisdiction and can summon witnesses to testify form throughout the United States when necessary (RCFC 63), this Court should adhere to the strong preference for live testimony and reject WEPCO’s attempt to eliminate the need to present such testimony to the Court.

Finally, even if the Court in Globe is correct that deposition testimony satisfying the requirements of FRE 801(d)(2) is admissible even if the witness is available to testify, this Court retains the discretion to preclude wholesale introduction of the massive amounts of deposition testimony that WEPCO proposes to introduce, which threaten to transform this case into a document review case without testimony. See RCFC 1. A party's right to present its case in the manner that it desires "must be balanced against a court's leave to set reasonable limits on the admission of evidence." United States v. Blum, 62 F.3d 63, 67 (2d Cir. 1995) (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). "[J]udges are accorded 'wide latitude' in excluding evidence that poses an undue risk of 'harassment, prejudice [or] confusion of the issues' or evidence that is 'repetitive or only marginally relevant.'" Blum, 62 F.3d at 67 (quoting Van Arsdall, 475 U.S. at 679); see United States v. Holmes, 44 F.3d 1150, 1157 (2d Cir. 1995) ("[a]bsent a clear abuse of discretion, a trial judge retains a wide latitude to exclude irrelevant, repetitive, or cumulative evidence"); see also Pacific Gas & Electric Co. v. United States, 73 Fed. Cl. 333, 442 (2006) (court struck deposition designations not relied upon by parties in post-trial briefing to avoid burdening the record, pursuant to FRE 403). Under the Rules, this Court possesses the clear authority to exclude the wholesale introduction of designated testimony, in place of live testimony.

## IV. TO THE EXTENT THAT WITNESSES DISCUSS EXHIBITS IN THEIR DESIGNATED TESTIMONY, WEPCO'S DESIGNATIONS CONFLICT WITH WEPCO'S OBLIGATION TO ESTABLISH PROPER FOUNDATION FOR THE ADMISSION OF EXHIBITS

WEPCO's designations are replete with testimony concerning documents that were identified as exhibits during the deposition or at trial. These designations are problematic because it is not clear from the designations what document is being discussed or whether a proper foundation has been laid for the witness to testify about that specific document. For example, WEPCO has designated Mr. Barrett's testimony about the statements contained in a document generated by a group within OCRWM that did not include Mr. Barrett about studies that were undertaken by OCRWM.

> Q: Do you know what the, or are you familiar with the system study that is being referred to in this entry?
>
> A: Not this specific one.
>
> Q: Do you have a general understanding of the system study being referred to here?
>
> [Objection]
>
> A: There were various studies done in the eighties and also in the very early nineties on system performance rate, you know, what the costs were, schedules were, plausibility of them.
>
> Q: And these system studies looked at system issues, correct?
>
> A: Yes.
>
> Q: And am I correct that each one of these studies to which you've just referred confirmed an acceptance rate, an aggregate acceptance rate of 3,000 MTU per year?
>
> [Objection]

> A: I think its overstated to say it confirmed it. It showed that, you know, at 2,000 it does this, at 3,000 it does that, 4,000 it does something different. I don't know if they actually reached an absolute confirmation that 3,000 was the exact number, but generally they supported the system rate of 3,000 was a reasonable number.

App. 57-58 (Barrett Dep., April 22, 2002, 197:4-197:22). It is unclear whether the document about which Mr. Barrett was being asked or the "various system studies" to which Mr. Barrett referred will be made part of the trial record. Similarly, WEPCO has designated testimony about documents that the witness had never seen or had no recollection. For example, WEPCO has designated the testimony of Mr. Brownstein regarding a document that he testified he had never seen before his deposition. App. 62-68 (Brownstein Dep., Apr. 9, 2002, 74:15-80:24). By including these designations, WEPCO is apparently trying to provide the Court with testimony about documents that the Court will not have the ability to review or evaluate. These designations do not provide the Court with the benefit of an explanation as to why the documents are important or, conversely, why the documents should be disregarded.[8] For these reasons, the designations that concern documents should not be admitted by the Court.

## V. ALTHOUGH MR. MORGAN'S PRIOR TESTIMONY CANNOT BE ADMITTED PURSUANT TO FRE 801(d)(2)(D), THE COURT SHOULD PERMIT BOTH PARTIES TO RELY UPON HIS PAST TESTIMONY PURSUANT TO RCFC 32(a)

Although WEPCO cannot properly introduce Mr. Morgan's past testimony pursuant to FRE 801(d)(2)(D) because he was not a Federal employee at the time of that testimony, the Court should permit both parties to introduce portions of Mr. Morgan's past testimony, and to

[8] When we have been able to discern that the designated testimony concerns a document that may or may not be identified in the testimony excerpted, we have lodged a "best evidence" objection. See Attachment A.

rely upon that past testimony as substantive evidence, pursuant to RCFC 32(a) to preclude the need for Mr. Morgan, yet again, to travel to Washington, D.C., to testify regarding contract formation issues about which he has already repeatedly testified in several trials before this Court. As the Court is aware, the Government originally requested that the Court consolidate the SNF cases, in part to permit for coordinated discovery and to permit former Federal employees, like Mr. Morgan, to testify once, and only once, regarding matters that are relevant in all of the SNF cases. The Court did not grant the Government's request, and, as a result, Mr. Morgan, who was involved in the formation of the Standard Contract at issue in this case, has now testified in the trial of the three Yankee Atomic cases, the trial in Tennessee Valley Authority, the trial in Pacific Gas & Electric Co. v. United States, Nos. 04-0074C & -0075C (Fed. Cl.), and the recent trial in Northern States Power Co. v. United States, No. 98-484C(Fed. Cl.).[9] He was also extensively deposed in the coordinated discovery proceedings about his work at the Department of Energy prior to his retirement in 1988. Given Mr. Morgan's age, the fact that he retired from Federal service approximately 18 years ago, and the repetitive and duplicative nature of the testimony that is being sought from him in individual SNF cases, it is certainly appropriate to allow both parties (not only WEPCO) to introduce relevant portions of Mr. Morgan's extensive past testimony regarding the contract formation issues, rather than to make Mr. Morgan, once again, repeat his prior testimony about contract formation. Given the SNF plaintiffs' opposition to allowing for a consolidated hearing or trial to resolve rate issues, and

[9] In System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.), and System Fuels, Inc. v. United States, No. 03-2624C (Fed. Cl.), the Court has granted the Government's motion to designate the entirety of Mr. Morgan's trial testimony from Northern States as substantive evidence in those cases.

their insistence that they wanted individual trials in which the Government would be required to relitigate on a continual basis the same contract formation issues, the Court should invoke RCFC 32(a)(3) to allow both the Government and WEPCO to designate portions of Mr. Morgan's testimony in lieu of live testimony.

## VI. NOTWITHSTANDING WEPCO'S FAILURE TO DEMONSTRATE THE ADMISSIBILITY OF DEPOSITION TESTIMONY IN THIS CASE, THE GOVERNMENT SUBMITS ITS OBJECTIONS AND COUNTER-DESIGNATIONS

If the Court allows the testimony that WEPCO has designated to become part of the record in this case, the Government respectfully requests that the Court first rule upon the objections to that testimony indicated in the portions of the testimony designated. RCFC 32(b). Thereafter, and to the extent that the Court admits any designated testimony, the Government requests that the Court require the depositions to be read into the record and consider the Government's counter-designations from these same depositions. FRE 106.[10] Further, to the extent that the Court allows WEPCO to designate testimony for Messrs. Kouts, Pollog, Rabideau, and Zabransky and Ms. Croote, all of whom are currently expected to testify at trial, the Government requests that the Court preclude any cross-examination by WEPCO on the matters covered by those designations and allow the Government provide counter-designations for these individuals at a later date. The Government's objections and counter-designations for the individuals not expected to testify at trial are identified in Attachment A to this motion.

[10] At trial in Tennessee Valley and System Fuels, Inc., No. 03-2623C, the Court has required the plaintiff to read its designations into the record.

CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny the admission of the deposition and trial testimony that WEPCO has designated or, in the alternative, that the Court rule upon the objections, require the reading into the trial record of any designated testimony, and admit the Government's counter-designations.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Kevin B. Crawford
KEVIN B. CRAWFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-9640
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

MARIAN E. SULLIVAN
RUSSELL A. SHULTIS
SONIA M. ORFIELD
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

February 9, 2007

# ATTACHMENT

**ATTACHMENT A**

GOVERNMENT'S OBJECTIONS TO DESIGNATIONS
BY WISCONSIN ELECTRIC POWER CO. AND COUNTER-DESIGNATIONS

**LAKE BARRETT**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **April 22, 2002**<br>49:2-60:21 | Legal conclusion, foundation, speculation, vague (as to term "reasonable") |
| 51:2-59:11 | Legal conclusion, foundation, speculation, vague (as to term "reasonable") |
| 74:2-76:19 | Foundation, best evidence, speculation, vague |
| 85:3-90:9 | Foundation, vague |
| 85:3-94:8 | Foundation, vague |
| 116:14-123:2 | Legal conclusion, foundation, best evidence, vague |
| 117:3-120:1 | Foundation, vague |
| 121:17-122:6 | Best evidence |
| 137:11-139:20 | Best evidence, vague |
| 149:5-21 | Foundation, best evidence |
| 153:3-156:19 | Foundation, best evidence, vague |
| 194:19-201:10 | Foundation, best evidence, vague (as to "studies"), completeness (question begins at 196:22) |
| 217:1-220:2 | Foundation, best evidence, mischaracterizes prior testimony, vague |
| | |
| **April 23, 2002**<br>337:1-350:11 | Foundation, best evidence, speculation, vague |

| | |
|---|---|
| 401:4-403:14 | Best evidence, vague |
| 449:1-456:16 | Best evidence |
| 489:22-491:22 | Legal conclusion, best evidence |
| 521:21-522:16 | Best evidence |
| | |
| **April 26, 2002**<br>555:19-574:10 | Relevance, legal conclusion, foundation, speculation, vague |
| 579:1-584:14 | Vague |
| 616:11-622:18 | Foundation, best evidence, relevance, vague |
| 706:19-718:12 | Best evidence |
| 736:8-742:13 | Foundation, best evidence |
| 771:3-782:1 | Best evidence, vague |
| 787:11-798:9 | Legal conclusion, foundation, best evidence, speculation |
| | |
| **May 8, 2002**<br>945:7-953:7 | Legal conclusion, best evidence, vague |
| 955:18-956:22 | Best evidence, relevance |
| 980:11-984:4 | Legal conclusion, best evidence, vague |
| 1063:20-1065:12 | Legal conclusion, foundation, best evidence, speculation |
| | |
| **May 10, 2002**<br>1153:19-1166:7 | Foundation, best evidence, speculation, vague |
| 1284:1-1286:7 | Foundation, best evidence, vague |
| 1301:21-1307:17 | Foundation, best evidence, relevance, speculation |
| 1332:19-1335:10 | Foundation, best evidence |
| 1331:7-1343:14 | Foundation, best evidence, relevance |
| 1347:1-13 | Foundation, speculation, vague |
| 1368:10-1371:21 | Foundation, best evidence, speculation, vague |

| | |
|---|---|
| 1415:17-1421:20 | Legal conclusion, foundation, best evidence, speculation |
| 1426:9-1427:19 | Legal conclusion, best evidence |
| | |
| **May 14, 2002**<br>73:1-75:16 | Legal conclusion, foundation, best evidence, speculation, vague |
| 119:6-122:19 | Foundation, speculation, vague |
| 238:1-239:22 | Best evidence, relevance |
| | |
| **May 15, 2002**<br>390:2-393:12 | Legal conclusion, foundation, best evidence |
| | |
| **June 24, 2005**[1]<br>818:1-844:23 | Legal conclusion, foundation, best evidence, relevance, vague |
| 851:9-857:19 | Foundation, best evidence, vague |

Counter-Designations:

**April 22, 2002**

38:14-15
43:13-49:1
65:10-69:19
80:10-81:1
83:7-84:5
116:14-117:18
120:22-121:21
149:5-150:20
180:16-181:17
201:15-203:3

[1] WEPCO has designated "trial" testimony of Mr. Barrett from the trial conducted in Tennessee Valley Authority v. United States, Fed. Cl. No. 01-249C. However, Mr. Barrett did not testify at trial in Tennessee Valley. These designations in the trial record are the deposition designations that were read into the record.

242:16-249:19

**April 23, 2002**

399:22-401:3
412:22-413:16
427:14-435:2
442:19-445:5
461:14-465:9

**April 26, 2002**

699:6-16
718:12-16
742:14-743:1
782:20-786:20

**May 8, 2002**

939:13-940:8
953:21-955:14
965:2-966:15

**May 10, 2002**

1148:22-1151:4
1341:2-1342:14
1347:14-1348:14

**EDWARD BENZ**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **May 10, 2002**<br>20:5-21:25 | Incomplete (answer concludes at 22:5), relevance |
| 33:10-33:12 | Incomplete (answer concludes at 33:13) |
| 34:9-35:20 | Relevance |
| 70:1-21 | Best evidence, foundation, relevance |
| 73:22-75:12 | Best evidence, vague, relevance |

Counter-designations:

**May 10, 2002**

25:4-26:3
30:1-33:13
55:9-56:17
70:22-73:21
75:13-78:12

**ALAN BROWNSTEIN**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **April 9, 2002**<br>55:22-56:14 | Legal conclusion, foundation |
| 58:8-17 | Best evidence |
| 65:16-70:24 | Legal conclusion, foundation, best evidence vague |
| 78:7-80:24 | Legal conclusion, foundation, best evidence |
| 98:17-100:17 | Legal conclusion |
| 129:16-130:17 | Legal conclusion, foundation, best evidence |
| 144:14-18 | Legal conclusion |
| | |
| **April 10, 2002**<br>273:11-277:9 | Legal conclusion, best evidence |
| 281:21-283:15 | Foundation, best evidence, completeness (question asked at 281:19) |
| 299:15-20 | Foundation, legal conclusion, vague (as to whether question was about ACR or APR – see 299:21-24) |
| 329:14-330:12 | Legal conclusion, best evidence |
| 343:17-344:8 | Foundation, speculation |
| 376:22-378:5 | Legal conclusion |
| 405:16-20 | Legal conclusion |
| 416:12-21 | Foundation |
| 413:21-414:12 | Foundation |
| 439:4-443:19 | Foundation, best evidence, speculation, vague |
| | |

| | |
|---|---|
| **April 11, 2002**<br>518:4-519:9 | Legal conclusion, foundation, best evidence |
| 627:8-21 | Foundation, best evidence, relevance |
| | |
| **May 23, 2002**<br>216:10-221:12 | Legal conclusion, foundation, best evidence, speculation, vague |
| | |
| **June 14, 2002**<br>422:16-428:5 | Legal conclusion |

<u>Counter-designations</u>:

**April 9, 2002**

16:12-16
61:16-63:4
74:15-75:2
88:5-89:8
111:13-118:6
128:18-138:10

**April 10, 2002**

278:12-281:20
294:7-295:19
299:21-300:7
319:19-320:11
388:23-400:21

**April 11, 2002**

549:7-14
582:13-583:14

**May 23, 2002**

140:3-9
152:6-156:25
167:4-15

**BILLY COLE**

Objections:

| Testimony | Objections |
|---|---|
| | |
| **March 12, 2002**<br>34:4-38:25 | Foundation, best evidence, vague, relevance |
| 53:4-56:24 | Legal conclusion, vague |
| 80:20-81:22 | Legal conclusion, foundation, best evidence, vague |
| 171:9-176:8 | Legal conclusion, foundation, best evidence, vague, relevance |
| 201:20-202:24 | Legal conclusion, foundation, vague, completeness (question begins at 201:19) |
| 204:1-206:23 | Foundation |
| 225:15-226:18 | Speculation, completeness (answer concludes at 227:6) |
| | |
| **June 4, 2002**<br>199:5-200:11 | Foundation, legal conclusion, vague |

Counter-designations:

**March 12, 2002**

61:9-67:19
74:11-80:19
81:24-85:11
88:24-89:12
119:20-120:10
128:11-146:6
152:6-13
180:1-24
186:12-195:12
199:10-201:18

**March 13, 2002**

279:25-282:6
343:5-344:23
353:20-354:17
504:7-21

**DANIEL DREYFUS**

Objections:

| Testimony | Objections |
|---|---|
| | |
| **May 15, 2002**<br>7:19-15:16 | Relevance |
| 16:18-18:9 | Relevance, vague |
| 53:21-57:15 | Legal conclusion, best evidence, foundation, relevance |
| 58:19-60:22 | Best evidence |
| 64:1-69:9 | Best evidence, relevance, vague (as to terms "acceptance rate," and "receipt rate") |
| 181:13-182:16 | Vague (as to term "problem") |

**Counter-designations:**

**May 15, 2002**

18:14-20:1
57:16-58:18
60:23-63:22
114:13-117:9
119:6-122:14
179:1-181:12
182:17-189:9

**SUSAN KLEIN**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **April 24, 2002**<br>58:8-59:1 | Relevance |
| 61:20-62:14 | Foundation, beyond the scope of RCFC 30(b)(6) deposition |
| 146:8-20 | Foundation, best evidence |
| 151:6-151:20 | Foundation, best evidence, relevance, beyond the scope of RCFC 30(b)(6) deposition |
| 196:1-197:17 | Foundation, best evidence, beyond the scope of RCFC 30(b)(6) |
| 240:19-241:6 | Relevance |
| 246:14-248:5 | Relevance |
| | |
| **April 25, 2002**<br>283:16-284:6 | Best evidence, relevance |
| 284:18-286:10 | Best evidence, relevance |
| 288:21-291:11 | Best evidence, relevance |
| 351:6-354:16 | Best evidence, relevance, beyond the scope of RCFC 30(b)(6) |
| | |
| **June 24, 2005**[2]<br>870:25-877:15 | Foundation, best evidence, beyond scope of RCFC 30(b)(6) deposition, relevance |

[2] Ms. Klein did not testify at trial in Tennessee Valley Authority v. United States, No. 01-115C. WEPCO has designated portions of the trial transcript in which designations of Ms. Klein's depositions were read into the record. The designations excerpted largely duplicate the designations of deposition testimony listed by WEPCO.

Counter-designations:

**April 24, 2002**

62:21-63:16

**April 25, 2002**

354:17-355:13
376:13-382:22
400:7-401:17

**MICHAEL LAWRENCE**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **May 20, 2002**<br>81:2-83:10 | Legal conclusion, foundation |
| 86:7-88:22 | Legal conclusion, foundation, best evidence, vague, relevance |
| 98:14-100:1 | Legal conclusion, foundation, vague |
| 130:7-131:16 | Legal conclusion |
| 133:21-145:21 | Legal conclusion, foundation, vague |
| 185:25-189:3 | Foundation, best evidence, vague |
| 198:11-201:7 | Legal conclusion, foundation, best evidence, vague, completeness (question begins at 198:4) |
| 216:1-217:16 | Vague |
| | |
| **May 21, 2002**<br>51:10-54:5[3]<br>277:10-280:5 | Legal conclusion, foundation, speculation, vague, completeness (answer ends at 54:17 or 280:17) |
| 75:20-79:4<br>301:20-305:4 | Legal conclusion, best evidence |
| 79:25-81:6<br>305:25-307:6 | Legal conclusion, foundation, speculation |
| 110:12-111:23<br>336:12-337:23 | Legal conclusion, best evidence |

[3] The pages designated by WEPCO from the second day of Mr. Lawrence's deposition do not match the page numbers in the transcript the Government has. We have identified both the page numbers provided by WEPCO and the page numbers in the transcript the Government has.

Counter-designations:

**May 20, 2002**

111:10-113:20
122:8-123:25
124:8-126:23
165:13-167:6
169:11-174:24
184:3-185:24
201:11-204:4

**May 21, 2002**

255:3-258:10
259:14-260:22
266:22-267:25
294:6-295:5
308:1-309:20
311:10-315:18
316:20-317:25
325:1-332:19
333:12-337:23
341:19-345:19

**PATRICK MCDUFFIE**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| 10:24-18:2 | Relevance |
| 35:15-40:3 | Foundation, speculation, vague, completeness (discussion begins at 30:18) |
| 49:15-51:23 | Vague as to timeframe |
| 58:3-64:15 | Legal conclusion, best evidence, speculation, vague, completeness |
| 70:7-74:17 | Legal conclusion, foundation, vague |
| 83:6-14 | Foundation, vague |
| 85:14-86:10 | Legal conclusion, foundation, best evidence, vague |
| 110:16-116:17 | Legal conclusion, foundation, best evidence |
| 173:22-182:18 | Legal conclusion, foundation, best evidence, vague |

Counter-designations:

**March 18, 2002**

18:7-19
19:13-20:3
49:11-14
64:16-66:11
150:10-151:19
154:9-157:23
159:10-20

**March 19, 2002**

193:21-197:8
201:20-207:4

232:6-15
273:1-275:23
309:9-318:22
321:18-23

**June 26, 2002**

13:9-17:23

**RONALD MILNER**

<u>Objections</u>:

| **Testimony** | **Objections** |
|---|---|
| | |
| **May 1, 2002**<br>59:14-60:16 | Best evidence |
| 69:14-73:22 | Legal conclusion, foundation, best evidence |
| 82:2-85:24 | Best evidence |
| 97:9-100:3 | Foundation, best evidence |
| 113:23-117:23 | Best evidence |
| 134:13-140:23 | Legal conclusion, foundation, best evidence |
| | |
| **May 2, 2002**<br>206:6-209:17 | Legal conclusion, foundation, best evidence |
| 217:8-22 | Legal conclusion |
| 232:7-15 | Best evidence |
| 246:2-249:2 | Best evidence |
| 250:4-252:8 | Best evidence |
| 261:7-268:5 | Legal conclusion, foundation, best evidence, speculation |
| 325:12-333:17 | Legal conclusion, best evidence |
| 333:19-334:10 | Best evidence |
| 334:20-335:11 | Best evidence |
| 375:14-380:10 | Best evidence |
| 393:5-394:19 | Legal conclusion, best evidence |
| 398:1-402:4 | Best evidence |
| | |

| | |
|---|---|
| **May 3, 2002**<br>410:15-414:25 | Best evidence |
| 552:1-562:22 | Best evidence |
| 568:1-576:22 | Legal conclusion, best evidence, speculation, vague, relevance |
| | |
| **May 7, 2002**<br>623:2-10 | Best evidence |
| 626:13-628:21 | Best evidence, speculation |
| 711:1-712:9 | Best evidence, vague (as to term "volunteer limitations") |
| | |
| **May 7, 2002** (Yankee Atomic Deposition)<br>6:10-8:15 | Speculation |
| 14:1-15:25 | Legal conclusion, best evidence, completeness |
| 17:1-33:11 | Legal conclusion, foundation, best evidence, speculation, vague |
| | |
| **May 8, 2002**<br>57:13-60:19 | Speculation, vague |
| 61:6-14 | Legal conclusion |
| 154:7-158:7 | Legal conclusion, best evidence |
| 218:5-226:4 | Best evidence |
| 266:22-270:11 | Legal conclusion, relevance |
| 273:5-276:9 | Speculation, vague |
| | |
| **August 11, 2004**<br>4740:1-11 | Best evidence |
| 4741:11-4769:17 | Legal conclusion, best evidence, relevance, vague |

| | |
|---|---|
| **June 24, 2005**[4]<br>862:18-868:20 | Legal conclusion, best evidence, relevance, vague |

Counter-designations:

**May 1, 2002**

27:23-28:6
67:5-69:12
132:2-133:4

**May 2, 2002**

300:10-305:22
317:24-318:21
391:13-392:17

**May 3, 2002**

443:16-444:8
552:12-555:6

**May 7, 2002 (Yankee Atomic deposition)**

25:2-21

**May 8, 2002**

211:24-216:2

**August 11, 2004**

4711:23-4716:2
4723:9-4732:25
4735:9-4742:11
4760:12-15
4780:19-4790:16

---

[4] WEPCO has designated "trial" testimony of Mr. Milner from the trial conducted in Tennessee Valley Authority v. United States, Fed. Cl. No. 01-249C. However, Mr. Milner did not testify at trial in Tennessee Valley. These designations in the trial record are the deposition designations that were read into the record.

**ROBERT MORGAN**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **March 21, 2002**<br>37:9-44:11 | Legal conclusion, best evidence, vague |
| 74:9-23 | Legal conclusion |
| 108:3-109:15 | Legal conclusion, best evidence |
| 124:9-24 | Legal conclusion, best evidence, relevance |
| 137:3-141:4 | Legal conclusion, best evidence, vague |
| 205:3-206:14 | Best evidence |
| 208:3-212:13 | Legal conclusion, best evidence |
| | |
| **March 22, 2002**<br>223:6-224:1 | Best evidence, speculation |
| 225:19-227:16 | Foundation, best evidence, speculation |
| | |
| **June 25, 2002**<br>134:12-135:14 | Legal conclusion |
| | |
| **August 3, 2004**<br>3669:7-3686:22 | Legal conclusion, foundation, best evidence |
| | |
| **July 14, 2005**<br>2242:12-2243:7 | Legal conclusion |
| | |
| **November 15, 2006**<br>30:14-35:18 | Legal conclusion, best evidence |
| 48:10-50:4 | Vague |

| | |
|---|---|
| 58:7-11 | Relevance |
| 79:14-88:2 | Legal conclusion, best evidence, speculation, vague |
| 84:4-90:21 | Legal conclusion, best evidence, speculation, vague |
| 91:13-19 | Legal conclusion |
| 109:14-119:1 | Best evidence, vague |

Counter-designations:

**March 21, 2002**

44:5-46:6
52:9-54:25
107:2-108:2
117:11-19
130:20-132:14
149:21-152:1
154:20-156:15

**March 22, 2002**

221:23-223:5
299:2-21

**June 25, 2002**

131:17-132:16
144:9-145:11

**August 2-3, 2004** (Yankee Atomic trial)

3607:3-3666:4
3693:18-3696:8

**July 14, 2005** (Tennessee Valley trial)

2193:4-2236:23
2243:13-2245:13

**June 13, 2006** (Pacific Gas trial)

2461:8-2580:15

**November 15, 2006**

10:12-13:22
21:1-30:13
35:19-40:1
42:13-18
47:12-48:8
57:11-19
58:12
59:16-18
91:21-92:6
92:18-95:3

**ROBERT ROSSELLI**

Objections:

| **Testimony** | **Objections** |
| --- | --- |
| | |
| **April 15, 2002**<br>50:12-52:2 | Legal conclusion |
| 69:5-72:15 | Best evidence, speculation, vague |
| 94:14-95:15 | Legal conclusion |
| 136:24-140:10 | Legal conclusion, best evidence |
| 137:5-139:23 | Best evidence |
| 141:6-141:15 | Legal conclusion, speculation |
| 141:19-144:6 | Legal conclusion, best evidence, speculation |
| 144:16-146:4 | Best evidence |
| 148:21-149:17 | Legal conclusion, best evidence, speculation |
| 154:8-19 | Not a proper designation - no testimony designated |
| 156:7-158:10 | Legal conclusion, foundation, best evidence, vague |
| 164:1-3 | Not a proper designation - not testimony designated |
| 166:13-169:2 | Legal conclusion, foundation, best evidence |
| 176:5-23 | Best evidence |
| 177:22-181:2 | Best evidence |
| | |
| **April 16, 2002**<br>190:18-191:5 | Legal conclusion |

Counter-designations:

**April 15, 2002**

48:6-17
68:9-71:16
92:16-24
93:20-94:13
135:6-136:23
154:20-155:12
158:5-162:18
164:3-166:12

**April 16, 2002**

193:25-196:14
263:23-264:6
296:8-300:22

**BEN RUSCHE**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **May 16, 2002**<br>41:8-19 | Best evidence |
| 44:15-46:23 | Legal conclusion, best evidence |
| 149:3-9 | Vague |
| 156:24-159:23 | Foundation, best evidence |
| 168:21-169:9 | Foundation, best evidence |
| 170:16-171:11 | Legal conclusion, foundation, best evidence |
| 242:6-247:14 | Legal conclusion, best evidence, vague |
| 296:22-300:19 | Best evidence, vague |
| | |
| **May 17, 2002**<br>376:20-377:6 | Foundation, best evidence, vague |
| 337:13-340:10 | Legal conclusion, hearsay, foundation, best evidence, relevance |
| 366:4-380:22 | Legal conclusion, foundation, best evidence, speculative, vague |

Counter-designations:

**May 16, 2002**

13:3-14
84:20-86:7
159:24-162:21
169:10-170:15
174:5-185:4
187:25-189:15
219:15-220:21

230:17-233:23
271:1-274:8
289:16-293:3
295:18-296:21

**May 17, 2002**

436:18-437:7

**NANCY SLATER (THOMPSON)**

<u>Objections</u>:

| **Testimony** | **Objections** |
|---|---|
| | |
| **April 21, 1999**<br>62:20-63:22 | Hearsay, vague |
| 138:23-139:18 | Vague |
| | |
| **April 22, 1999**<br>224:14-24 | Speculation, completeness (question begins at 224:13 and answer ends at 225:5) |
| 243:5-245:4 | Best evidence, vague, completeness (discussion begins at 242:18 and answer ends at 245:16) |
| 280:21-25 | Completeness (designation contains only a partial answer), best evidence |
| | |
| **June 13, 2002**<br>45:11-25 | Completeness (answer ends at 46:6) |
| 80:3-81:1 | Best evidence |
| 95:19-100:3 | Legal conclusion, foundation, best evidence, completeness (answer ends at 100:14) |
| 109:4-15 | Legal conclusion |
| 159:7-162:11 | Legal conclusion, vague |

<u>Counter-designations</u>:

**April 21, 1999**

82:10-15
82:19-83:10
106:16-108:10

139:19-140:3
164:23-165:13
176:11-25

**April 22, 2002**

244:16-246:4
251:23-253:10
253:22-254:11
257:23-259:24

**June 13, 2002**

87:24-89:21
149:10-153:14

**VICTOR TREBULES**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **April 17, 2002**<br>51:10-52:22 | Foundation, best evidence, completeness (answer concludes at 54:4) |
| 96:19-99:1 | Best evidence, completeness (answer concludes at 99:5) |
| 143:5-12 | Not a proper designation (no testimony designated) |
| 170:9-171:16 | Best evidence |
| 180:7-22 | Best evidence |
| | |
| **April 18, 2002**<br>18:10-20:16 | Foundation, legal conclusion, relevance |
| 43:19-45:1 | Legal conclusion, best evidence |
| 45:7-21 | Legal conclusion, best evidence |

Counter-designations:

**April 17, 2002**

18:18-19:4
41:21-45:17
52:11-54:4
76:17-77:22
84:12-88:6
96:19-103:22
113:18-116:14
122:10-124:18
146:12-148:21
173:2-176:9
180:7-186:22

**April 18, 2002**

302:21-305:14
380:3-382:14