IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00-697C (Senior Judge Merow) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS

Pursuant to Rule 7(b)(1) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits the following reply to Plaintiff's Opposition To Defendant's Motion To Stay Proceedings.

On February 5, 2007, we filed a motion seeking to stay all proceedings in this matter pending the outcomes of the appeals of (1) Pacific Gas & Electric Co. v. United States, No. 07-5046 (Fed. Cir. docketed Jan. 24, 2007); (2) Yankee Atomic Electric Co. v. United States, No. 07-5025 & -5031 (Fed. Cir. docketed Dec. 7, 2006), and its two companion cases; (3) Sacramento Municipal Utility District v. United States, No. 98-488C (Fed. Cl. Dec. 1, 2006) (appeal filed Feb. 2, 2007); and (4) Nebraska Public Power District v. United States, No. M-843 (Fed. Cir. docketed Jan. 8, 2007). As we explained, a stay is appropriate because a deferment of trial during the pendency of these appeals will conserve the resources of the parties and the Court. In addition, a stay is prudent to accommodate the Government, as it is losing its lead trial counsel on the eve of trial. On

February 7, 2007, plaintiff opposed the Government's motion on three different grounds. As set forth below, none of these arguments alter the fundamental fact that a stay pending the outcome of the cases cited above is likely to benefit the Court as well as both parties in this litigation.

As background for its first argument against a stay, plaintiff suggests that the Government's motion should not be granted because the Government was responsible for a prior lengthy delay in the commencement of the trial of this matter, which was originally scheduled for July 14, 2006. Plaintiff's Opposition to Defendant's Motion to Stay Proceedings ("Pl.'s Op.") at 1-2. This argument mischaracterizes the procedural facts in this matter and misses the point of our motion. The initial postponement of the trial date was not caused by any delay by the Government. Rather, it was a postponement to which the parties agreed to allow the Government an opportunity for additional depositions after WEPCO's supplementation of its discovery responses disclosing the identity of additional witnesses and producing an additional 50,000 pages of documents. Given the eight months between the close of fact discovery and the scheduled trial date at that time, in those negotiations, the Government only sought reasonable additional enlargements of the other pretrial deadlines based upon an enlargement of the fact discovery deadline. Counsel for WEPCO first proposed the

enlargement of the trial date into the 2007 time period to accommodate WEPCO's scheduling needs. Moreover, this initial postponement occurred before the bases for the Government's current motion had arisen. The parties filed their Joint Motion to Revise the Court's Pretrial Scheduling Order on December 19, 2005, prior the Court's decisions in Yankee Atomic and PG&E, and, indeed, before the trial in PG&E had even been conducted. The stay that we now request is needed so that the Court and the parties will have more clarity as this case proceeds.

Plaintiff then contends that it will be materially prejudiced by any delay because of the inconvenience to its witnesses who have made arrangements to be available during the time period for which trial is currently scheduled. Pl.'s Op. at 2.[1] Any concern regarding the convenience of WEPCO's witnesses, however, actually militates in favor of a stay pending appeal.

---

[1] WEPCO has also expressed concern that witnesses with knowledge of its claim may become unavailable prior to trial, if the trial is stayed. Pl.'s Opp. at 2. Although there is no reason to believe that such losses are imminent, as WEPCO has not identified any terminally ill witnesses, should such an unfortunate loss take place, the Court's rules provide for just such a contingency. RCFC 32(a)(3)(A) allows for the use of deposition testimony where a witness has died. As WEPCO apparently believes that deposition designations are sufficient for trial, even when a witness is available to testify in person, or even when a witness will actually be called to testify by the other party, as evidenced by its designation of an extensive amount of deposition testimony, it should not be heard to complain about the mere possibility of having to rely upon such designations in the future.

It would be considerably less convenient for the witnesses to appear in a trial commencing on March 27, 2007, and then be required to appear in a second trial that could be required based upon the resolution of an appeal, than to appear once at a later date. In addition, if a decision of the Federal Circuit narrows the issues for appeal, some of WEPCO's witnesses may not be required to appear at all.

In contrast to WEPCO's claims that it will be damaged by a stay, the Government has certainly demonstrated sufficient harm should the case proceed as currently scheduled. For example, if the case proceeds to trial at this time, the Government may be prevented from raising certain defenses relating to the "Unavoidable Delays" clause in the Standard Contract by the continuing writ of mandamus issued by the United States Court of Appeals for the District of Columbia Circuit. It is hard to comprehend a more literal hardship in being required to proceed than being prevented from relying upon certain defenses.

Plaintiff also opposes the Government's motion on the basis that the appeals which the Government cites as a basis for a stay will not narrow the issues for trial.[2] Pl.'s Opp. at 4. This

---

[2] Plaintiff also seems to suggest that the Government's request is somehow contrary to the intention of the Court to allow a number of the cases to make their way to the Federal Circuit. Pl.'s Opp. at 4. To the contrary, the Government simply recognizes that this point has now occurred and that it is therefore prudent to await further guidance from the Federal Circuit.

argument is meritless. As an initial matter, it is important to note that all of the cases currently on appeal address issues fundamentally the same. They all address the same Standard Contract, the same delay in acceptance, and the actions taken by plaintiffs that they now claim as damages caused by that delay. Accordingly, it is logical that any ruling from the Federal Circuit will inform how this case proceeds. Further, one of the decisions on appeal, Yankee Atomic, was issued by this Court. Thus, it is likely that the Yankee Atomic appeal will resolve issues regarding the very same analysis that would otherwise be applied in this case.

Plaintiff contends that a resolution of the rate of acceptance at which DOE would have performed in a "but for" world is not necessary for it to prevail, just as it was not necessary in Yankee Atomic. Pl.'s Opp. at 5. Plaintiff is wrong on both counts. Here, plaintiff is seeking expectancy damages. Thus, to prevail, plaintiff must necessarily establish what would have happened in the "but for" world, including at what rate DOE would have accepted spent nuclear fuel ("SNF"). Bluebonnet Savings Bank FSB v. U.S.,67 Fed. Cl. 231, 238 (2005). While the Court could decide not to award any damages without establishing a rate, based upon the fact that WEPCO made the decision to utilize dry storage so far in advance of the breach that it was not at all connected to the breach, see Indiana Michigan Power Co. v.

United States, 422 F.3d 1369 (Fed. Cir. 2005), WEPCO must establish the "but for" rate to receive any damages from the Court. In any event, this issue is one that is directly implicated in the Yankee Atomic, PG&E, and SMUD appeals.

Finally, plaintiff argues that the departure of the Government's lead counsel does not warrant a stay. Rather, it argues that the Government has many other attorneys available to step in and take over the case seamlessly. Pl.'s Opp. at 7-8. In reality, however, the Government has a small team of attorneys who are handling all 56 spent fuel cases currently pending in the Court of Federal Claims, as well as other non-SNF matters. Indeed, by the time that this case is scheduled to proceed to trial, the Government will have only ten trial attorneys and one senior trial counsel litigating these cases, two of whom only began working at the Department of Justice in the last six months. One case, System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.), is currently in trial. Four other cases, including this matter, are currently scheduled to begin trial by the end of 2007. Moreover, the Government is in active discovery in 12 spent nuclear fuel cases at this time and will have to submit its expert reports in eight of these cases between late April and June and in another two cases in August and September 2007. In short, the Government is unable to restaff a case in the manner in which plaintiff suggests it should.

In its opposition, plaintiff suggests that the Government may make use of work product that it has developed in other SNF cases in order to prepare to examine or cross-examine the witnesses in this case. Pl.'s Opp. at 8. As an initial matter, plaintiff's claims supports our position that a stay is necessary. For example, DOE witnesses, such as Christopher Kouts, David Zabransky, and Thomas Pollog; industry witnesses such as Loring Mills; and individuals proffered as experts such as Eileen Supko have testified for multiple days in multiple trials about virtually the same topics. Most, if not all of those topics, such as DOE's contractual obligations regarding the rate of acceptance are issues, are issues currently before the Federal Circuit in the matters cited above.[3] Decisions from the

[3] WEPCO argues that that it is "speculative" to suggest that a Federal Circuit ruling in PG&E will resolve the rate because the Indiana Michigan trial court "resolved the rate." This assertion is wrong for two reasons. First, Indiana Michigan did not "resolve the rate." Although the trial court made a finding on rate, the Federal Circuit affirmatively dismissed our cross-appeal on rate, finding that the rate decision was unnecessary to the Court's ultimate judgment that, even under the 3,000 MTU rate, plaintiff was not entitled to any damages. See Indiana Michigan Power Co. v. United States, 112 Fed. Appx. 37, at **1 (Fed. Cir. Oct. 13, 2004)("in order for the doctrine of collateral estoppel to bar future appeal of an issue the determination of the issue must be necessary to the resulting judgment," and, "[i]n this case, the trial court's rate calculation determination was not necessary to the judgment.") By contrast, the PG&E decision was expressly based on rate. See PG&E v. United States, 73 Fed. Cl. 333, 339 (2006). Thus, rate is squarely at issue before the Federal Circuit in PG&E. Second, Indiana Michigan shows why it makes sense to wait for the Federal Circuit to rule because that decision greatly truncated the cases that followed, in that it removed the issue of future damages

Federal Circuit in those matters are likely greatly to affect the scope of, or perhaps even the need for, testimony from these individuals in this case. Further, WEPCO fails to recognize that most of the witnesses in this case are WEPCO personnel whom the Government has not previously examined in trial.

At the conclusion of its opposition, plaintiff seems to acknowledge that Mr. Crawford's departure may warrant some delay in trial. Pl.'s Opp. at 7 (stating that Mr. Crawford's departure does not warrant a substantial delay). Moreover, plaintiff has indicated that it would not oppose a four-week delay. Pl.'s Opp. at 8. While the Government believes it has demonstrated the need for the case to be stayed pending appeal, should the Court adopt the view that a shorter delay is warranted, the Government asks that the Court reschedule the trial in August or early September rather than commencing on April 27 as suggested by plaintiff. Plaintiff's proposed schedule would require at least two attorneys to begin the trial of Boston Edison shortly after completing the trial of WEPCO, leaving them little time to

---

from other cases. If, for example, the courts had heard future damages cases in the interim, that effort would have been for naught. In this situation, there is even more reason to stay because of pending issues relating to the appropriate standard of proof – that is, whether these cases are about mitigation, for which the Government has the burden, or whether they are about expectation, for which the burden lies with plaintiff. A trial in this situation without clarification from the Federal Circuit could lead to the need for re-trials.

prepare for the second trial.[4] This is particularly true given recent representations by counsel for plaintiff to Mr. Crawford that WEPCO anticipates a trial lasting more than three weeks. See February 1, 2007 letter from Oehler to Crawford (attached to WEPCO's February 7, 2007 opposition brief). If the trial were scheduled in August or early September, the Government would have some time between the WEPCO trial and the June trial of Boston Edison and the late October trial of Dairyland, making it possible for the attorneys who will be working on two or three of these trials to handle their portions of the trials.

For the reasons stated above, and in our motion to stay, the Government requests that the Court stay proceedings in this matter until resolution of the SNF cases currently before the Federal Circuit. To the extent that the Court denies that request, the Court should enter an order requiring the parties to provide a mutually agreeable proposed trial date in August or early September 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

---

[4] The Boston Edison trial is currently scheduled to begin on May 9, 2007. Although the Government believes the date may shift slightly, we do not believe the commencement of that trial will occur any latter than June 4, 2007.

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Kevin B. Crawford
KEVIN B. CRAWFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Phone: (202) 305-9640
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SONIA M. ORFIELD
RUSSELL A. SHULTIS
MARIAN E. SULLIVAN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

February 20, 2007

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on February 20, 2007 a copy of this "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kevin B. Crawford