IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WISCONSIN ELECTRIC POWER COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 00-697C<br>Senior Judge Merow |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR ENLARGEMENT OF TIME**

Wisconsin Electric Power Company ("WE") respectfully opposes the Government's motion for a three week enlargement of time to file its reply to "Plaintiff's Response to Defendant's Motion for Partial Summary Judgment Regarding Plaintiff's Claim for Weighted Average Cost of Capital Damages" ("WE's Response"). The requested enlargement is unreasonable and unjustified and the Government's motion should be denied. Instead, the Court should grant the Government no more than a two week enlargement with no further enlargements.

The enlargement that the Government has requested for drafting its reply brief is excessive. The Government has already briefed these issues before. The Government recently filed a motion for partial judgment on cost of capital issues in System Fuels Inc. and Entergy Arkansas, Inc. v. United States, COFC No. 03-2623C. On February 9, 2007, the Government filed a reply brief addressing basically the same issues that are presented in WE's Response. An additional three weeks beyond the fourteen days allowed under COFC Rule 7.2(c) is unwarranted.

The requested enlargement is also unjustified because it stems from the Government's lack of attention to this case. The Government's motion states that the Government did not "receive" WE's Response until March 20, 2007, yet the Court's docket clearly reflects that

WE timely filed the pleading on March 9, 2007.[1] The Government does not claim that it was unaware that WE's Response was due on that date. The Government states instead that that it had a "problem" accessing the pleading electronically. Yet, the Government did not call or communicate in any way with WE counsel in order to obtain a copy of WE's Response by courier or other means. Indeed, our understanding is the Government did not identify the attorney responsible for drafting its response until this week. The Government's failure to take reasonable action to obtain a copy of WE's pleading and to prepare a reply brief within the time allocated under the Court's rules should not be rewarded now with an excessive enlargement.

WE has repeatedly asked the Government to identify an attorney of record who will manage this case on the Government's side as the parties prepare for trial. WE believes that the Government should do so immediately to prevent oversights such as the nearly two week delay in the Government's accessing of WE's Response. To date, the Government has only identified what appears to be a "placeholder" attorney of record in this case, namely, Mr. Lester.

The Government's failure to identify an attorney responsible for day to day management of WE's case raises other concerns. In discussions with regard to the Government's current requested enlargement, WE asked the Department of Justice ("DOJ") to complete in a timely manner its response to a longstanding WE request for production of documents. These documents were identified in December 2006 when WE deposed two Nuclear Regulatory Commission employees in this case. The DOJ said that it was unable to respond to WE's request at this time.

Finally, WE is prejudiced by the Government's failure to reply within a reasonable period of time to WE's Response. Both parties agreed that certain "standard" motions would be handled considerably before trial because the motions had been briefed previously in other

[1] For the Government's information, WE also filed on March 9, 2007 "Plaintiff's Proposed Findings of Uncontroverted Facts" (docket entry 302).

cases and, therefore, should be able to be prepared and filed promptly. The Government's repeated enlargement requests for time to file its reply briefs, now regarding all four of its "standard" motions, is unnecessarily drawing out this process and diverting the parties from time that should be spent on trial preparation issues.

For the foregoing reasons, we respectfully request that the Court deny the Government's request for a three week enlargement to reply to WE's Response. WE would not oppose the granting of a two week enlargement with an understanding that no further enlargements would be granted.

DATED: March 23, 2007

Respectfully submitted,

s/Richard W. Oehler by s/Donald J. Carney
Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
(206) 359-8419 Phone
(206) 359-9419 Fax

Attorneys for Plaintiff
WISCONSIN ELECTRIC POWER COMPANY

Of Counsel:

Donald J. Carney
Mary Rose Hughes
Perkins Coie LLP
607 Fourteenth Street, N.W.
Washington, D.C. 20005-2001
(202) 434-1675

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that, on March 23, 2007, I caused a copy of the foregoing "Plaintiff's Opposition To Defendant's Motion For Enlargement Of Time" to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Donald J. Carney
Donald J. Carney