In the United States Court of Federal Claims

No. 00-697 C
(Filed April 27, 2007)

```
*******************************
WISCONSIN ELECTRIC              *
     POWER COMPANY,             *
                                *
                    Plaintiff,  *
                                *
          v.                    *
                                *
THE UNITED STATES,              *
                                *
                    Defendant.  *
*******************************
```

**ORDER**

On April 17, 2007, the clerk's office received a Motion to Intervene, Memorandum, Complaint and Certificate of Service (collectively, "the Submissions") from Mr. William Peterson. The clerk's office did not file the Submissions because they did not comport with the court's rules, but forwarded them to chambers for a ruling as to their disposition.

Following review, the court concludes the Submissions should not be filed but should be returned to Mr. Peterson. His request for intervention is untimely. RCFC 24. This spent nuclear fuel case was commenced in 2000 and has been the subject of a number of decisions and orders addressing a variety of pre-trial motions and the parties now are well-advanced in their final preparations for trial, which is scheduled to commence on September 10, 2007.

In addition to being untimely, Mr. Peterson's requests do not satisfy the requisites for intervention. He seeks to intervene ostensibly to obtain access to the Nuclear Waste Fund ("NWF") and asks that the court make certain policy determinations and statements concerning nuclear power, requests that mainly call for declaratory relief. However, this court generally lacks jurisdiction to issue

declaratory judgments. *United States v. King*, 395 U.S. 1, 5 (1969). In any event, Mr. Peterson's Submissions do not qualify for intervention in this litigation.

Intervention requires a timely application and either (1) a statute that "confers an unconditional right to intervene: or (2) . . . an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." RCFC 24(a). No statutory right to intervene is stated, and Mr. Peterson does not have an "interest" in the plaintiff's underlying partial breach of contract claims against the United States such as to permit intervention under RCFC 24(a)(2) as a matter of right. *United Keetoowah Band of Cherokee Indians of Okla. v. United States*, __F.3d __, 2007 WL 803499, at *8-9 (Fed. Cir. Mar. 19, 2007) (construing RCFC 19(a)(2), a counterpart to RCFC 24(a)(2)); *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989) ("Intervention is proper only to protect those interests which are of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." (internal quotation and citations omitted)); *Preseault v. United States,* 100 F.3d 1525, 1529 (Fed. Cir. 1996) (intervening party had an interest in the real estate); *Rolls-Royce, Ltd., Derby, England v. United States*, 176 Ct. Cl. 694, 696, 364 F.2d 415, 416 (1966) (affirming intervention because of indemnity agreement wherein intervenor could be liable for a judgment rendered against the United States).

Similarly, the Submissions do not warrant permissive intervention under RCFC 24(b). No statute creates a conditional right to intervene and no common direct issue of fact or law is cited. Intervention would delay the final resolution of this matter. *Honeywell Intern., Inc. v. United States*, 71 Fed. Cl. 759, 768 (2006) (RCFC 24(b)(2) requires common questions of law or fact and intervention must not unduly delay or prejudice resolution of the litigation); *John R. Sand & Gravel Co. v. United States*, 59 Fed. Cl. 645, 657-58 (2004) (denying permissive intervention where there were no common issues of fact or law, allowing intervention would burden the proceedings and the proposed intervenor did not have a claim against the United States, a prerequisite for jurisdiction in this court under the Tucker Act, 28 U.S.C. § 1491(a)(1)(2000)).

Accordingly, it is **ORDERED** that no valid basis for seeking intervention has been shown and the Clerk of the Court shall return the Submissions to Mr. Peterson together with a paper copy of this order.

s/ James F. Merow
James F. Merow
Senior Judge
