IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WISCONSIN ELECTRIC POWER COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 00-697C<br>Senior Judge Merow |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR ENLARGEMENT OF TIME**

Wisconsin Electric Power Company ("WE") respectfully opposes the Government's corrected motion for a two week enlargement of time to file its response to Plaintiff's Motion for Leave to File A Second Amended and Supplemental Complaint ("Motion for Leave").

The Government has not provided sufficient rationale for the requested extension. First, it cites the fact that there has been a change of Department of Justice ("DOJ") counsel in this matter. DOJ, however, knew three months ago that prior DOJ counsel, Kevin Crawford, was leaving DOJ and Mr. Crawford's DOJ employment ended seven weeks ago. The Government cannot seriously contend that its inability to timely respond to WE's motion, filed two weeks ago, somehow stems from Mr. Crawford's departure. Gov't Mot. at 1.

Second, the Government cites its involvement in other Spent Nuclear Fuel ("SNF") matters. DOJ, however, has known that it would need to be prepared to respond to WE's Motion for Leave for seven weeks. Specifically, WE informed DOJ regarding its intent to update its claim through a Motion for Leave in a March 9, 2007 letter (attached as Exhibit A). So, DOJ counsel has known that the Motion for Leave was forthcoming for some time and should have planned its schedule accordingly.

It also should not take DOJ counsel much time to prepare an opposition or other response to WE's Motion for Leave. In 2006, WE filed a previous motion for leave to amend

its Complaint. Thus, DOJ has prior briefing upon which it can rely. Further, it does not seem that the Government needs additional time to decide upon its position with regard to the Motion for Leave. On April 9, 2007, when WE counsel contacted DOJ counsel to ask the Government's position regarding the Motion for Leave, DOJ indicated that it would oppose the motion because it would, in the Government's view, require the reopening of discovery to audit the additional claimed damages.

Similarly, the Government's enlargement motion expresses the same theme. It states that the Government will have to take additional discovery in order to defend a claim for the additional costs. Gov't Mot. at 2. Given the Government's apparent certainty that additional discovery will be required regarding the additional damages, it should simply file its response now requesting such discovery instead of delaying resolution of this issue for an additional two weeks. If there is to be additional discovery or audit activity, the parties can begin working together now together now to accomplish such activity. There is no reason to delay or defer that activity.

The Government may argue, without foundation, that there is insufficient time for it to complete its audit verification activities with regard the additional costs. Yet, the Government's requested enlargement itself, if granted, would consume two weeks during which the parties could be focused on arranging for any necessary audit activity of the additional amounts. This wasted time is inconsistent with efficient management of this case.

With regard to the Government's assertion that it will require discovery or audit verification activity, that effort should not be substantial. When WE filed its Motion for Leave, it contemporaneously produced to the Government comprehensive damages schedules and supporting paper and electronic documentation of its claimed damages. This information is the exact same type of information requested by the Government in prior Government audit verification activities. Thus, it will not take much time for the Government to verify these costs. Further, it is highly unlikely that verification or analysis of WE's additional

claimed damages will require substantial Government attorney time. The audit verification activities likely will be performed by the Government's damages consultants who are thoroughly familiar with these WE costs as well as the format of the supporting records.

For the foregoing reasons, we respectfully submit that the Government's requested enlargement is unwarranted and request that the Court deny the Government's request for a two week enlargement to respond to WE's Motion for Leave.

DATED: April 30, 2007

Respectfully submitted,

s/Richard W. Oehler by s/Donald J. Carney
Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
(206) 359-8419 Phone
(206) 359-9419 Fax

Attorneys for Plaintiff
WISCONSIN ELECTRIC POWER COMPANY

Of Counsel:

Donald J. Carney
Mary Rose Hughes
Perkins Coie LLP
607 Fourteenth Street, N.W.
Washington, D.C. 20005-2001
(202) 434-1675

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that, on April 30, 2007, I caused a copy of the foregoing "Plaintiff's Opposition To Defendant's Motion For Enlargement Of Time" to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Donald J. Carney
Donald J. Carney