# In the United States Court of Federal Claims

No. 00-697 C
(Filed June 7, 2007)

******************************
WISCONSIN ELECTRIC *
POWER COMPANY, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
******************************

**ORDER**

Plaintiff seeks leave to file a Second Amended and Supplemental Complaint. The purpose for this filing is to update its claimed costs from January 1, 2006 through February 2007.

Trial in this matter was postponed from March 27, 2007 to September 10, 2007, to accommodate availability of government personnel. Plaintiff states that it has entered into a Letter of Intent to sell its nuclear plant to Florida Power and Light with the sale expected to close in October 2007. If plaintiff is permitted to update its claimed costs as proposed, it is stated that no further spent nuclear fuel claims by plaintiff are contemplated with respect to defendant's breach of the contract requiring removal of this material. That is, any need for a second suit to seek recovery of incurred costs will be obviated.

Defendant opposes the granting of leave for this final updating of plaintiff's claimed costs, noting that additional discovery will be needed with respect to the updated items such as labor costs, employee expenses, the NUHOMS cask purchase and loading costs, and financial borrowing cost. Defendant's expert reports will require modification. In view of the trial date now set, defendant asserts that this

additional activity will divert its staff from needed trial preparation activity with respect to plaintiff's claims already at issue on which discovery has been closed.

Plaintiff's response to defendant's objections details the extent of the documents and data provided to the government in April and May concerning the proposed cost update. It is argued that only minimal additional effort should be required from the government's damages expert and consultants to accommodate the proposed cost updates and provide needed responses. Plaintiff states these costs are the same type of costs previously asserted.

Upon analysis of the positions taken by the parties, it is concluded that the benefit of concluding litigation over plaintiff's spent nuclear fuel claims, with the witnesses now assembled and available, without the need for a second suit, overcomes the valid concerns expressed by defendant concerning the additional trial preparation work needed for updated costs. In view of the time spent in bringing this matter to trial, any further postponement in the trial date must be avoided. It is recognized that this places a burden on both parties to cooperate with reasonable additional discovery. In the unlikely event that material or analysis truly needed for a response to any updated cost item can not be developed in time for presentation during the trial period now scheduled, upon a good cause showing at trial as to the extent of the efforts made and reasons for failure, the trial record can be briefly held open to permit subsequent completion of the evidence presentation by both parties on any such cost item. It is anticipated, however, that this will not be necessary and the record can be closed at the conclusion of the trial now scheduled so that the parties can then proceed with post-trial briefing.

Accordingly, it is **ORDERED**:

(1) Plaintiff's Motion for Leave to File a Second Amended and Supplemental Complaint (Attachment A to its Motion) is **GRANTED** and plaintiff shall now file its Second Amended and Supplemental Complaint;

(2) Defendant is **GRANTED LEAVE** to undertake whatever reasonable discovery is required for the development of its response(s) to plaintiff's updated claimed cost items; and

(3) To any extent required, both parties are **GRANTED LEAVE** for amended or supplemental pretrial submissions to reflect the updated costs involved and responses thereto.

s/ James F. Merow
James F. Merow
Senior Judge