IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00-0697C |
| | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER SETTING A FINAL PRETRIAL CONFERENCE DATE

Defendant, the United States, respectfully files this response to the motion of plaintiff, Wisconsin Electric Power Company ("WEPCO"), for an order setting a final pretrial conference date, filed on July 13, 2007.

The Government does not object to the Court's setting of a pretrial conference date and agrees with plaintiff that it is necessary to do so.[1] However, setting the pretrial conference date on August 17, 2007, three weeks before the commencement of trial in this matter, as plaintiff requests, is not prudent and will likely create more work rather than less for the Court. The Government suggests setting the pretrial conference on or about August 30, 2007, ten days before the trial is scheduled to commence. We also suggest that counsel for the parties meet on August 22 or 23, 2007, a week before the pretrial conference. This alternative schedule will give the parties the time that is required to prepare their cases-in-chief, meet and confer on issues

[1] Plaintiff left a telephone message for counsel on Friday, July 13, 2007, regarding the proposed pretrial conference date, the same date that plaintiff's motion was filed. However, undersigned counsel was traveling that day and did not receive the message until after plaintiff had filed the motion. The Government has conferred with plaintiff regarding the schedule proposed herein, and plaintiff has indicated that the proposed alternative schedule is not acceptable.

relevant to the trial, and attempt to reach agreements on areas of disagreement to reduce the number of issues to be resolved by the Court.

Plaintiff raises a number of issues in its motion that require the attention of the parties before the trial commences. The Government shares the goal set forth by plaintiff in its motion, primarily streamlining the litigation. We are currently reviewing the evidence and the issues in this case in an effort to reduce the number of witnesses that we will need to call. On July 27, 2007, plaintiff filed notice that it was removing six people from its witness list. We have not yet had an opportunity to determine how, if at all, the removal of these five may call witnesses and one will call witness will affect the Government's case-in-chief.

The Government has identified several "will call" witnesses on our witness list that will be called principally to testify to the authenticity of certain documents. In an effort to avoid calling those witnesses for that narrow purpose, we intend to request that plaintiff stipulate to the authenticity of certain documents, obviating the need to call several of plaintiff's witnesses. Further, if the parties can agree to certain factual stipulations, other witnesses may not need to be called. The Government is currently drafting stipulations for review by the plaintiff.

WEPCO also raises the issue as to whether the Government intends to stipulate to its incurred costs. The Government is finalizing its audit of plaintiff's recently updated claim and is not yet prepared to enter into any stipulation. The Government is scheduled to depose a fact witness regarding the updated claim on August 3, 2007. The Government is also scheduled to depose two of WEPCO's experts on August 31, 2007. Once we have completed our review of data, documents, and deposition testimony, we will then be able to determine whether any stipulation of costs is possible.

The third issue that plaintiff raises – resolution of exhibit issues and narrowing of issues for trial – is of interest to the Government. However, there is no point in taking up the Court's time with such an issue before the parties have had the opportunity to meet and confer. The Government has indicated an interest in talking with WEPCO early in August to discuss certain trial issues. We will also be prepared to meet with plaintiff to discuss additional issues in further depth the week of August 20. Rushing such a meeting with counsel will only reduce the number of issues that may be resolved by the parties.

In summary, there is a need for the parties to meet first to discuss the issues that plaintiff sets forth in its motion, among others. Because Government counsel has been involved in active discovery in other cases, counsel has not had the opportunity to meet with plaintiff's counsel and will not be able to do so until August. We propose a meeting of counsel on August 22 or 23, 2007, followed by the pretrial conference with the Court on or about August 30, 2007, when we can discuss whatever issues are outstanding before the trial commences. Setting a pretrial conference prematurely for August 17, 2007, will not assist the parties in their efforts to prepare for trial, but will only leave additional issues for the Court to resolve during trial. A more reasonable schedule will permit the parties to continue their work to prepare for trial, meet and confer on issues where resolution may be possible, and then meet with the Court immediately before trial to resolve any final, outstanding issues. Any attempt by plaintiff to hurry this process will only result in less, not more, being resolved by the parties.

For the foregoing reasons, we respectfully request that the Court schedule the pre-trial conference in this case on or about August 30, 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE M. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-9640
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

RUSSELL A. SHULTIS
SONIA M. ORFIELD
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

July 30, 2007

## CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 30th of July, 2007, a copy of this "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER SETTING A FINAL PRETRIAL CONFERENCE DATE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sharon A. Snyder