**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WISCONSIN ELECTRIC POWER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 00-697C<br><br>(Senior Judge Merow) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER SETTING A FINAL PRETRIAL CONFERENCE DATE**

Plaintiff Wisconsin Electric Power Company ("WE") has asked the Court to set August 17, 2007 as the date for the final pretrial conference. In response, the Government requests that the pretrial conference be set for August 30, 2007.[1] WE now submits this Reply.

WE continues to believe that the pretrial conference should be held on August 17, 2007. Nevertheless, in the spirit of compromise, we would not oppose setting the pretrial conference for August 22, 2007 (the date that the Government proposed as a meeting date for counsel).

Our motion outlined the compelling reasons why the Court should conduct the pretrial conference a couple of weeks prior to the September 10, 2007 trial. Nothing stated by the Government in its Response changes our position. We remain convinced that the Government will not make any meaningful commitments regarding its conduct of this trial until the Court conducts the pretrial conference. As one example, in response to numerous WE requests that counsel for the parties meet and confer regarding pretrial issues,

[1] The Government's Response creates the impression that WE did not raise the August 17, 2007 pretrial conference date until the date that WE filed its motion, July 13, 2007. Govt Resp at 1, n. 1. That is incorrect. WE proposed the August 17 pretrial conference date in a June 11, 2007 letter and only filed its motion after Government counsel failed to respond despite several requests. See WE Mot. App. 023, 026-027.

Government counsel orally proposed that counsel for the parties meet in July for an extensive conference after exchange of agendas regarding outstanding pretrial issues. This conference would have considered exhibit issues as well as potential ways to streamline the trial. Government counsel orally suggested the week of July 23 for such a conference. In a June 22, 2007 letter, we then proposed a July 23 date for this meeting preceded by the exchange of agendas on July 13. WE Mot. App. 026-027. The Government never even responded to this letter (until it filed its Response to Plaintiff's Motion).

The Government's Response now proposes that such a meeting of counsel be conducted on August 22 or 23, i.e., more than a month after the last date raised by Government counsel. We have no assurance that the Government will confer with us on that date or, if it does, whether it will make any significant commitments in advance of the pretrial conference. Therefore, we believe that a pretrial conference date of August 22, 2007 will prompt the Government to address pretrial issues in a meaningful manner sufficiently in advance of trial so that the parties may focus their final trial preparations on the relevant issues.

We are particularly interested in resolving the following issues: (1) to address with the Government outstanding exhibit issues; (2) to learn whether the Government intends to call all of the numerous current or former WE personnel identified in its January 24, 2007 Witness List; and (3) whether the Government is willing to agree that witnesses can be called to testify one time (other than as a rebuttal or surrebuttal witness) in order to reduce the travel and trial commitments of the witnesses.

We disagree with the Government regarding when the Government should inform us as to its intentions in this regard. The Government's witness list identifies twenty current and former WE personnel as potential witnesses and identified only one of these individuals as being called to authenticate WE documents. Govt Witness List at 13. Yet, Government's

Response now asserts that "several" of these current or former WE personnel may be called to authenticate documents. Govt Resp. at 2.

We do not believe that it is fair to these individuals for the Government to wait until August 30 (or even to August 22) to tell us the witnesses that the Government desires to call for authentication purposes so that we then can address whether those individuals can be removed from the Government's witness list. A number of these individuals no longer work for WE and live in Florida, Colorado, Ohio and Washington. These individuals (as well as WE counsel) reasonably would like to know in the near future whether they will need to travel to Washington, D.C. to testify in this matter, particularly given the need to make travel arrangements. We see no reason why the Government cannot address this issue now in a telephone conference call between counsel (as well as addressing the other two issues outlined above).

Contrary to the Government's assertion, we do not believe that a pretrial conference earlier than August 30, 2007 (such as August 17 or August 22) unfairly rushes Government counsel. The Court set this case for a September 10, 2007 trial date in February. Further, we proposed an August 17, 2007 pretrial date to Government counsel on June 11, 2007. WE Mot. App. 023. The compromise date of August 22 date provides sufficient time before trial for the parties to implement methods for streamlining trial that may be agreed upon prior to or during the pretrial conference. If the parties cannot resolve outstanding issues by August 22, at least they can be placed before the Court at the pretrial conference, at a time when the parties can still benefit in their trial preparations from the Court's input.

We oppose the August 30, 2007 pretrial date for another reason. The Court granted WE leave to file an Amended Complaint seeking WE's 2006-2007 costs on June 7, 2007. WE also provided substantial documentation from WE and our damages experts regarding these costs to the Government in April and May. Nevertheless, the Government waited until last week to inform us that it wishes to depose WE's two damages experts regarding WE's

2006-2007 costs and, on July 30, 2007, scheduled these depositions for August 31, 2007. One of the experts will be out of the country for much of August and will not return to the office until August 30. Naturally, we would like to meet with our experts prior to their August 31 depositions and August 30 is the only day for such a meeting. Therefore, we object to conducting the pretrial conference on August 30 for this additional reason.[2]

In sum, WE believes that setting a final, firm pretrial conference date of August 22, 2007 may prompt resolution of several pretrial issues that have been outstanding for quite some time. Throughout the Response, Government counsel appears to believe that the Government can decide when it wishes to be ready for a pretrial conference. We disagree. We submit that the Court, not Government counsel, decides when the Government will address these issues. Again, these outstanding issues need to be resolved in the near future and we believe that establishing an August 22 pretrial date will prompt resolution of these issues.

For the foregoing reasons, WE respectfully requests that the Court issue an Order setting August 22, 2007 as the date of the final pretrial conference.

Dated: August 1, 2007

Respectfully submitted,

s/Richard W. Oehler by s/Jay L. Griffiths
Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
(206) 359-8419 Phone
(206) 359-9419 Fax

Attorneys for Plaintiff
WISCONSIN ELECTRIC POWER COMPANY

Of Counsel:

Donald J. Carney
Mary Rose Hughes
Perkins Coie LLP
607 Fourteenth Street, N.W.
Washington, D.C. 20005-2001
(202) 434-1675

[2] There are two other dates in August that raise a schedule conflict with regard to the pretrial conference. Counsel is unavailable August 24. In addition, in-house counsel for WE (who desires to attend the pretrial conference) is unavailable August 27.

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that, on August 1, 2007, I caused a copy of the foregoing "Plaintiff's Reply To Defendant's Response To Plaintiff's Motion For An Order Setting A Final Pretrial Conference Date" to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Jay L. Griffiths
Jay L. Griffiths