Wisconsin Electric Power Company v. United States, No. 00-697C

Defendant's Objections to Plaintiff's Exhibits

| Wepco Plt. Exh # | Bates - Begin | Bates - End | Full Name | Government Objections | Doc Date |
|---|---|---|---|---|---|
| 0971 | | | June 1987 Mission Plan Minutes | No Objection | 00/00/0000 |
| 0972 | | | Letter from Tomasoni | Use of Deposition Contrary to the Rules of the Court of Federal Claims | 03/11/1997 |
| 0973 | | | Milner memo to Bartlett re: draft annual accpt. Priority ranking | No Objection | 00/00/0000 |
| 0974 | | | Monitored Retrievable Storage, Submission to Congress, Vol. 2., Environmental Assessment for a Monitored Retrievable Storage Facility | No Objection | 00/00/0000 |
| 0975 | | | Ex 26 to Pollog dep | No Objection | 00/00/0000 |
| 0976 | | | Letter from Tomasoni to Bucheit | No Objection | 06/14/1995 |
| 0977 | | | Trial Ex. 30.020 | No Objection | 00/00/0000 |
| 0978 | | | Letter from Thomas to Tomasoni | Authentication, Foundation, Hearsay, Relevance | 05/11/1998 |
| 0980 | | | R. Milner memo to Director | No Objection | 00/00/0000 |
| 0981 | EDB0020158 | EDB0020167 | Rusche confirmation statement | No Objection | 05/17/1984 |
| 0982 | | | Roselli speech | No Objection | 00/00/0000 |
| 0983 | | | Disposal Contract Modifications | No Objection | 10/22/1984 |
| 0984 | | | Systems Fuels matter, DOE report | No Objection | 01/19/2000 |
| 0985 | | | System Fuels matter, Defendant's response to plaintiff's first individual set of requests for production | No Objection | 00/00/0000 |
| 0986 | | | Dreyfus letter to Kadak | No Objection | 09/28/1995 |
| 0987 | | | Trial Ex. 697 | No Objection | 00/00/0000 |

Wisconsin Electric Power Company v. United States, No. 00-697C

Defendant's Objections to Plaintiff's Exhibits

| | Wepco Plt. Exh # | Bates - Begin | Bates - End | Full Name | Government Objections | Doc Date |
|---|---|---|---|---|---|---|
| | 0988 | | | WE reserves the right to identify as trial exhibits any documents that it may identify as a result of on-going discovery and depositions relating to Nuclear Regulatory Commission ("NRC") issues | Contrary to the Rules of the Court of Federal Claims | 00/00/0000 |
| | 0999 | | | Selin (Chairman, NRC) testimony before the Energy and Water Development Subcommittee of the House Appropriations Committee | No Objection | 03/03/1995 |
| | 1000 | | | NRC Rulemaking Issue on utility comment that DOE should be billed for annual fee rather than utilities. | No Objection | 06/13/1991 |
| | 1001 | | | Dreyfus testimony before the Senate Committee on Energy and Natural Resources | No Objection | 09/22/1993 |
| | 1002 | | | Memorandum from Jackson (NRC) to Lanham (NRC) re: Fee Workpapers for 10 CFR Parts 170 and 171 Proposed Rule - FY 1999, attaching same | No Objection | 03/31/1999 |
| | 1003 | PA199037 | PA199206 | Monitored Retrievable Storage, Submission to Congress, Vol. 3, Monitored Retrievable Storage Program Plan | No Objection | 03/00/1987 |

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on January 26, 2007, a copy of this "DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kevin B. Crawford

Perkins Coie

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

Richard W. Oehler
PHONE: (206) 359-8419
FAX: (206) 359-9419
EMAIL: ROehler@perkinscoie.com

August 16, 2007

**BY FACSIMILE AND FIRST CLASS MAIL**

Ms. Sharon A. Snyder
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530

**Re: Wisconsin Electric v. United States, No. 00-697C**

Dear Sharon:

We thank the Government for its thoughts during our August 14 teleconference regarding the resolution of trial exhibit objections. We are interested in resolving some objections to exhibits prior to trial and in the efficient admission of exhibits into evidence, but were not clear regarding the details of the Government's thoughts regarding these issues. Therefore, we propose the following with regard to exhibits:

1. The parties jointly request that the Court admit into evidence all Plaintiff's and Defendant's trial exhibits to which there are no objections.

2. The Government provide to Wisconsin Electric Power Company ("WE") a list of (1) all witnesses who are current or former WE employees for which the Government only intends to call the witness to seek the admission of Government exhibits, and (2) the corresponding exhibits. WE will seriously consider withdrawing its objections to such exhibits if this will result in the Government not calling the corresponding witnesses to testify. It is our understanding from the August 14 teleconference that you already intend to provide such a list. However, we were unclear if the Government's list would include additional exhibits that do not raise this witness issue. If so, we request that the

Government's list clearly identify the exhibits that raise the witness issue so that these can be identified first.

3. The Government seemed to indicate that it would not oppose the Court's admission of WE exhibits to which the Government objected provided that the record reflect that the Government was not waiving its objection. Please advise us whether we understand the Government's position correctly. If we understand the Government's position correctly, we would be willing to follow a similar course with regard to our objections to the Government's exhibits with the following exception: Before agreeing to admission of exhibits that the Government seeks to introduce through Messrs. Hayslett and Buchheit, we would like the Government to identify the exhibits and provide us with copies of the supporting, relevant testimony.

4. The parties agree that they are not aware of any issues related to the authenticity of any proposed exhibits and that all documents produced in discovery are presumed authentic other than handwritten notes which will be deemed authentic if supported by appropriate testimony.

5. WE requests that the Government consider withdrawing its objections to certain Plaintiff's exhibits identified in the categories below:

a. Plaintiff's exhibits that the Government objected-to as incomplete. In WE's May 25, 2007 letter to the Government and in the Revised Exhibit List that WE filed with the Court on June 13, 2007, WE resolved the incomplete nature of the following exhibits. WE requests that the Government withdraw its objections as to the incompleteness of these exhibits.

    i. First, WE resolved the incomplete nature of certain exhibits by identifying a corrected bates range so that the document described was complete. The exhibits in this category are 244, 301, 493, 614, 631, and 632.

    ii. Second, WE resolved the incomplete nature of certain exhibits by revising their description on WE's Exhibit List to note that they were "Excerpts," "Portions," or "without attachments." The exhibits in this category are Plaintiff's exhibits 057, 079, 386, 550, 561, 562, 563, 567, 578, 623, and 907. (WE notes that to the extent the

Government identified any of its exhibits as "excerpts" or "portions," WE did not object to those documents as incomplete.)

b. Plaintiff's exhibits that the Government objected-to as "not a proper exhibit." For some of the Plaintiff's exhibits that the Government objected-to as incomplete, the Government also objected that the exhibits were "not a proper exhibit." The Government did not identify the reason why those exhibits were purportedly improper. The objection that a document is "not a proper exhibit" is not based on any Federal Rule of Evidence ("FRE"), and WE has resolved any objection as to incompleteness. Accordingly, WE requests that the Government withdraw its objections to these exhibits. The exhibits in this category are 562, 567, 578, 614, 623, 631, and 632.

c. Plaintiff's exhibits to which the Government objects even though the same documents are on the Government's exhibit list. The Government objects to certain exhibits on WE's exhibit list that the Government proffers as its own exhibits. WE did not object to the Government's use of these exhibits. Therefore, WE requests that the Government withdraw all its objections to these exhibits. The exhibits in this category are as follows:

| Plaintiff Exhibit | Corresponding Defendant Exhibit |
|---|---|
| 123 | 542 |
| 214 | 558 |
| 273 | 396 |
| 301 | 175 |
| 430 | 192 |
| 701 | 337 (the Government's exhibit includes one additional page, WISC 00070314) |
| 741 | 388 |
| 743 | 389 |
| 755 | 341 |
| 756 | 272 |
| 762 | 322 |
| 763 | 340 |
| 764 | 335 |
| 765 | 321 |

| | |
|---|---|
| 766 | 330 |
| 772 | 165 |
| 887 | 399 |
| 901 | 413 |

d. Plaintiff's exhibits that the Government objected-to on hearsay and relevance grounds because they are Government contractor documents. The Government's Motion to Exclude Contractor Documents has not been granted in other spent nuclear fuel cases including Yankee and Southern. WE requests that the Government withdraw the hearsay and relevance objections to those twenty-seven Plaintiff's exhibits identified in the Government's motion. The exhibits in this category are 055, 070, 101, 121, 123, 131, 196, 197, 215, 223, 230, 341, 361, 396, 564, 593, 774, 912, 918, 922, 923, 928, 931, 937, 938, 951, and 969.

e. Plaintiff's exhibits that are older than twenty-years, and that the Government objects to on authenticity and hearsay grounds. The Government objects to the authenticity of and purported hearsay character of certain Plaintiff's exhibits, all of which were authored more than twenty-years ago. Under FRE 803(16) and 901(b)(8), the age of the documents, coupled with the fact that they were produced in good condition by the Government, indicate that the documents will be admissible. WE requests that the Government withdraw its objections of authenticity and hearsay for these exhibits. The exhibits in this category are 63, 64, 65 and 68. (This proposal assumes that the parties did not agree to Paragraph 4, above.)

f. Plaintiff's exhibits that the Government objected-to on authenticity grounds even though they are from newspapers or periodicals. The Government objected to certain of Plainitff's exhibits that are from newspapers or periodicals on the grounds that they lack authenticity. Newspaper and periodical articles, however, are self-authenticating under FRE 902(6). Accordingly, WE requests that the government withdraw its authenticity objections to the following exhibits: 63, 64, 409, 417, 419, 429, 489, 499, 501, 504, 507, 515, 516, and 941. (This proposal assumes that the parties did not agree to Paragraph 4, above.)

We look forward to the Government's response. Please contact me if you have any questions.

Very truly yours,

Richard W. Oehler

Richard W. Oehler

cc: Catherine Phillips
Donald J. Carney

U.S. Department of Justice

Civil Division

Telephone:
(202) 305-7561

Washington, D.C. 20530

PDK:DMC:HDL:RAS
154-00-697

August 22, 2007

**VIA FACSIMILE AND UNITED STATES MAIL**

Richard W. Oehler
Perkins Coie, LLP
1201 Third Avenue,
Suite 4800
Seattle, Washington 98101-3099

Re: *Wisconsin Electric Power Company v. United States*, No. 00-697C (Fed. Cl.)

Dear Mr. Oehler:

I am responding to a number of issues raised in your August 16, 2007 letter to Sharon Snyder. Specifically, paragraph 5 of your letter in which you requested that the Government withdraw its objections to a number of documents that are on WEPCO's exhibit list.

Plaintiff Exhibits Identified as Incomplete

Because you have now provided complete copies of Plaintiff Exhibits 244, 301, 493, 614, 631, and 632, the Government agrees to remove the "incomplete" objection with regard to those exhibits.

We cannot, however, agree to withdraw our objections regarding exhibits that are still incomplete. Even though your exhibit list correctly identifies some exhibits as "excerpts" or documents that are missing attachments, the Federal Rules of Evidence specifically provide that an opposing party may require the introduction of a complete document whenever a portion of that document is introduced by the other party. F.R.E. 106. In that regard, we believe it is important for you to provide complete copies of Plaintiff Exhibits 57, 386, 550, 561, 562, 563, 567, 578, 623, and 907. However, we will agree to withdraw our completeness objection to Plaintiff Exhibit 79 if WEPCO agrees not to elicit any testimony at trial regarding the missing paper which Mr. Shimon presented to the AIF Nuclear Fuel Cycle Conference that is referenced in the document.

Plaintiff Exhibits Identified as "Not a Proper Exhibit"

Although we have reservations as to the relevance of legal briefs, proposed findings of fact, and notices of depositions from other spent nuclear fuel cases, we withdraw our objections to Plaintiff Exhibits 562, 567, 578, 614, 631, and 632, provided WEPCO provides us with complete versions of those exhibits.

Common Exhibits To Which the Government Has Objected

There are a number of documents that are common to both parties' exhibit lists to which we have objected. After reviewing those exhibits, we withdraw our objections to Plaintiff Exhibits 123, 214, 273, 301, 430, 887, and 901. However, with regard to Plaintiff Exhibits 741, 743, 755, 756, 762, 763, 764, 765, 766, and 772, we believe that our objections must stand until a witness authenticates and lays a proper foundation for admission of each document as evidence. Of course, we are willing to withdraw those objections if those requirements are satisfied.

DOE Contractor Documents

This issue was addressed in the Court's August 16, 2007 order. We note that Senior Judge Merow stated that these documents cannot be admitted until the required foundation, authenticity, and other evidentiary requisites have been established.

Plaintiff Exhibits That Are More Than 20 Years Old

We do not believe that Plaintiff Exhibits 63, 64, and 65 satisfy the authentication requirements of F.R.E. 901(b)(8). Because the authenticity of these documents has not been established, these exhibits cannot be admitted pursuant to F.R.E. 803(16) even though they appear to be more than 20 years old. While we do not withdraw any objections to Plaintiff Exhibit 68, we note that our objections were limited to the attachment which was written by a DOE contractor and the handwritten notes that appear on that document.

Newspaper Articles

WEPCO included a number of newspaper articles on its exhibit list. As we discussed above, we do not agree that Plaintiff Exhibits 63 and 64 are self-authenticating. While we agree that Plaintiff Exhibits 409, 417, 429, 489, 499, 501, 504, 507, 515, 516, and 941 are self-authenticating pursuant to F.R.E 902(6), that does not address our hearsay objections to those documents. Consequently, we continue to believe these exhibits are not admissible.

Because "Synergy" is a WEPCO publication and Synergy articles may constitute a record maintained in the course of WEPCO's regularly conducted business, we will agree to withdraw our hearsay objection to Plaintiff Exhibit 419 as a business record if WEPCO withdraws its

hearsay objection to another Synergy article, Government Exhibit 283, which, by virtue of being a WEPCO publication, is an admission of a party-opponent. F.R.E. 801(d)(2), 803(6).

If you have any further questions, do not hesitate to contact me.

Sincerely,

RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch

TOTAL P.04