IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00-697C |
| | ) | (Senior Judge Merow) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S PRETRIAL MOTION REGARDING EXHIBITS

Defendant, the United States, respectfully submits this motion to identify exhibit issues to be resolved prior to trial.

## I. BACKGROUND

On October 27, 2006, plaintiff, Wisconsin Electric Power Company ("WEPCO"), submitted its list of objections to the Government's exhibit list in the above-captioned matter.[1] Many of WEPCO's objections to the Government's exhibits are contrary to the Federal Rules of Evidence. Although Government counsel sent a letter to counsel for WEPCO on September 5, 2007, identifying the objections and requesting that WEPCO withdraw them, WEPCO has not yet responded. Appendix 1-3. Therefore, in an effort to streamline proceedings at trial, the Government respectfully requests the Court to overrule WEPCO's objections to the Government's exhibits as discussed below.

---

[1] WEPCO has not submitted objections to exhibits DX601-DX613 even though they were on the exhibit list filed on January 27, 2007, and were submitted to WEPCO in hard copy form on May 18, 2007.

## II. EXHIBIT ISSUES FOR RESOLUTION

### A. Hearsay Objections to Admissions of Party Opponent

WEPCO has objected on hearsay grounds to exhibits even though those documents were issued by WEPCO and its employees. The Federal Rules of Evidence ("FRE") expressly provide that a statement is not hearsay if made by a party opponent. FRE 801(d)(2). The following Government exhibits are statements made by WEPCO or its agents to which WEPCO has objected as hearsay: DX 18, DX 19, DX 31, DX 55, DX 75, DX 84, DX 84A, DX 90, DX 103, DX 129, DX 137, DX 146, DX 151, DX 154, DX 158, DX 170, DX 181, DX 182, DX 184, DX 191, DX 193, DX 200, DX 201, DX 203, DX 229, DX 235, DX 241, DX 244, DX 253, DX 257, DX 258, DX 267, DX 276, DX 280, DX 281, DX 282, DX 283, DX 285, DX 293, DX 315, DX 318, DX 344, DX 349, DX 428, DX 430, DX 433, DX 452, DX 454, DX 456, DX 459, and DX 475-DX 488. The Government requests that WEPCO's hearsay objection to those exhibits be overruled.

### B. Hearsay Objections to Ancient Documents

WEPCO has objected to numerous exhibits as hearsay that are more than 20 years old.[2] FRE 803(16) expressly provides that statements in a document "in existence more than twenty years" may not be excluded as hearsay. FRE 803(16). The following Government exhibits are ancient documents to which WEPCO has objected as hearsay: DX 8, DX 13, DX 170, DX 181, DX 182, DX 184, DX 490, DX 491, DX 492, DX 501, DX 501.01-501.85, DX 502, DX 503, DX 504, DX 505, DX 506, DX 507, DX 508, DX 509, DX 510, DX 511, DX 512, DX 513,

---

[2] In its motion regarding the Government's objections, WEPCO claimed that four of its exhibits were admissible pursuant to the ancient document exception. WEPCO Br. pp. 5-6.

DX 514, DX 515, DX 516, DX 518, DX 519, DX 520, DX 522, DX 524 - 530, DX 532, DX 535, DX 537, and DX 544. WEPCO's hearsay objection to those exhibits should be overruled.

C. Hearsay Objections to Business Records

WEPCO has also objected on hearsay grounds to exhibits that are clearly business records, produced from WEPCO's own files, and thus subject to the business record exception to the hearsay rule, FRE 803(6). WEPCO has objected to the following business records as hearsay: DX 2, DX 13, DX 18, DX 19, DX 31, DX 55, DX 73, DX 75, DX 90, DX 129, DX 135, DX 137, DX 154, DX 170, DX 182, DX 184, DX 235, DX 251, DX 253, DX 276, DX 280, DX 281, DX 282, DX 283, DX 285, DX 293, DX 315, DX 327, DX 328, DX 344, and DX 475-488. WEPCO's objections to these business records should be overruled.

D. Authenticity Objections

WEPCO has objected to numerous exhibits on authenticity grounds even though those documents came from WEPCO and were recognized by WEPCO witnesses. FRE 901(b)(1) provides that the authenticity of a document can be established by witness testimony. Government exhibits DX 8, DX 19, DX 31, DX 46, DX 129, and DX 459 are documents produced by WEPCO and drafted by or received by a witness who will appear in the trial of this matter. Thus, WEPCO's authenticity objections regarding these exhibits should be overruled.

E. Relevance Objections

WEPCO has objected to many exhibits on relevance grounds. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401. A review of the exhibits to which WEPCO has objected on

relevance grounds demonstrates that many were produced by WEPCO during the course of this litigation. Further, many of the exhibits, on their face, are relevant to some fact or facts at issue in this litigation. For example, DX 2, DX 19, DX 84, DX 84A, DX 129, DX 137, DX 193, DX 244, DX 251, DX 253, DX 257, DX 267, DX 283, DX 430, DX 433, and DX 456 are all exhibits that relate to the Point Beach dry fuel storage project and are thus relevant to the issues in the trial. Other documents relate specifically to the use by WEPCO of the metal TN-32 casks, including DX 157, DX 159, DX 203, DX 310, and DX 315. Other documents relate to the Point Beach spent pool capacity, including DX 55 and DX 73. Therefore, WEPCO's relevance objections to these exhibits should be overruled.

## CONCLUSION

For these reasons, the Government respectfully requests that the Court overrule WEPCO's objections to the Government's exhibits in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Sharon A. Snyder by Russell A. Shultis
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Phone: (202) 616-0347
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

STEPHEN FINN
SONIA M. ORFIELD
RUSSELL A. SHULTIS
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

September 7, 2007

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on September 7, 2007 a copy of this "DEFENDANT'S PRETRIAL MOTION REGARDING EXHIBITS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Russell A. Shultis