**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WISCONSIN ELECTRIC POWER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 00-697C<br><br>(Senior Judge Merow) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PRETRIAL MOTION REGARDING EXHIBITS**

Wisconsin Electric Power Company ("WE") files this response to Defendant's pretrial motion regarding exhibits, which was filed on September 7, 2007.

## I. BACKGROUND

WE has attempted to resolve exhibit issues with the Government for months. After exchanging pretrial exhibit and witness lists in late 2006 and early 2007, WE attempted to meet with Government counsel repeatedly to discuss the resolution of numerous exhibit issues. Meetings were scheduled for June 9 and June 26, 2007, and another meeting was tentatively scheduled for July 23, 2007. In each instance, the Government did not meet with WE. In a continued effort to resolve exhibit issues despite the Government's inability to confer, WE sent a letter to the Government regarding exhibit issues on August 16, 2007. When the Government did not respond to WE's letter, WE filed its August 28, 2007 motion regarding the exhibit issues enumerated in its August 16 letter. Some of these exhibit issues were then discussed at the pretrial conference on August 29, 2007.

A full week after the pretrial conference, on September 5, 2007, the Government sent a letter to WE requesting that WE "consider withdrawing its objections to each identified exhibit in the following categories." The Government's letter identified 196 exhibits to which it sought WE's response. WE began in earnest to review the Government's list upon

receipt of the letter. On September 7, 2007, three days before trial was to commence, the Government then filed a pretrial motion regarding the same exhibit issues identified in its letter. Neither the Government's September 5 letter nor its September 7 motion explained its rationale for why the Court should overrule WE's objections. Instead, the Government simply offered conclusory arguments such as "[t]he following Government exhibits are statements by WEPCO or its agents to which WEPCO has objected to hearsay."

Despite the last second nature of the Government's letter and motion, WE engaged in a thorough, good-faith effort to individually review each exhibit and re-evaluate the merit of WE's objections. In doing so, WE noticed that many of the objections which the Government requests to be overruled were similarly employed by the Government against WE exhibits (PXs). Thus, WE respectfully requests that, to the extent the Court believes WE's objection to a Government should be overruled, that the Court likewise overrule the Government's objections for the same category of documents. The categories of documents are admissions of parties, admissions of parties' agents or authorized persons, ancient documents, documents which can be authenticated by distinctive characteristics and the like, and documents that are relevant to the issues at trial.

## II. EXHIBIT ISSUES FOR RESOLUTION

### A. Hearsay Objections to Admissions of Party Opponent.

The Government has asked the Court to overrule WE's hearsay objection to 64 Government exhibits (DXs), which the Government believes are admissions of a party opponent. Fed. R. Evid. 801(d)(2). These exhibits are DXs 18, 19, 31, 55, 75, 84, 90, 103, 129, 137, 146, 151, 154, 158, 170, 181, 182, 184, 191, 193, 200, 201, 203, 229, 235, 241, 244, 253, 257, 258, 267, 276, 280-283, 285, 293, 315, 318, 344, 349, 428, 430, 433, 452, 454, 456, 459, and 475-488. The Government fails to identify in their motion the specific WE employee or agent in each of the exhibits which would satisfy the test required for Fed. R. Evid. 801(d)(2).

#### 1. Admissions under Fed. R. Evid 801(d)(2)(A).

WE disputes the Government's assertion that all of the above-listed documents are admissions of a party opponent. For example, DX 229 is a document authored by a DOE employee. Likewise, DX 315 was a statement of an employee of Duke Energy. Many other documents which the Government argues are admissions of a party opponent do not identify an author. These include DXs 191, 193, 200, 201, 257, 258, 267, 318, 433, 452, and 456. WE also disputes that DXs 75, 285 and 459 are admissions of a party opponent. For good reason, a hearsay objection cannot be overcome by vague and unsubstantiated arguments. Therefore, WE requests that the Court sustain WE's hearsay objections to DXs 75, 191, 193, 200, 201, 229, 257, 258, 267, 285, 315, 318, 433, 452, 459, and 456.

To the extent the Court overrules WE's hearsay objection to any of the above documents as admissions of a party opponent, WE requests that the Court overrule the Government's hearsay objections to documents which are statements made by DOE and its employees. These exhibits are PXs 68, 175, 194, 323, 330, 377, 469, 725, 738, 768, 769, 773, 774, 909, 919, 936, 941, 950, 953, 954, and 972.

**2. Admissions under Fed. R. Evid. 801(d)(2)(C) and (d)(2)(D).**

Several of the documents that the Government argues are admissions of a party opponent are documents drafted by a WE agent. These include DXs 84, 103, and 151. To the extent the Court overrules WE's hearsay objection to any of these documents as admissions by authorized personnel or agents under Fed. R. Evid 801(d)(2)(C) or (D), WE further requests that the Court overrule the Government's hearsay objections to WE exhibits authored by Government agents or authorized personnel. This includes PXs 215, 223, 230, 249, 361, 564, 593, 918, 928, 931, 937, and 940.

**B. Hearsay Objections to Ancient Documents.**

The Government has asked that the Court overrule a number of WE hearsay objections to Government exhibits simply because the documents are more than 20 years old. These exhibits are DXs 8, 13, 170, 181, 182, 184, 490-492, 501-516, 518-520, 522, 524-530, 532, 535, 537 and 544. The Government's reading of Fed. R. Evid. 803(16) is incomplete,

however. To overcome a hearsay objection under Fed. R. Evid. 803(16), a document must have been in existence twenty years or more and the Government must have established the authenticity of the document. WE has objected to a number of these documents on authenticity grounds, and the Government has not established the predicate authenticity to overcome WE's hearsay objection to these exhibits under Fed. R. Evid. 803(16).

Further, to the extent the Government believes that authenticity has been established for these documents, Fed. R. Evid. 901(8) requires that the document or data compilation be (A) in such condition as to create no suspicion concerning its authenticity, (B) be in a place where it, if authentic, would likely be, and (C) have been in existence 20 years or more at the time it is offered. The Government has failed to even attempt to establish two of the three requirements for authentication under Fed. R. Evid. 901(8).

For this reason, WE disputes that a number of the documents identified in the Government's September 7 motion qualify as ancient documents. For example, a significant number of the documents contain extensive marginalia which is undated and for which age cannot be established. This includes DXs 503, 507, 508, 509, 510, 513, 514, 516, 519, 528, and 530. Further, several of the documents are subject to Rule 805 as hearsay within hearsay. This includes DXs 505, 524, 527, 537 and 544. Finally, several other documents are not in a condition such as to create no suspicion concerning theri authenticity. This includes DXs 492, 507, 526 and 535. Therefore, WE requests that the Court sustain WE's hearsay objections to 492, 503, 505, 507, 508, 509, 510, 513, 514, 516, 519, 524, 526, 527, 528, 530, 535, and 537.

To the extent the Court determines that any of WE's hearsay objections should be overruled under Fed. R. Evid. 803(16), WE likewise asks that the Court overrule the Government's authenticity and hearsay objections to PXs 9, 63, 64, and 68, which are ancient documents admissible under Fed. R. Evid. 901(b)(8) and Fed. R. Evid. 803(16).

**C. Hearsay Objections to Business Records.**

The Government has asked that the Court overrule a number of WE's hearsay objections on grounds that the documents are business records. The Government's request must fail because Fed. R. Evid. 803(6) requires the testimony of a custodian or other qualified witness to establish the document as a business record. DOE has failed to satisfy the obligations demanded in Fed. R. Evid. 902(11) to establish certification prior to trial.

**D. Authenticity Objections.**

The Government's motion requested that WE withdraw its objection as to the authenticity of the following documents: DXs 8, 19, 31, 46, 129, and 459.

**1. Witness at Trial**

In its September 7, 2007 motion, the Government argues that DXs 8, 19, 31, 46, 129, and 459 were documents produced by WE and drafted by a witness who will be appearing to testify at trial. WE disagrees that this is sufficient cause to overrule WE's objection as to authenticity. Testimony must be elicited from the witness to verify that the witness authored the document and to overcome WE's authenticity objection.

**2. Fed. R. Evid. 901(b)(4) Authenticity**

In reviewing these documents, WE determined that the following DXs may be admissible under Fed. R. Evid. 901(b)(4) because they contain distinctive characteristics, which, when taken in conjunction with the circumstances, seem to establish authenticity. These documents include DXs 19, 31, 46, and 129.

Applying the same standard, WE respectfully requests that the Court overrule the Government's authenticity objections to PXs 68, 249, 315, 323, 330, 738, 768, 769, 773, 774, 909, 918, 919, 931, 936, 937, 940, 950, 953, 954, and 972, because they also are admissible under Fed. R. Evid. 901(b)(4). These documents have Department of Energy headers and other distinctive characteristics that establish the authenticity of the documents.

**E. Relevance Objections.**

Finally, the Government argues that the Court should overrule WE's relevance objections to DXs 2, 19, 55, 73, 84, 84a, 129, 137, 157, 159, 193, 203, 244, 251, 253, 257,

267, 283, 310, 315, 430, 433, and 456. WE disputes the Government's assertion that all of these documents are relevant to the issues requiring resolution at trial. Additionally, the Government has failed to specifically identify why each document is relevant to the issues identified by the Government in its motion.

However, to the extent the Court overrules WE's relevance objection to any of the documents identified in the Government's motion, WE respectfully requests that the Court overrule the Government's objection to the following PXs: 158, 159, 429, 773, 939, 940, 953, 954 (anticipated DOE non-performance); 215, 469, 473, 593, 623, 915, 917, 918, 919, 922, 923, 928, 929, 931, 936, 937, 938, 951, 969, and 972 (acceptance rates under the Standard Contract); 315, 330, 909, and 912 (DOE employment of an MRS); 367, 383, 409, 435, 440, 489, 499, 504, 507, 515, 768, and 769 (reasonableness of WE's dry fuel storage costs); 85, 86, 476 and 774 (space in the spent fuel pool at Point Beach); and 771 (temporary cask pit racks).

## IV. CONCLUSION

For the foregoing reasons, WE respectfully requests that the Court provide the specific relief requested above, namely, the overruling of certain objections as to hearsay, authenticity and relevance of certain, identified trial exhibits.

Dated: September 10, 2007

Respectfully submitted,

s/Richard W. Oehler by s/Emily C.C. Poulin
Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8419

Attorneys for Plaintiff
WISCONSIN ELECTRIC POWER COMPANY

Of Counsel:

Donald J. Carney
Mary Rose Hughes
Perkins Coie LLP
607 Fourteenth Street, N.W.
Washington, D.C. 20005
(202) 434-1675

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that, on September 10, 2007, I caused a copy of the foregoing "Plaintiff's Response to Defendant's Pretrial Motion Regarding Exhibits" to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Emily C.C. Poulin
Emily C.C. Poulin