IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WISCONSIN ELECTRIC POWER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 00-697C<br><br>(Senior Judge Merow) |

**PLAINTIFF'S MOTION REGARDING ADMISSION OF EXHIBITS AT TRIAL**

Wisconsin Electric Power Company ("WE") files this motion to identify certain exhibit issues for resolution at trial.

## I. BACKGROUND

During the pretrial conference in this matter, the Court permitted the Government to revise certain objections to WE's Exhibits by August 31, 2007. The Government filed Revised Objections to WE's Exhibits on August 31, 2007.[1] For some WE Exhibits, the Government withdrew its previously stated objections. For others, the Government stated new objections. WE requests that the Court admit certain exhibits into evidence and overrule objections to other exhibits for the following reasons.

## II. EXHIBIT ISSUES FOR RESOLUTION

### A. Exhibits To Which The Government Added Objections on August 31, 2007

The Court permitted the Government to voice objections by August 31, 2007 to a discrete set of exhibits to which the Government had not already objected.

[1] WE was dismayed that the Government did not indicate where its revised objections were different from its prior objections. When WE revised its exhibit list in June 2007, WE provided the Government with a specific list of all changes to the document.

> It is a problem. I see the problem for trial purposes. I think probably the best solution is to provide that Defendant promptly address the exhibits in your C section and provide, if there are valid objections, provide them, or if there aren't valid objections, they will be admitted into evidence, and we can address that on the first day opening of trial.

Pretrial Conference Transcript, 25:11-18 (emphasis added). The exhibits in the "C section" were those noted in WE's pretrial Motion Regarding Exhibits, filed August 28, 2007, which were exhibits to which the Government had previously stated "Document Not Produced – Reserve All Objections." The Court did not carve out other WE exhibits to which the Government could to voice new objections. Absent the Court's permission to supplement objections and according to the Rules of the Court of Federal Claims ("RCFC"), any new Government objections to WE Exhibits are untimely. See RCFC 7.2.

Accordingly, WE requests that the Court overrule the following Government objections that were first voiced in the Government's August 31, 2007 Revised Objections:

| Plaintiff Exhibit | New Government Objection |
|---|---|
| 371 | Foundation |
| 377 | Foundation |
| 690.1 through 690.9 | Authentication, Foundation |
| 728.1 through 728.28 | Authentication, Foundation |
| 740.1 through 740.126 | Authentication, Foundation |
| 1008 | Authentication, Foundation, Hearsay |
| 1015 | Authentication, Foundation, Hearsay |
| 1017 | Authentication, Foundation |
| 1018 | Authentication, Foundation |
| 1021 | Authentication, Foundation |
| 1022 | Authentication, Foundation |
| 1023 | Authentication, Foundation |
| 1024 | Authentication, Foundation |
| 1025 | Authentication, Foundation |
| 1026 | Authentication, Foundation, Hearsay |
| 1027 | Authentication, Foundation, Hearsay |
| 1029 | Authentication, Foundation, Hearsay |
| 1031 | Authentication, Foundation |
| 1032 | Authentication, Foundation, Hearsay |
| 1033 | Authentication, Foundation |

**B. Exhibit to Which The Government Still Reserves Objections**

In its Revised Objections, for WE Exhibit 668, the Government stated "Objection reserved – Exhibit not produced." In fact, WE produced this exhibit by June 6, 2007, as was the case with all WE Exhibits. The Court permitted the Government to object to any such exhibit by August 31, 2007. The Government's reservation of objections is invalid and any potential objections would be untimely. WE moves to admit into evidence WE Exhibit 668.

## III. CONCLUSION

For the foregoing reasons, WE respectfully requests that the Court provide the specific relief requested above, namely, the overruling of certain Government objections to certain, identified WE Exhibits and the admission of certain, identified WE Exhibits.

Dated: September 10, 2007

Respectfully submitted,

s/Richard W. Oehler by s/Emily C.C. Poulin
Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8419

Attorneys for Plaintiff
WISCONSIN ELECTRIC POWER COMPANY

Of Counsel:

Donald J. Carney
Mary Rose Hughes
Perkins Coie LLP
607 Fourteenth Street, N.W.
Washington, D.C. 20005
(202) 434-1675

# CERTIFICATE OF SERVICE

I certify under penalty of perjury that, on September 10, 2007, I caused a copy of the foregoing "Plaintiff's Motion Regarding Admission of Exhibits at Trial" to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Emily C.C. Poulin
Emily C.C. Poulin