IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00-697C |
| | ) | (Senior Judge Merow) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO SUPPLEMENT TRIAL RECORD

Defendant, the United States, respectfully requests that the Court allow the Government to supplement the trial record so that the record contains a copy of one of plaintiff's demonstratives as it existed at trial after cross examination. Counsel for the Government has discussed this matter with Donald Carney, who has represented that plaintiff, Wisconsin Electric Power Company ("WEPCO"), opposes our request.[1]

As the Court may recall, during direct examination of WEPCO's witness, Mr. Michael Baumann, Mr. Baumann created a chart, which was marked "Plaintiff Demonstrative 7" ("P. Dem. 7"), to show the number of fuel assemblies that were projected to be discharged at Point Beach from August 1994 through the spring refueling outage in 1998. Tr.166:9 - 169:5 (Baumann). On cross examination, Mr. Baumann admitted that, assuming 34 spaces in the spent fuel pool were inaccessible and that 121 spaces were required to reserve enough space to

[1] After we discussed this matter with Mr. Carney, we received an e-mail from his associate, Emily Poulin, indicating that WEPCO opposed our motion. It appears that plaintiff would like defendant to renumber this exhibit as a defendant's demonstrative. As we explained to Mr. Carney, we considered doing that; however, because the transcript refers to the demonstrative as a plaintiff's exhibit, it would confuse the record unnecessarily if we were to re-name the exhibit. Thus, by keeping the same number, but indicating on the exhibit numbering that it has defendant's markings upon it (which is confirmed in the testimony about the exhibit), we believe that the sanctity of the record is preserved. Tr.238:25-239:16.

discharge all of the assemblies from the core of one of the reactors at Point Beach ("FCR"), the chart showed that WEPCO would have lost FCR in 1995. Tr.237:12 - 239:24 (Baumann). As noted by the Court at trial, Government counsel marked P. Dem 7 to illustrate that point. Tr.239:13-16.

One of the main issues in this case is whether WEPCO's decision to build dry fuel storage was caused by DOE's partial breach of the Standard Contract or whether that decision was made because of WEPCO's perceived SNF storage needs before 1998. Def. Br. pp. 8-24. WEPCO's perception as to when it would lose FCR is an important factor in that decision. Mr. Baumann's testimony that WEPCO would lose FCR in 1995, as illustrated by P. Dem. 7, was cited to support the Government's argument that contemporaneous evidence shows that WEPCO needed additional SNF storage before 1998. Def. Br. p. 24.

When counsel for WEPCO submitted plaintiff's demonstratives for the trial record, WEPCO did not submit the copy of P. Dem. 7 as that demonstrative existed at trial, but submitted the demonstrative without the markings made by Government counsel. WEPCO counsel, on the last day of trial, October 16, 2007, sought permission from the Court to provide that unmarked version, which the Court granted. Tr.6409:6-16. The Court also indicated that defendant could submit the same demonstrative with the Government's markings in order to complete the trial record. Tr.6409:16-23. Thus, to provide a complete record of the trial in this case and to preserve the sanctity of the record, the Government respectfully requests that the Court permit the Government to submit a copy, to be marked P. Dem. 7 [with defendant's markings], to provide a complete trial record in this matter.

For these reasons, the Government respectfully requests that the Court permit the Government to submit P. Dem 7 [with defendant's markings], to the court reporter for completion of the trial record in this case.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Sharon A. Snyder by s/ Russell A. Shultis
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Phone: (202) 305-9640
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

April 25, 2008

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that, on April 25, 2008, a copy of "DEFENDANT'S MOTION TO SUPPLEMENT TRIAL RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Russell A. Shultis