**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WISCONSIN ELECTRIC POWER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 00-697C<br><br>(Senior Judge Merow) |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION TO SUPPLEMENT THE RECORD**

Wisconsin Electric Power Company ("WE") does not oppose the identification of the demonstrative that Government counsel defaced during the testimony of Mr. Baumann as a defendant's demonstrative exhibit ("DDX") for inclusion in the trial record. The Government's attempt to force the defaced demonstrative back into the record as a plaintiff's demonstrative exhibit ("PDX"), however, should be rejected because it is contrary to the Court's prior direction on this subject, will confuse the record, and is unwarranted in the circumstances.

## I. BACKGROUND

On September 10, 2007 during the trial of this case Mr. Baumann testified that, to his knowledge, 1500 spaces in the Point Beach Nuclear Power Plant ("Point Beach") spent fuel pool were available for the storage of spent nuclear fuel ("SNF"). Tr. 142:14-143:1 (Baumann); PX 381 at HQR364-0809. Mr. Baumann further testified that Point Beach could have operated at least into 1998, and potentially beyond, utilizing the existing spent fuel pool capacity, based upon an arithmetic projection of discharges that Mr. Baumann recorded on a sheet of paper marked for identification as PDX 7. Tr. 166:9-171:4; Tr. 209:14-20 (Baumann); PDX 7.

During cross-examination that same day, Government counsel asked Mr. Baumann to subtract one full core reserve (121 assemblies) and 34 spaces that the Government termed "inaccessible but could be corrected" from Point Beach's spent fuel pool capacity. Tr. 237:12-238:19 (Baumann).[1] Without seeking permission, Government counsel then wrote on PDX 7, reflecting the calculation arrived at using the Government's assumptions. Tr. 238:11-239:14 (Baumann). WE counsel immediately objected to Government counsel's writing on PDX 7. Tr. 238:20-21 (Baumann).

On October 16, 2007, WE obtained the Court's permission to rewrite PDX 7 without the Government's markings to accompany the record in this case. Tr. 6409:6-23 (October 16, 2007). The Court further ordered that Government counsel's marks on PDX 7 could also accompany the record as "*another* demonstrative" for which the Government was responsible. Tr. 6409:16-23 (October 16, 2007) (emphasis added). The Court explained the importance of the demonstratives accompanying the record because "[s]ometimes, the testimony can't be understood unless you're looking at the demonstrative that's been used, so that they should be available for further proceedings, if any." Tr. 6410:15-19 (October 16, 2007).

On October 24, 2007, WE submitted a binder of Plaintiff's demonstratives to the court reporter and then sent another copy to the Department of Justice ("DOJ") on November 5, 2007. WE's transmittal letter to DOJ is attached as Exhibit A. Both binders included the re-written PDX 7, which is attached here as Exhibit B. The Government did not object to PDX 7.

[1] Government counsel recorded these assumptions on a board in the courtroom but did not mark the board for identification as a demonstrative during Mr. Baumann's testimony. Tr. 239:3-5 (Baumann) (referring to "assumptions that [Government counsel] put on [its] board"). Government counsel did not attempt to indicate its assumptions regarding 34 unavailable spaces anywhere on PDX 7 prior to writing on it.

On January 25, 2008, when the court reporter filed the cumulative index in this case, WE noticed that it erroneously omitted several WE demonstratives and filed a motion to amend the cumulative index with a full index of plaintiff's demonstratives. The Government did not oppose WE's motion or object to WE's index of demonstratives. WE's motion remains pending before the Court.

On February 20, 2008, four months after trial in this matter, and three months after WE sent copies of its demonstratives to the Government, the Government requested that WE provide it with a copy of the defaced demonstrative. WE complied and reminded the Government that it was incumbent on the Government, not WE, to include the defaced demonstrative in the record if it chose to do so. WE's February 25, 2008 letter to DOJ is attached as Exhibit C.

Two months later, on April 21, DOJ contacted WE regarding whether WE would oppose its motion to identify the defaced demonstrative as "PDX-7 [with defendant's markings]." WE informed DOJ that WE would not oppose the Government's inclusion of the demonstrative in the record so long as the Government identified it as a DDX. WE's email message to DOJ is attached as Exhibit D.

## II. DISCUSSION

The clear implication of the Court's statements regarding the defaced demonstrative is that it should be identified as a defendant's exhibit. The Court specifically noted that Government counsel, not Mr. Baumann, wrote the lines and text that defaced the demonstrative. Tr. 239:13-14 (Baumann). The Court stated that the Government was responsible for the entry of the defaced demonstrative into the record. Tr. 6409:16-23 (October 16, 2007). The Court stated that the defaced demonstrative was "another" exhibit, separate from PDX 7. *Id.* Because the Government is responsible for the entry the defaced demonstrative in the trial record, the Government therefore should identify it as a DDX.

The defaced demonstrative must also be identified as a DDX to keep the record clear and avoid confusion. Mr. Baumann's direct testimony and authorship of PDX 7 is based upon his knowledge and belief that 1500 spaces in the spent fuel pool could be used to store SNF. Tr. 142:14-143:1 (Baumann). Mr. Baumann drew PDX 7 showing that WE could have operated without dry storage to 1998 and 1999, if necessary, based upon the assumption that 1500 spaces could be used. Tr. 166:9-171:4 (Baumann); PDX 7.

The Government's marks on the defaced demonstrative reflect totally different assumptions. First, the Government asked Mr. Baumann to assume that WE had to reserve space in the permanent spent fuel racks to accommodate a full core offload. Tr. 236:2-4 (Baumann). Second, the Government asked Mr. Baumann to assume that 34 spaces in the Point Beach pool were not available. Tr. 236:8-14 (Baumann). Mr. Baumann expressly disagreed with the Government's assumptions, but provided answers responding to the Government's requests for an arithmetic calculation subtracting these numbers from the 1500 total. Tr. 237:1-239:9 (Baumann) ("The 34 spaces could be recovered, and the 121 isn't a regulatory requirement.")

The Government is now attempting to use Mr. Baumann's arithmetic calculations and the defaced demonstrative to buttress the Government's false arguments about WE's "perceptions" of its SNF storage needs. Def. Mot. to Suppl. Tr. Rec. at 2. The Government has cited the defaced demonstrative and related testimony for the bogus contention that WE "perceived" that it was somehow required to build dry storage to accommodate full core reserve in 1995. Def. Post-Tr. Brief at 24. Yet, Mr. Baumann testified precisely the opposite – that full core offload capability was not a requirement, and that WE could have operated to

1998 or beyond with its existing capacity. Tr. 166:9-171:4; 209:14-20; 239:8-9 (Baumann); PDX 7.[2]

The Government's labeling of the defaced demonstrative clearly will confuse the record. The Government omitted the defaced demonstrative from any Government proposed finding of fact or response to any WE proposed finding of fact. As discussed, the Government only used the defaced demonstrative to create a misimpression regarding Mr. Baumann's testimony. To the extent the government uses the defaced demonstrative, it must be identified as a DDX to make clear that the assumptions in the document are from the Government – *not* WE.

Further, the Government's insistence on calling the defaced demonstrative anything other than a DDX is not warranted by the procedural record. The Government was on notice for months that WE had followed the Court's direction and submitted a re-written and therefore non-defaced PDX 7 before raising this issue. The burden is on the Government to comply with the Court's direction without confusing the record to WE's detriment months after the record should have been settled.

As WE mentioned in its communications to the Government, WE would not oppose the government's inclusion of the defaced demonstrative on a Government DDX list. WE has filed its own index and restates the position set forth in its pending Motion to Amend the Cumulative Index that a complete index of WE's exhibits be entered on the record.

[2] Moreover, the record at trial established that WE could have used alternative measures such as a cask pit rack to preserve full core reserve until DOE began removing WE's SNF. PFF 182-211.

## III. CONCLUSION

For the foregoing reasons, WE respectfully requests that the Court deny the Government's motion to label the defaced demonstrative as a plaintiff's demonstrative. WE does not oppose its identification as a defendant's demonstrative.

Dated: April 28, 2008

Respectfully submitted,

s/ Richard W. Oehler by s/Emily C.C. Poulin
Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8419

Attorneys for Plaintiff
WISCONSIN ELECTRIC POWER COMPANY

Of Counsel:

Donald J. Carney
Perkins Coie LLP
607 Fourteenth Street, N.W.
Washington, D.C. 20005
(202) 434-1675

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that, on April 28, 2008, I caused a copy of the foregoing "Plaintiff's Opposition to Defendant's Motion To Supplement the Record" to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Emily C.C. Poulin
Emily C.C. Poulin

# EXHIBIT A

Perkins Coie

607 Fourteenth Street N.W.
Washington, D.C. 20005-2011
PHONE: 202.628.6600
FAX: 202.434.1690
www.perkinscoie.com

Emily C.C. Poulin
PHONE: (202) 434-1634
FAX: (202) 654-9107
EMAIL: EPoulin@perkinscoie.com

November 5, 2007

**BY HAND DELIVERY**

Russell A. Shultis
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530

**Re: Wisconsin Electric v. United States, No. 00-697C**

Dear Russ:

Please find enclosed a binder set of demonstrative exhibits that Wisconsin Electric Power Company used at trial.

Please contact me if you have any questions.

Sincerely,

Emily C.C. Poulin

cc: Catherine Phillips
Richard W. Oehler

28795-0001/LEGAL13705707.1

**EXHIBIT B**

| | | EOY |
|---|---|---|
| AUG 1994 | 1,277 FA | — |
| FALL 1994 | 28 FA | 1,305 FA |
| SPRING 1995 | 28 FA | — |
| FALL 1995 | 28 FA | 1,361 FA |
| SPRING 1996 | 28 FA | — |
| FALL 1996 | 28 FA | 1,417 FA |
| SPRING 1997 | 28 FA | — |
| FALL 1997 | 28 FA | 1,473 FA |
| SPRING 1998 | 28 FA | 1,501 FA |

Wisconsin Electric
00-697C
P DEM 0007
(rewritten with Court's permission)

# EXHIBIT C

Perkins Coie

607 Fourteenth Street N.W.
Washington, D.C. 20005-2011
PHONE: 202.628.6600
FAX: 202.434.1690
www.perkinscoie.com

Richard W. Oehler
PHONE: (206) 359-8419
FAX: (206) 359-9419
EMAIL: ROehler@perkinscoie.com

February 25, 2008

**BY HAND DELIVERY**

Sharon A. Snyder
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530

**Re: Wisconsin Electric v. United States, No. 00-697C**

Dear Sharon:

We received and reviewed Defendant's Response to Plaintiff's Motion to Amend the Cumulative Index. The response states that "defendant has submitted its own index for defendant's demonstrative exhibits." Please inform us what index the Government is referring to and whether that index has been submitted to the Court. In addition, please forward to us a copy of the index.

In response to your February 20, 2008 letter, we enclose the original Plaintiff's Demonstrative Exhibit ("PDX") 7 that Government counsel defaced during trial.

We object strongly to any suggestion in your letter that Wisconsin Electric ("WE") somehow acted improperly with regard to its handling of the original PDX 7. The Government should have known that WE retained the original PDX 7. The Government has had since the close of trial on October 16, 2007 to request this demonstrative, but failed to do so until your recent letter.

Further, on November 5, 2007, WE provided to the Government a full set of the demonstratives that WE submitted to the court reporter to accompany the record. (The

letter is attached.) Review of that submission by the Government would have alerted it to the fact that WE submitted a clean version of PDX 7 to the court reporter. As WE made clear at trial on several occasions, its intent was to submit a clean version of this demonstrative to accompany the record as PDX 7. The Court permitted WE to submit a clean version of the PDX 7. Moreover, the trial transcript is consistent with our understanding that, if the Government wanted the defaced demonstrative to accompany the record as a Government Demonstrative Exhibit, it was incumbent on the Government to take the appropriate action to do so. Tr. 6409:6-6410:2 (October 16, 2007).

Very truly yours,

Richard W. Oehler by Emily A. Poulin

Richard W. Oehler

cc: Catherine Phillips
Donald J. Carney

Perkins Coie

607 Fourteenth Street N.W.
Washington, D.C. 20005-2011
PHONE: 202.628.6600
FAX: 202.434.1690
www.perkinscoie.com

Emily C.C. Poulin
PHONE: (202) 434-1634
FAX: (202) 654-9107
EMAIL: EPoulin@perkinscoie.com

November 5, 2007

**BY HAND DELIVERY**

Russell A. Shultis
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530

**Re: Wisconsin Electric v. United States, No. 00-697C**

Dear Russ:

Please find enclosed a binder set of demonstrative exhibits that Wisconsin Electric Power Company used at trial.

Please contact me if you have any questions.

Sincerely,

Emily C.C. Poulin

cc: Catherine Phillips
Richard W. Oehler

28795-0001/LEGAL13705707.1

**EXHIBIT D**

**From:** Poulin, Emily (Perkins Coie)
**Sent:** Tuesday, April 22, 2008 12:38 PM
**To:** Snyder, Sharon (CIV)
**Cc:** Oehler, Richard W. (Perkins Coie); Carney, Donald (Perkins Coie)
**Subject:** Wisconsin Electric: Demonstrative

Sharon,

Wisconsin Electric ("WE") responds to your call yesterday with the following:

- WE opposes any Government motion to label defaced PDX-7 as anything other than a DDX. The writing that defaced the demonstrative was authored by a Government attorney.

- If the Government wants to add defaced PDX-7 to its index of Government demonstratives, like WE, the Government should file a motion to amend the cumulative index.

- WE won't oppose a Government motion to amend the cumulative index to add defaced PDX-7 as a DDX provided that the Government restates its nonopposition to WE's February 1, 2008 motion to amend the cumulative index.

Sincerely,

Emily Poulin

**Emily C.C. Poulin** | **Perkins Coie LLP**
607 14th Street, N.W.
Washington, DC 20005
PHONE: 202.434.1634
FAX: 202.654.9107
E-MAIL: epoulin@perkinscoie.com