IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00-697C |
| | ) | (Senior Judge Merow) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR A TELEPHONIC STATUS CONFERENCE AND FOR AN ENLARGEMENT OF TIME

Defendant, the United States, respectfully requests that the Court schedule a telephonic status conference to discuss further proceedings in this case. Defendant further requests that the Court enlarge the time for the Government to file the supplemental brief required by its order of August 7, 2008 (which requires the Government to file a supplemental brief with the Court by August 18, 2008) and to defer the closing argument in this case (currently scheduled for August 22, 2008) pending the parties' discussion with the Court during the requested telephonic status conference. Counsel for plaintiff has represented that plaintiff, Wisconsin Electric Power Company ("WEPCO"), opposes the Government's enlargement requests.

When discussing with counsel for WEPCO the timing of the supplemental briefing that the Court has requested, counsel for defendant learned of WEPCO's intention to present new evidence to the Court at the closing argument in this case that was not a part of the trial record. Specifically, counsel for defendant was informed that WEPCO intended to provide the Court with additional expert analysis as part of its closing argument, in response to the recent decisions by the United States Court of Appeals for the Federal Circuit in Yankee Atomic Electric Co. v.

United States, Nos. 08-5025, -5026, -5027 (Fed. Cir. Aug. 7, 2008), and Pacific Gas & Electric Co. v. United States, No. 08-5046 (Fed. Cir. Aug. 7, 2008).

As WEPCO acknowledged in its post-trial reply brief, WEPCO did not argue for a rate of acceptance in its trial presentation in this case. WEPCO Reply Brief at 62. Yet, as the Court is aware, the Federal Circuit in Pacific Gas set forth a specific means by which this Court is to evaluate causation, which includes the plaintiff's obligation to identify the specific activities in which it would have engaged and costs that it would have incurred had the Department of Energy timely performed at a rate of spent nuclear fuel acceptance that the Federal Circuit identified. WEPCO apparently believes that it can simply supplement the record in this case – following a trial that lasted approximately five weeks during which it presented no evidence to support any such analysis – by handing the Court new expert reports at closing arguments. That type of trial supplementation by surprise is inappropriate.

We believe it appropriate to discuss this issue with the Court well in advance of the closing argument. As an initial matter, we strongly disagree with WEPCO that it is permitted to supplement the trial record in the manner that it proposes. WEPCO elected to present its case in a particular manner and, having made that election, has no basis upon which to supplement that record now. Further, were the Court inclined to permit WEPCO to supplement the record now with new expert analyses, WEPCO should not be allowed simply to distribute new analyses at closing arguments in this case without any opportunity by the Government to respond to them, potentially with its own analyses and evidence. Such a response might possibly entail additional discovery from WEPCO, as well as, possibly, renewed trial proceedings. Because the trial

record in this case closed long ago, with post-trial briefing having been completed, any supplementation now is simply unwarranted.

Rather than engaging in extensive briefing on this issue, we believe that it would be useful for the parties to have a short telephonic status conference with the Court to discuss this matter, so that the Court may identify an appropriate means of proceeding. To the extent that the Court expects to decide this case on the basis of the existing record, it is appropriate for the parties to know that fact before closing arguments in this case so that they can prepare those arguments in light of the existing evidence. To the extent that the Court elects to allow WEPCO to supplement the trial record here, the Government should know that the Court intends to allow supplementation prior to closing arguments, and, further, the Court should provide the Government with an adequate opportunity to receive any record supplementation from WEPCO well in advance of the closing and to engage in any necessary discovery and/or responsive expert analysis that it might deem appropriate after reviewing that supplementation.

For these reasons, we request that the Court schedule and conduct a telephonic status conference to discuss this issue before it requires the parties to file supplemental briefing in this case, given that our supplemental briefing will focus upon the evidence that exists in this case. Further, the Government requests that the Court postpone closing argument until the parties determine what, if any, additional work may be necessary.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN LO RE
Senior Trial Counsel

STEPHEN FINN
SONIA M. ORFIELD
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-9640
Fax: (202) 307-2503

August 14, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on August 14, 2008, a copy of this "DEFENDANT'S MOTION FOR A TELEPHONIC STATUS CONFERENCE AND FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sharon A. Snyder