# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WISCONSIN ELECTRIC POWER COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 00-697C<br>(Senior Judge Merow) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COORDINATE DISCOVERY AND DEVELOP A LITIGATION PLAN FOR THE SPENT NUCLEAR FUEL CASES

On August 21, 2008, the Government filed a Motion to Coordinate Discovery And Develop A Litigation Plan For The Spent Nuclear Fuel Cases ("Motion to Coordinate"). The Government's motion does not state whether the Government believes that the motion is applicable in this case or what relief, if any, it specifically requests in this case. Wisconsin Electric Power Company ("WE") opposes the Motion to Coordinate because it does not apply to WE's case.

Trial in this matter is concluded and extensive post-trial briefing has been conducted. WE does not believe that any further discovery or other proceedings are required in this case. The Government's Motion to Coordinate, when applied to WE's case, is illogical. Assuming that the acceptance rate specified in the recent Federal Circuit decisions has any impact on this case (which it does not), the impact of that rate would be specific to WE's circumstances. Thus, there is no need for discovery from DOE which is the underlying premise or concern of the Government's motion. Indeed, if the Court should decide to permit the Government to conduct further discovery in this case (which we think is highly unlikely), we would certainly expect such discovery to be specific to WE's damages claim and, therefore, be inappropriate for coordinated proceedings.

Moreover, the Court has already provided a limited opportunity in the post-trial schedule for the Government to request discovery in this case. On August 18, 2008, the Court ordered the parties to submit Supplemental Briefs by September 17, 2008 regarding the Federal Circuit's recent spent nuclear fuel decisions in *Yankee Atomic Electric Co. v. United States*, Nos. 07-5020, -5031(Fed. Cir. Aug. 7, 2008) ("*Yankee*") and *Pacific Gas & Electric Co. v. United States*, No. 07-5045 (Fed. Cir. Aug. 7, 2008) ("*PG&E*"). The Court further ordered that post-trial closing argument would take place on September 26, 2008. During a August 15, 2008 telephone conference, the Court indicated that the Government would have an opportunity to argue in its Supplemental Brief that further discovery or other proceedings are necessary. The issue of further discovery, coordinated or otherwise, should therefore be addressed by the parties in accordance with the Court's instructions during the August 15 telephone conference and in the August 18, 2008 Order.

The Motion to Coordinate fails to specify how the rate mandated in the *PG&E* case or the *Yankee* decision would require further discovery in this case. WE has shown that its damages are identical under the 1987 ACR rate and the substantial acceptance rate that WE established in this proceeding. See Plaintiff's Opposition to Defendant's Motion for Enlargement of Time (filed Aug. 14, 2008). Further, neither Federal Circuit decision impacts the factual evidence upon which this case will be decided. Rather, these decisions reinforce the legal bases under which WE seeks recovery as WE will explain in its Supplemental Brief.

The Government failed to provide evidence that even its now-discredited 900 MTU annual rate would have resulted in a reduction in WE's damages. The Government should not now be permitted another opportunity to pursue discovery in an attempt to rectify its inability to provide this evidence at trial.

For the foregoing reasons, the Court should deny the Government's Motion to Consolidate in this case.

Dated: September 8, 2008

Respectfully submitted,

s/ Richard W. Oehler by s/Jay L. Griffiths
Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8419

Attorneys for Plaintiff
WISCONSIN ELECTRIC POWER COMPANY

Of Counsel:

Donald J. Carney
Perkins Coie LLP
607 Fourteenth Street, N.W.
Washington, D.C. 20005
(202) 434-1675

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that, on September 8, 2008, I caused a copy of the foregoing "Plaintiff's Opposition To Defendant's Motion To Coordinate Discovery And Develop A Litigation Plan For The Spent Nuclear Fuel Cases" to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jay L. Griffiths
Jay L. Griffiths